**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| HY-KO PRODUCTS COMPANY, | ) | CASE NO.  5:08cv1961 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | CASE MANAGEMENT |
| HILLMAN GROUP, INC., | ) | CONFERENCE |
| | ) | SCHEDULING ORDER: |
| | ) | PATENT ACTION |
| DEFENDANT. | ) | |

DATE OF HEARING:  October 15, 2008 at 12:00 noon
LEAD COUNSEL, PARTIES AND ANYONE WITH SETTLEMENT AUTHORITY
MUST BE PRESENT

## I. CASE MANAGEMENT CONFERENCE

All counsel and parties will take notice that the above-entitled action has been set for a Case Management Conference ("CMC") on October 15, 2008 at 12:00 noon, United States Courthouse, 2 South Main Street, Akron, Ohio.  Participants should report directly to Chambers 526.

This Court requires the attendance of all parties and lead counsel. "Parties" means either the named individuals or, in the case of a corporation or similar legal entity, that person who is most familiar with the facts of the case.  "Parties" does not mean in-house counsel.

The Court believes that the CMC is of extraordinary importance and

expects counsel to be prepared with the factual predicate from the standpoint of counsel's client. The Court will specifically tailor the Case Management Plan to the particular case based on the information supplied at the CMC by counsel and parties. In addition, during the CMC, the Court will seriously explore settlement possibilities, with an eye toward resolving the case as early as possible. Therefore, persons with actual settlement authority are also required to attend the CMC.

The agenda for the CMC is set forth in Rule 16.3(b)(2) of the Local Rules of the United States District Court for the Northern District of Ohio ("LR").  In addition, the Court expects to set a trial date and a final pre-trial conference date at the CMC.

## II. **APPLICABLE RULES**

This case is governed by both the Local Rules of the United States District Court for the Northern District of Ohio and the Federal Rules of Civil Procedure.  All counsel and unrepresented parties therefore shall familiarize themselves with the Local and Federal Rules.

## III. **TRACK ASSIGNMENT**

This case is subject to the provisions of Differentiated Case Management ("DCM"), as set forth in the Local Rules.  The Court will evaluate this case in accordance with LR 16.2(a)(1) and assign it to one of the case management tracks described in LR 16.2(a)(2).  Each of the tracks (expedited, standard, complex, mass tort and administrative) has its own set of guidelines and timelines governing discovery, motion practice and trial.

Pursuant to LR 16.3(a), and subject to further discussion at the CMC, the Court recommends that this case be assigned to the Standard track.

## IV.  ELECTRONIC FILING

All attorneys are required to file electronically pursuant to modifications to the local civil and criminal rules.  The Court's electronic filing policy/procedure is available on the court's web site (www.ohnd.uscourts.gov) along with registration forms, training materials and tutorials.

## V.  DISCOVERY

### A.  Applicable Rules

Discovery shall be guided by LR 26.1, as well as all applicable Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  The parties shall begin discovery promptly and in most cases before the discovery conference mandated by Rule 26(f) of the Federal Rules of Civil Procedure.  The Court will consider the parties' compliance (or lack thereof) with this mandate when faced with discovery issues.

The parties shall determine whether there will be discovery of electronically stored information (ESI) [e-discovery].  If the parties anticipate any e-discovery, they must decide on a method for conducting such discovery or they must agree to abide by the default standard set forth in Appendix K to the Local Civil Rules.

### B.  Mandatory Disclosures

Fed. R. Civ. P. 26(a) mandates a series of required disclosures in lieu of discovery requests.  Only certain categories of proceedings, outlined in Rule 26(e)(1), are exempt from these initial disclosures. If a party wishes to object to the requirement of initial disclosures, it must do so as part of the planning meeting report described below in Section V.(E).

C. **<u>Filing of Discovery Materials</u>**

Unless otherwise ordered by the Court, initial disclosures, discovery depositions, interrogatories, requests for documents, requests for admissions and answers and responses thereto shall not be filed in this matter, except that relevant excerpts from discovery materials may be filed as evidence in support of or in opposition to a motion. Only relevant excerpts from deposition transcripts and other discovery materials (taken in context) shall be filed.  Deposition excerpts or relevant portions of other discovery materials offered in support of or opposition to a dispositive motion (*e.g.*, motion to dismiss or for summary judgment) are to be filed with the party's memorandum of law and attached as exhibits thereto, in accordance with all applicable rules.

D. **<u>Depositions</u>**

The Judges of the Northern District of Ohio have adopted LR 30.1, which governs the taking of depositions.  Counsel are expected to comply with the rule in its entirety.

E. **<u>Planning Meeting</u>**

Pursuant to LR 16.3(b)(3) and Fed. R. Civ. P. 26(f), counsel for all parties, as well as all unrepresented parties, are jointly responsible for arranging and participating in a planning meeting in preparation for the CMC.  Plaintiff shall initiate arranging for the meeting in a timely fashion.  A report of the planning meeting shall be jointly signed and filed with the Court not less than three (3) days before the CMC.  The report shall be in a form substantially similar to Attachment 1 to this Order.

## VI.  MOTIONS AND OTHER FILINGS

Motion practice shall be guided by LR 7.1, as well as all applicable Federal Rules of Civil Procedure.  A courtesy copy of each dispositive motion and supporting brief, brief in opposition thereto and reply brief in support thereof – including all exhibits and appendices thereto – shall be delivered to chambers no later than one (1) business day after it is filed.

