IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HY-KO PRODUCTS COMPANY, | ) | Civil Action No. 5:08cv1961(Lioi) |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE LIOI |
| vs. | ) | |
| | ) | |
| THE HILLMAN GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY OF HY-KO PRODUCTS COMPANY TO THE
COUNTERCLAIM OF THE HILLMAN GROUP INC.**

Hy-Ko Products Company ("Hy-Ko"), for its Reply to the Counterclaim of The Hillman

Group, Inc. ("Hillman"), states as follows:

<u>**THE PARTIES**</u>

1.       Hy-Ko admits, upon information and belief, that Hillman is a Delaware

corporation having its principal place of business at 10590 Hamilton Avenue, Cincinnati, OH

45231.

2.       Hy-Ko admits that it is a company organized and existing under the laws of Ohio,

and that it has its principal place of business at 60 Meadow Lane, Northfield, OH  44067.

## NATURE OF THE ACTION

3.      Hy-Ko denies the allegations of paragraph 3 of the Counterclaim because they constitute legal conclusions.  To the extent an answer may be required, Hy-Ko denies the allegations.

## JURISDICTION AND VENUE

4.      Hy-Ko admits the allegations of paragraph 4.

5.      Hy-Ko admits the allegations of paragraph 5.

6.      Hy-Ko admits the allegations of paragraph 6.

### Count I

### Claim for Infringement of U.S. Patent No. 7,114,894

7.      Hy-Ko states that paragraph 7 of the Counterclaim contains no allegations requiring an answer.  To the extent an answer is required, Hy-Ko denies the allegations of paragraph 7 of the Counterclaim.

8.      Hy-Ko admits that the United States Patent and Trademark Office ("USPTO") issued U.S. patent number 7,114,894 ("the '894 patent"), entitled "Key Cutting Machine and Method," naming inventors Michael A. Mueller and Warren W. Stansberry, on October 3, 2006. Hy-Ko denies the remaining allegations of paragraph 8 of the Counterclaim.

9.      Hy-Ko admits that the USPTO on-line database purports to identify Hillman as the assignee of the '894 patent.  Hy-Ko denies the remaining allegations of paragraph 9 of the Counterclaim.

2

10. Hy-Ko admits that it has placed at least one key cutting device in at least one Wal-Mart retail store. Hy-Ko is without sufficient knowledge to affirm or deny that at least one key cutting device provided to at least one Wal-Mart retail store bears Model No. KZA-100 and Serial No. 00013. Hy-Ko denies the remaining allegations of paragraph 10 of the Counterclaim.

11. Hy-Ko admits that Hillman provided Hy-Ko with an alleged explanation of the alleged infringement of the '894 Patent. Hy-Ko denies the remaining allegations of paragraph 11 of the Counterclaim.

12. Hy-Ko denies the allegations of paragraph 12 of the Counterclaim.

13. Hy-Ko denies the allegations of paragraph 13 of the Counterclaim.

14. Hy-Ko denies all other allegations in the counterclaims that are not otherwise expressly admitted herein to be true.

15. Respecting Hillman's Prayer for Relief, Hy-Ko denies that Hillman is entitled to any form of relief in connection with its Counterclaim.

## AFFIRMATIVE DEFENSES

16. Hy-Ko asserts the affirmative defense of no direct infringement. Neither does Hy-Ko contribute to the infringement of, or induce others to infringe, the '894 patent.

17. Hy-Ko asserts the affirmative defense that the '894 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 102, 103, and 112.

18. Hillman is estopped from enforcing the validity of the '894 patent.

19.     Hy-Ko reserves the right to assert any further defenses, including affirmative defenses, as they become known through the course of time, discovery, or any other events related or not to this litigation.


Dated:   September 29, 2008                    Respectfully Submitted,

                                               s/ Steven S. Kaufman
                                               STEVEN S. KAUFMAN (0016662)
                                               *Steven.Kaufman@ThompsonHine.com*
                                               O. JUDSON SCHEAF, III (0040285)
                                               *Judson.Scheaf@ThompsonHine.com*
                                               MEGAN D. DORTENZO (0079047)
                                               *Megan.Dortenzo@ThompsonHine.com*
                                               GARY L. WALTERS (0071572)
                                               *Gary.Walters@ThompsonHine.com*
                                               Thompson Hine LLP
                                               3900 Key Center
                                               127 Public Square
                                               Cleveland, Ohio  44114
                                               (216) 566-5500
                                               (216) 566-5800 (Facsimile)

                                               *Attorneys for Plaintiff Hy-Ko Products
                                               Company*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was electronically filed on September 29, 2008.  A copy of the same will be served on counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.

s/  Steven S. Kaufman

*One of the Attorneys for Hy-Ko Products Company*