IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HY-KO PRODUCTS COMPANY, | ) | CASE NO. 5:08cv1961 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | MAGISTRATE JUDGE GALLAS |
| v. | ) | |
| | ) | |
| THE HILLMAN GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S PRELIMINARY ESTIMATE FOR ATTORNEY FEES**

Defendant The Hillman Group, Inc. ("Hillman") is seeking attorney fees in the instant action based on the willful nature of Plaintiff Hy-Ko Corporation's ("Hy-Ko's") infringement of U.S. Patent No. 7,114,894 owned by Hillman.  More than a year ago, in a letter addressed to the president of Hy-Ko dated November 9, 2007, Hillman set forth a detailed analysis for the basis of Hillman's belief that Hy-Ko is infringing Hillman's patent.  (See Exhibit B to Hy-Ko's Complaint).  The November 9, 2007 letter included a claim chart that explained, in depth, the reasons why Hy-Ko's devices are infringing Hillman's patent.  The November 9, 2007 letter also requested that Hy-Ko either "cease all activities pertaining to the infringing product," or "provide a comprehensive explanation" as to why Hy-Ko is not infringing.  Hy-Ko merely stated in two letters to Hillman that it will provide Hillman "a substantive response as soon as possible."  (See Exhibits C & E to Hy-Ko's Complaint).  One year later, Hy-Ko has yet to respond to Hillman with a single reason why its devices are not infringing Hillman's patent.  Hy-Ko's non-responsiveness demonstrates its willful disregard of Hillman's patent.

Pursuant to 35 U.S.C. § 285, a court may award reasonable attorney fees in exceptional cases.  As observed by the Federal Circuit, "[d]istrict courts have tended to award attorney fees when willful infringement has been proven, and this court has uniformly upheld such awards." *S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 200 (Fed. Cir. 1986); *see also*, *Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1373-74 (Fed. Cir. 2006) (affirming district court's finding of willful infringement and award of attorney fees).  Thus, attorney fees are awarded in cases finding willful infringement under 35 U.S.C. § 285.

Hy-Ko's conduct in the instant action compels a finding of willful infringement.  Rather than respond to Hillman's requests, Hy-Ko employed dilatory tactics similar to the accused infringer in *Golden Blount*.  In *Golden Blount*, the Federal Circuit affirmed a finding that an accused infringer willfully induced and contributed to the infringement, and affirmed an award of attorney fees, where the accused infringer, after having actual notice by the patentee of the asserted patent and specific charge of infringement, continued selling the accused products. *Golden Blount*, 438 F.3d at 1365-74.  Similar to Hy-Ko in the instant action, the accused infringer in *Golden Blount* assured the patentee that it would "try to get back to [the patentee regarding its reasons for non-infringement] as soon as possible," and the accused infringer never did. *Id.* at 1365.  In affirming the district court's finding of willfulness, the Federal Circuit found that "the district court did not clearly err in inferring that [the accused infringer] demonstrated a cavalier attitude toward [the patentee's] patent rights from the facts that [the accused infringer] did not respond substantively to [the patentee's] notice letters." *Id.* at 1370.  Based on the district court's judgment of willful infringement, the Federal Circuit affirmed the award of attorney fees. *Id.* at 1374.

In addition to awarding attorney fees, pursuant to 35 U.S.C. § 284, the Federal Circuit has affirmed awards of treble damages in cases featuring willful infringement.  For example, the Federal Circuit affirmed the district court's finding of willful infringement and award of treble damages, where the infringer knew of the patent and the possibility of infringement.  *SRI Intern., Inc. v. Advanced Technology Laboratories, Inc.*, 127 F.3d 1462, 1465–69 (Fed. Cir. 1997).  In affirming the treble damages award, the Federal Circuit stated that "[w]hen willful infringement or bad faith has been found, the remedy of enhancement of damages not only serves its primary punitive/deterrent role, but in so doing it has the secondary benefit of quantifying the equities as between patentee and infringer."  *Id.* at 1468.  Here, Hy-Ko knew of Hillman's patent, was directly put on notice of infringement, and has continued its infringing activity without explanation.  These facts support an enhancement of damages under 35 U.S.C. § 284.

Accordingly, pursuant to the Court's Case Management Conference Scheduling Order dated September 10, 2008, Hillman hereby provides a preliminary estimate and/or budget of the amount of fees and expenses expected to be the subject of Hillman's anticipated claim for attorney fees.  The estimate includes the following:

| **ATTORNEY FEES** | | **COSTS** | |
|---|---|---|---|
| Preliminary Investigation and Filing Complaint | $  75,000 | Depositions | $   80,000 |
| Procedural Motions Practice | $         0 | Experts | $ 100,000 |
| Discovery | $ 800,000 | Witness Fees | $        0 |
| Dispositive Motions Practice | $ 100,000 | Other (Consultants) | $   50,000 |
| Settlement Negotiations | $   10,000 | | |
| Trial | $ 400,000 | | |
| **TOTAL FEES** | **$ 1,385,000** | **TOTAL COSTS** | **$ 230,000** |

Dated:  November 11, 2008                    Respectfully submitted,

*/s/ Daniel F. Gourash*
Daniel F. Gourash (0032413)
Seeley, Savidge, Ebert & Gourash Co., LPA
26600 Detroit Road
Cleveland, Ohio 44145-2397
tel: 216.566.8200
fax: 216.566.0213
dfgourash@sseg-law.com

and

Christopher P. Isaac, Esq. (VA Bar No. 27801)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675
tel:  571.203.2700
fax:  202.408.4400

*Attorneys for Defendant*
*The Hillman Group, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 11th 2008, a true and correct copy of the foregoing

document captioned DEFENDANT'S PRELIMINARY ESTIMATE FOR ATTORNEY FEES

was electronically filed.  Notice of this filing will be sent by operation of the Court's electronic

filing system.  Parties may access this filing through the Court's system.


*/s/ Daniel F. Gourash*
One of the Attorneys for Defendant The Hillman
Group, Inc.