IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HY-KO PRODUCTS COMPANY, ) | Civil Action No. 5:08cv1961 (Lioi) |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE LIOI |
| vs. ) | |
| ) | **HY-KO PRODUCTS COMPANY'S** |
| ) | **ESTIMATE OF ATTORNEYS' FEES** |
| THE HILLMAN GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

Plaintiff Hy-Ko Products Company's ("Hy-Ko"), pursuant to the Court's Case Management Conference Scheduling Order of September 10, 2008, provides its estimate of attorneys' fees sought in this action. Hy-Ko is entitled to attorneys' fees under the "exceptional case" provision of 35 U.S.C. § 285.

Among the types of conduct which can form a basis for finding a case exceptional are willful infringement, inequitable conduct before the P.T.O., misconduct during litigation, vexatious or unjustified litigation, and the bringing of a frivolous suit. *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989). In the present case, Hillman pursues its threat of infringement against Hy-Ko for the improper purpose of gaining an unlawful and unfair advantage in the marketplace. In addition, Hillman knows or should know that it accuses Hy-Ko of infringing an invalid patent, and accordingly, Hy-Ko further reserves the right to amend its declaratory judgment Complaint to assert a claim of inequitable conduct.

Moreover, in *Machinery Corporation of America v. Gullfiber AB*, 774 F.2d 467, 227 USPQ 368 (Fed. Cir. 1985), the Federal Circuit held that when a declaratory judgment action is brought against a patentee by an erroneously accused infringer, a court may consider whether the

patentee's threats were in good faith under 35 U.S.C. § 285. Preceding the present action, Hillman accused Hy-Ko of infringement of its '894 Patent in multiple letters, threatened and then filed an action in Arizona more than 2,000 miles from Hy-Ko's place of business where the district court held personal jurisdiction lacking, and now persists in asserting in this action that Hy-Ko's actions are *willfully* infringing. Hillman's prosecution of this case is without a good faith basis in fact or law, and thus Hillman's misconduct satisfies the "exceptional case" standard of 35 U.S.C. § 285.

Accordingly, Hy-Ko seeks attorneys' fees in the below estimated amount:

| ATTORNEY FEES | COSTS |
|---|---|
| Preliminary Investigation and Filing Complaint   $100,000 | Depositions $40,000 |
| Procedural Motions Practice $ None Anticipated | Experts $125,000 |
| Discovery   $850,000 | Witness Fees $ 1,000 |
| Dispositive Motions Practice   $100,000 | Other $60,000 |
| Settlement Negotiations   $20,000 | |
| Trial   $600,000 | |
| **TOTAL FEES: $1,670,000** | **TOTAL COSTS: $226,000** |

Respectfully Submitted,

/s/ Gary L. Walters
STEVEN S. KAUFMAN (0016662)
*Steven.Kaufman@ThompsonHine.com*
O. JUDSON SCHEAF, III (0040285)
*Judson.Scheaf@ThompsonHine.com*
MEGAN D. DORTENZO (0079047)
*Megan.Dortenzo@ThompsonHine.com*
GARY L. WALTERS (0071572)
*Gary.Walters@ThompsonHine.com*
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, Ohio  44114
(216) 566-5500
(216) 566-5800 (Facsimile)
*Attorneys for Plaintiff Hy-Ko Products Company*

2

3

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was electronically filed on November 12, 2008. A copy of the same will be served on counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

/s/ Gary L. Walters
*One of the Attorneys for Hy-Ko Products Company*