IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HY-KO PRODUCTS COMPANY, | ) | Civil Action No. 5:08cv1961(Dowd) |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DOWD |
| vs. | ) | |
| | ) | |
| THE HILLMAN GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR LEAVE TO AMEND COMPLAINT *INSTANTER*

Hy-Ko Products Company ("Hy-Ko") seeks leave to amend its Complaint to add Aurora Properties Holding Company, LLC ("Aurora Properties") as a plaintiff to the present action. Hy-Ko brought this declaratory judgment action as a result of The Hillman Group, Inc.'s ("Hillman") infringement action brought against Hy-Ko in Arizona, which was ultimately dismissed for want of personal jurisdiction. The reason for adding Aurora Properties now is that it owns 116 key-cutting machines used and operated by Hy-Ko, which are virtually all of the machines Hillman accuses of infringing its '894 Patent. Aurora Properties' interests in this matter are precisely aligned with Hy-Ko's interests.[1] Adding Aurora Properties as a party plaintiff to the above-captioned action will bring all parties with an interest in the accused devices into the litigation at an early stage without causing interruption or delay to events set forth in the Court's present Scheduling Order.

---

[1] Aurora Properties is wholly owned by Hy-Ko's Chief Executive Officer and Chief Operating Officer. The undersigned counsel represent both Hy-Ko and Aurora Properties in this action; Aurora Properties concurs with its addition as a party plaintiff in this action.

Pursuant to Fed. R. Civ. P. 15(a), Hy-Ko thus respectfully moves this Court for leave to amend its Complaint[2]. The First Amended Complaint does not allege additional facts beyond ownership of the accused devices. Moreover, the First Amended Complaint will not cause the parties to repeat any discovery that has been undertaken, and no prejudice will be suffered by Hillman.

Rule 15(a) provides that "leave shall be freely given when justice so requires." In *Perkins v. American Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001), the Sixth Circuit listed several factors to consider in order to decide whether to allow an amendment: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." None of the factors enumerated by the Sixth Circuit weigh against amendment in this case.

Again, Hillman will not be prejudiced if the Court grants Hy-Ko's leave to amend. As of the date of the filing of this motion, written discovery proceedings have just begun, and no depositions have been taken. The end of fact discovery is still approximately six months away. Moreover, to Hy-Ko's belief, no discovery will have to be repeated as the result of this requested amendment, as Hillman has already inquired about Aurora Properties in its written discovery.

---

[2] Hy-Ko Products Company's First Amended Complaint is attached hereto.

For the above reasons, plaintiff Hy-Ko respectfully requests that the Court grant it leave to amend its Complaint *instanter*.

Respectfully submitted,

/s/ Gary L. Walters
STEVEN S. KAUFMAN (0016662)
*Steven.Kaufman@ThompsonHine.com*
O. JUDSON SCHEAF, III (0040285)
*Judson.Scheaf@ThompsonHine.com*
MEGAN D. DORTENZO (0079047)
*Megan.Dortenzo@ThompsonHine.com*
GARY L. WALTERS (0071572)
*Gary.Walters@ThompsonHine.com*
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
(216) 566-5500
(216) 566-5800 (Facsimile)

*Attorneys for Plaintiff Hy-Ko Products Company*

## CERTIFICATE OF SERVICE

A copy of the foregoing *Plaintiff Hy-Ko Products Company's Motion for Leave to Amend Complaint Instanter* was filed electronically this 28th day of January, 2009. Parties will receive notice through the Court's electronic filing system.

/s/ Gary L. Walters
One of the Attorneys for Plaintiff
Hy-Ko Products Company