IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HY-KO PRODUCTS COMPANY<br>60 Meadow Lane<br>Northfield, Ohio 44067<br><br>and<br><br>AURORA PROPERTIES HOLDING<br>COMPANY, LLC<br>60 Meadow Lane<br>Northfield, Ohio 44067<br><br>    Plaintiffs,<br><br>vs.<br><br>THE HILLMAN GROUP, INC.<br>c/o CT Corporation<br>1300 E. Ninth Street<br>Cleveland, Ohio 44114<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.<br>_____<br><br><br>JUDGE: _____<br><br><br>**COMPLAINT FOR<br>DECLARATORY JUDGMENT<br>OF NONINFRINGEMENT,<br>INVALIDITY, AND<br>UNENFORCEABILITY OF<br>PATENT NO. 7,114,894**<br><br><u>JURY TRIAL DEMANDED</u> |

## COMPLAINT

Hy-Ko Products Company ("Hy-Ko") and Aurora Properties Holding Company, LLC ("Aurora Properties"), by and through their undersigned attorneys, for their Complaint against The Hillman Group, Inc. ("Hillman") allege based on personal belief and knowledge as to themselves and on information and belief as to the conduct of Hillman, as follows:

## THE PARTIES

1. Hy-Ko is a corporation organized and existing under the laws of the State of Ohio and has its principal place of business at 60 Meadow Lane, Northfield, OH 44067.

2. Aurora Properties Holding Company, LLC is a Limited Liability Company organized and existing under the laws of the State of Ohio and has its principal place of business at 60 Meadow Lane, Northfield, OH 44067.[1]

3. On information and belief, Hillman is a Delaware corporation having its corporate offices at 10590 Hamilton Avenue, Cincinnati, OH 45231.

4. Hillman purports to own U.S. Patent No. 7,114,894 ("the '894 patent"), an accurate copy of which is attached as Exhibit A and incorporated herein.

## NATURE OF THE ACTION

5. This is an action seeking a declaratory judgment that Hy-Ko does not infringe any valid, enforceable claim of the '894 patent, and that the '894 patent is invalid.

---

[1] Hereinafter wherever "Hy-Ko" is used, "Aurora Properties" is intended as well.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that they are claims arising under an Act of Congress relating to patents, and pursuant to the United States Patent Act, 35 U.S.C. § 1, *et seq.*

7. This Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because this is a case of actual controversy within the Court's jurisdiction, seeking a declaratory judgment that the Hillman patent is invalid, not infringed and unenforceable.

8. The Court has personal jurisdiction over Hillman because it has substantial, continuous, and systematic contacts with this judicial district.

9. Venue in this Court is proper pursuant to 28 U.S.C. 1391(b) because, among other reasons, a substantial part of the events giving rise to claim occurred in this judicial district.

## ACTUAL CONTROVERSY

10. Hy-Ko Products Company was founded in 1949 and is a premier supplier of numbers, letters, signs, keys and accessories to the retail marketplace, including supplying and servicing the world's largest cooperative buying organizations, home centers, and mass merchants.

11. Aurora Properties is a Limited Liability Company that owns 116 key-cutting devices accused of infringement by Hillman. Aurora leases these machines to Hy-Ko Products Company.

12. Hillman purports to have been founded in 1964 and to be a market leader in distributing hardware, letters, numbers, signs, keys and accessories, and engraving services in over fifty-eight (58) countries.

13. This controversy was precipitated by a letter from Hillman to Hy-Ko dated November 9, 2007, in which Hillman alleged that Hy-Ko infringed the '894 patent by certain of its activities related to the making, using, selling, or offering for sale a key cutting device. A true and accurate copy of the November 9, 2007 letter is attached as Exhibit B, and is incorporated herein.

14. Hy-Ko responded by letter dated November 16, 2007, advising Hillman that it had ordered the file history for the '894 patent and had begun its investigation of Hillman's allegations. Hy-Ko therefore requested an extension from the arbitrary ten (10) day deadline prescribed in Hillman's November 9, 2007 letter. A true and accurate copy of the November 16, 2007 letter is attached as Exhibit C, and is incorporated herein.

15. Hillman replied by letter on November 20, 2007, in which it expressed disbelief as to why Hy-Ko was not responsive in its November 16, 2007 letter. Hillman granted an additional eight (8) day extension, thereby requiring Hy-Ko until November 28, 2007 to provide a substantive response to its allegations. A true and accurate copy of the November 20, 2007 letter is attached as Exhibit D, and is incorporated herein.

16. By letter dated November 27, 2007, Hy-Ko further explained that it did not receive Hillman's letter of November 20, 2007 due to prior travel obligations for the Thanksgiving holiday. Hy-Ko's attorney informed Hillman that they would provide a substantive and formal response as soon as possible. A true and accurate copy of the November 27, 2007 letter is attached as Exhibit E, and is incorporated herein.

