**EXHIBIT F**

Rebecca K. Setlow (#015915)
PERKINS COIE BROWN & BAIN P.A.
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
RSetlow@perkinscoie.com
Telephone: (602) 351-8487
Facsimile: (602) 648-7187

*Attorneys for Plaintiff*
  *The Hillman Group, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| THE HILLMAN GROUP, INC.<br><br>    Plaintiff,<br><br>v.<br><br>HY-KO PRODUCTS COMPANY,<br><br>    Defendant. | No.: _____<br><br>COMPLAINT |
|---|---|

Plaintiff the Hillman Group, Inc., ("Hillman") for its Complaint against Hy-Ko Products Company, hereby states as follows:

### The Parties

1.  Plaintiff the Hillman Group, Inc., ("Hillman") is a Delaware corporation having its executive offices at 10590 Hamilton Ave., Cincinnati, Ohio 45231, and a principal place of business at 8990 S Kyrene Rd., Tempe, AZ 85284.

2. On information and belief, Defendant Hy-Ko Products Company ("Hy-Ko") is a company organized and existing under the laws of Ohio and has its principal place of business at 60 Meadow Lane, Northfield, OH 44067-1415.

### Nature Of The Action

3. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 et seq., and in particular under 35 U.S.C. § 271.

### Jurisdiction And Venue

4. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, Hy-Ko is subject to personal jurisdiction in this judicial District since Hy-Ko has substantial, continuous, and systematic contacts with this judicial District.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Hy-Ko resides in this judicial District since Hy-Ko has substantial, continuous, and systematic contacts with this judicial District.

### CLAIM FOR RELIEF: PATENT INFRINGEMENT
### (U.S. PATENT NO. 7,114,894 B2)

7. Hillman incorporates the allegations of paragraphs 1 through 6 as if fully restated.

8. United States Patent No. 7,114,894 B2 ("the '894 patent"), entitled "Key Cutting Machine and Method," was duly and legally issued on October 3, 2006, to inventors Michael A. Mueller and Warren W. Stansberry. An accurate copy of the '894 patent is attached as Exhibit A.

9. Hillman holds legal title to the '894 patent and therefore has the right to sue for infringement of the '894 patent.

10. On information and belief, without authorization, consent, or permission, Hy-Ko is making, using, selling, or offering to sell a key cutting device that infringes one or more claims of the '894 patent. One such key cutting device has been provided to at least one Wal-Mart retail store for use therein. An exemplary infringing Hy-Ko device bears Model No. KZA-100 and Serial No. 00013.

11. By letter dated November 9, 2007, Hillman notified Hy-Ko that it considered Hy-Ko's activities concerning the subject key cutting device to constitute infringement of the '894 patent. An accurate copy of the November 9, 2007 letter is attached as Exhibit B. Hy-Ko responded on November 16, 2007 that it was investigating the matter. Hy-Ko provided no basis whatsoever as to why it was not infringing the '894 patent. An accurate copy of the November 16, 2007 letter is attached as Exhibit C. By letter dated November 20, 2007, Hillman re-asserted infringement by Hy-Ko and asked for a substantive response by November 28, 2007. An accurate copy of the November 20, 2007 letter is attached as Exhibit D. Hy-Ko responded on November 27, 2007 that it would not be providing a response by November 28, 2007. Again, Hy-Ko provided no basis whatsoever as to why it was not infringing the '894 patent. An accurate copy of the November 27, 2007 letter is attached as Exhibit E.

12. On information and belief, Hy-Ko's infringement of the '894 patent has been and continues to be intentional, willful, and deliberate.

13. As a proximate result of Hy-Ko's infringement of the '894 patent, Hillman has been damaged.

### Prayer For Relief

WHEREFORE, Hillman respectfully requests that this Court enter judgment in its favor as follows:

(1) that the '894 patent is infringed by Hy-Ko;

(2) preliminarily and permanently enjoining Hy-Ko, their officers, agents, servants, employees, attorneys, licensees and assignees, and all of those persons in active concert or participation with them, from infringing the '894 patent, and from continuing to import, make, use, sell or offer to sell any products that infringe the '894 patent pursuant to 35 U.S.C. § 283;

(3) awarding to Hillman compensatory damages, enhanced damages, interest, and cost pursuant to 35 U.S.C. § 284;

(4) awarding to Hillman its attorneys' fees pursuant to 35 U.S.C. § 285; and

(5) granting to Hillman such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: December 4, 2007

Respectfully submitted,

PERKINS COIE BROWN & BAIN P.A.

By: /s/Rebecca K. Setlow
Rebecca K. Setlow
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788

Christopher P. Isaac (*Pro Hac Vice* Application pending)
David M. Ruddy (*Pro Hac Vice* Application pending)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, Virginia 20190-5675

*Attorneys for Plaintiff
The Hillman Group, Inc.*

49423-0001/LEGAL13766126.1