All documents filed in this action, whether electronically or by other means, shall be presented in the following form:  all margins shall be at least one inch; the main text of all documents shall be at least 12-point, double-spaced non-condensed type ("non-condensed type" referring either to Times New Roman type or to another type that has no more than 80 characters to a line of text); footnotes and block quotations may be single-spaced; and footnotes may be in a different-size font, no smaller than a 10-point single-spaced type font.  Compliance with the foregoing requirements will be judged in comparison with the Court's own WordPerfect and Microsoft Word generated documents.  Both paper documents and electronically-filed documents when printed out will be held to this standard.  Nonconforming documents may be stricken, in the Court's discretion.

## VII. ATTORNEY FEES ITEMIZATION

In all cases in which it is anticipated that a party or parties will seek attorney fees pursuant to statutory or case-law authority, such party shall serve on opposing counsel and file with the Court at or before the CMC a preliminary estimate and/or budget of the amount of fees and expenses expected to be the subject of any such claim.  The estimate shall include, but not be limited to, the following:

| **ATTORNEY FEES** | | **COSTS** | |
|---|---|---|---|
| Preliminary Investigation and Filing Complaint | $_____ | Depositions | $_____ |
| Procedural Motions Practice | $_____ | Experts | $_____ |
| Discovery | $_____ | Witness Fees | $_____ |
| Dispositive Motions Practice | $_____ | Other | $_____ |
| Settlement Negotiations | $_____ | | |
| Trial | $_____ | | |
| **TOTAL FEES** | $_____ | **TOTAL COSTS** | $_____ |

## VIII.  CONSENT TO JURISDICTION OF MAGISTRATE JUDGE

Magistrate Judge Gallas has been assigned to assist in this case. The parties are encouraged to discuss and consider consenting to the jurisdiction of the Magistrate Judge. A form reflecting the parties' consent, if any, to the Magistrate Judge's jurisdiction is provided with this Order.

## IX.  RESOLUTION BEFORE CMC

If this case is resolved before the CMC, the parties shall submit a stipulation of settlement and dismissal, or otherwise notify the Court that such a stipulation is in process by contacting the Court's Courtroom Deputy Clerk at 330-252-6060.

**IT IS SO ORDERED**.

Dated: September 10, 2008

                                                  **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**

# ATTACHMENT 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| , ) | CASE NO. 0:00CV0000 | |
| ) | | |
| PLAINTIFFS, ) | JUDGE SARA LIOI | |
| ) | | |
| vs. ) | | |
| ) | ORDER | |
| , ) | | |
| ) | REPORT OF PARTIES' PLANNING | |
| ) | MEETING UNDER FED. R. CIV. P. | |
| DEFENDANTS. ) | 26(f) AND LR 16.3(b)(3) | |

1. Pursuant to Fed. R. Civ. P. 26(f) and LR 16.3(b)(3), a meeting was held on [**DATE**] and was attended by: [**LIST ALL COUNSEL AND/OR UNREPRESENTED PARTIES ATTENDING**].

2. Lead counsel for plaintiff(s) is:

    Lead counsel for defendant(s) is:

3. The parties: have not been required to make initial disclosures/have exchanged the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) and the Court's prior order(s).

4. The parties recommend the following track: (Expedited/Standard/Administrative/ Complex/Mass Tort).

5. This case is suitable for one or more of the following Alternative Dispute Resolution ("ADR") mechanisms: (Early Neutral Evaluation/Mediation/

    Arbitration/Summary Jury Trial/Summary Bench Trial/Case Not Suitable for ADR).

6. The parties do/do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

7. Briefly describe the subject of the litigation:

8. Claims construction issues:

    (a) Recommended date for plaintiff to submit to defendant a claims construction chart:

    (b) Recommended date for defendant to respond in writing to plaintiff's claims construction chart:

    (c) Recommended date for the parties to file with the Court a joint claims construction chart:

    (d) Recommended date for the parties to file with the Court simultaneous briefs regarding any disputed claims construction issues:

    (e) Recommended date for the Court to conduct a claims construction hearing:

    (f) Recommended areas of discovery to be stayed until after completion of the claims construction hearing (*e.g.*, damages, willfulness, inequitable conduct):

9. Recommended cut-off date for amending the pleadings and/or adding additional parties:

10. Recommended Discovery Plan:

    (a) Describe the subjects on which discovery is to be sought and the nature and extent of discovery.

    (b) Non-Expert discovery cut-off date:

    (c)      Electronic discovery – The parties (select one):

        \_\_\_\_\_ agree that there will be no discovery of electronically-stored information; or

        \_\_\_\_\_ have agreed to a method for conducting discovery of electronically-stored information; or

        \_\_\_\_\_ have agreed to follow the default standard for discovery of electronically-stored information (Appendix K to N.D. Ohio Local Rules)

    (d)      Defendant's deadline for disclosing in writing to plaintiff all prior art that defendant claims invalidates any claim of the patent in suit:

    (e)      Proposed deadline for party bearing the burden of proof on infringement, damages and validity, respectively, to identify expert(s) and provide report(s) to opposing counsel:

    (f)      Proposed deadline for identifying expert(s) and providing responsive report(s) on infringement, damages and validity, respectively:

    (g)      Expert discovery cut-off date:

11. Recommended Dispositive Motion Plan:

    (a)      Dispositive motion due date:

    (b)      Opposition to dispositive motion due date:

    (c)      Replies in support of dispositive motion due date:

12. Recommended deadline for defendant to notify plaintiff whether it will assert an advice-of-counsel defense to allegations of willful infringement:

13. Recommended date for a status hearing:

14. Recommended date for a final pre-trial conference:

15. Recommended trial date:

16. Other matters for the attention of the Court:

[Signature Block for participating attorneys/parties]