17. On December 3, 2007, Hillman's attorney called Hy-Ko's patent attorney requesting an estimate as to the completion of Hy-Ko's response to Hillman's allegations and further explaining Hillman's strong position on its allegations. Hy-Ko explained that its response was near completion and would be sent to Hillman immediately upon completion.

18. Nevertheless, on December 4, 2007, Hillman filed Civil Action 2:07-cv-02446-ECV, in the U.S. District Court for the District of Arizona, having the caption *The Hillman Group, Inc. v. Hy-Ko Products Company*, in which Hillman alleges that Hy-Ko's making, using, selling, or offering for sale a certain key cutting device infringes the '894 patent (the "Arizona Action"). An accurate copy of the Complaint in the Arizona Action is attached as Exhibit F.

19. Hillman did not immediately serve the complaint and summons of the Arizona Action on Hy-Ko. On December 5, 2007, the Court in the Arizona Action entered a Notice To Filer of Deficiencies in Electronically Filed Documents demanding Hillman to correct such deficiency and file a proper summons with the Court within one (1) business day.

20. Desiring to end the uncertainty of threatened litigation and the controversy, Hy-Ko filed an action for declaratory judgment in this Court on December 6, 2007. The Case was assigned to Judge Dowd, Case Number 5: 07: CV 3729 (the "Initial Ohio Action").

21. Hillman subsequently moved this Court to stay proceedings in the Northern District of Ohio, which this Court granted pending a ruling by the District Court in Arizona.

22. On May 6, 2008, for reasons of judicial economy, the Court *sua sponte* transferred the Initial Ohio Action to the District Court in Arizona pursuant to 28 U.S.C. § 1404(a).

23. Since the time of the transfer of the Initial Ohio Action, it has been determined that the U.S. District Court for Arizona does not have personal jurisdiction over Hy-Ko, and the Arizona action was accordingly dismissed.

24. As no decision has been rendered upon the merits of the controversy existing between Hy-Ko and Hillman, and as Hy-Ko does not infringe, nor does it contribute to the infringement of, or induce others to infringe upon, the '894 patent, Hy-Ko seeks to end by this action the uncertainty of the present controversy and Hillman's continuing threat of litigation.

25. The '894 patent is invalid.

26. An actual and justiciable controversy exists between Hy-Ko and Hillman as to whether Hy-Ko infringes any valid and enforceable claim of the '894 patent by making, using, selling, and offering for sale certain key cutting devices.

## COUNT I
### Declaratory Judgment of Patent Noninfringement

27. Hy-Ko adopts and incorporates by reference, as if fully written herein, the allegations set forth in the foregoing paragraphs of this Complaint.

28. Hy-Ko's making, using, selling, and/or offering for sale of any of its key cutting devices does not directly infringe, or infringe under the doctrine of equivalents, any valid claim of the '894 patent.

29. Hy-Ko does not contribute to the infringement of, or induce others to infringe, the '894 patent.

## COUNT II
### Declaratory Judgment of Patent Invalidity

30. Hy-Ko adopts and incorporates by reference, as if fully written herein, the allegations set forth in the foregoing paragraphs of this Complaint.

31. Each claim of Hillman's '894 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 102, 103, and 112.

### PRAYER FOR RELIEF

WHEREFORE, Hy-Ko Products Company and Aurora Properties demand the following relief:

1) A Declaratory Judgment that Hy-Ko Products Company and Aurora Properties are not liable for directly infringing, or contributing to, or inducing the infringement of, any claim of the '894 patent;

2) A Declaratory Judgment that each claim of the '894 patent is invalid;

3) A Declaratory Judgment that each claim of the '894 patent is unenforceable with respect to Hy-Ko; and

4) Such further relief as the Court may deem just and proper, including the costs of this action, and reasonable attorney fees.

<u>JURY DEMAND</u>

Hy-Ko respectfully demands a trial by jury of all issues so triable at law.

Respectfully Submitted,

/s/ Gary L. Walters
STEVEN S. KAUFMAN (0016662)
    *Steven.Kaufman@ThompsonHine.com*
O. JUDSON SCHEAF, III (0040285)
    *Judson.Scheaf@ThompsonHine.com*
MEGAN D. DORTENZO 0079047
    *Megan.Dortenzo@ThompsonHine.com*
GARY L. WALTERS (0071572)
    *Gary.Walters@ThompsonHine.com*
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
(216) 566-5500
(216) 566-5800 (Facsimile)

Attorneys for Plaintiff Hy-Co Products Company
and Aurora Properties Holding Company, LLC