**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| HY-KO PRODUCTS COMPANY, | )<br>)<br>) |
| and | ) CIVIL ACTION NO.<br>) 5:08-CV-1961 (Dowd) |
| AURORA PROPERTIES HOLDING COMPANY, LLC, | ) Judge Dowd<br>)<br>) |
| Plaintiffs, | ) **JURY DEMAND ENDORSED HEREON**<br>) |
| v. | )<br>) |
| THE HILLMAN GROUP, INC., | )<br>) |
| Defendant. | ) |

**THE HILLMAN GROUP'S AMENDED ANSWER TO HY-KO PRODUCTS
COMPANY AND AURORA PROPERTIES HOLDING COMPANY, LLC'S
<u>AMENDED COMPLAINT AND COUNTERCLAIMS</u>**

Defendant The Hillman Group, Inc. ("Hillman") hereby answers the Amended Complaint for Declaratory Judgment ("Amended Complaint") filed by Plaintiffs Hy-Ko Products Company ("Hy-Ko") and Aurora Properties Holding Company, LLC. ("Aurora," or collectively, "Plaintiffs") on February 20, 2009.

<u>**THE PARTIES**</u>

1.   Hillman admits on information and belief that Hy-Ko is a corporation organized and existing under the laws of the State of Ohio and has its principal place of business at 60 Meadow Lane, Northfield, OH 44067.

2.   Hillman admits on information and belief that Aurora is a limited liability company organized and existing under the laws of the State of Ohio and has its principal place of business at 60 Meadow Lane, Northfield, OH 44067.

3. Hillman admits that Hillman is a Delaware corporation having offices at 10590 Hamilton Ave., Cincinnati, Ohio 45231.

4. Hillman admits that it holds legal title to U.S. Patent No. 7,114,894 ("the '894 patent") and that a copy of the '894 patent was attached to the Amended Complaint as Exhibit A.

## NATURE OF THE ACTION

5. Hillman admits that this action is fashioned as one seeking declaratory judgment that Plaintiffs do not infringe any valid, enforceable claim of the '894 patent, and that the '894 patent is invalid.

## JURISDICTION AND VENUE

6. The allegations of paragraph 6 of the Amended Complaint constitute legal conclusions that require no response.

7. The allegations of paragraph 7 of the Amended Complaint constitute legal conclusions that require no response.

8. Hillman admits that personal jurisdiction over Hillman is proper in this Court.

9. Hillman admits that venue is proper against Hillman in this judicial district.

## ACTUAL CONTROVERSY

10. Hillman is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Amended Complaint and, therefore, denies each of the allegations.

11. Hillman is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Amended Complaint and, therefore, denies each of the allegations.

12. Hillman admits that it was founded in 1964 and that it is a market leader in distributing hardware, letters, numbers, signs, keys and accessories, and engraving services in over fifty-eight countries.

13. Hillman admits that it sent a letter to Hy-Ko dated November 9, 2007, and that this letter notified Hy-Ko that Hy-Ko's activities concerning a certain key cutting device constituted infringement of the '894 patent. Hillman admits that a copy of the November 9, 2007 letter was attached to the Amended Complaint as Exhibit B. Despite the November 9, 2007 letter including a detailed claim chart comparing claim 24 of the '894 patent to Hy-Ko's infringing product, Hy-Ko never responded to Hillman's allegations of infringement.

14. Hillman admits that Hy-Ko sent a letter to Hillman dated November 16, 2007, and that in this letter, Hy-Ko alleged to have ordered the file history for the '894 patent and to have initiated an investigation. Hillman admits that a copy of the November 16, 2007 letter was attached to the Amended Complaint as Exhibit C. Hillman denies the remaining allegations of paragraph 14 of the Amended Complaint.

15. Hillman admits that it sent a letter to Hy-Ko dated November 20, 2007, and that it granted an extension of time, until November 28, 2007, for Hy-Ko to respond to Hillman's allegations. Hillman admits that a copy of the November 20, 2007 letter was attached to the Amended Complaint as Exhibit D. Hillman denies the remaining allegations of paragraph 15 of the Amended Complaint.

16. Hillman admits that it received a letter from Hy-Ko dated November 27, 2007, and in this letter Hy-Ko alleged that it was not aware of Hillman's November 20, 2007 letter due to the Thanksgiving holiday. Hillman admits that a copy of the November 27, 2007 letter was attached to the Amended Complaint as Exhibit E. Hillman denies the remaining allegations of paragraph 16 of the Amended Complaint. By the time of the November 27, 2007 letter, nearly three weeks had

3

passed since Hillman's November 9, 2007 letter to Hy-Ko detailing Hy-Ko's infringement of the the '894 patent.  Still, however, Hy-Ko provided no response to Hillman's infringement allegations.

17. Hillman admits that its representative contacted a Hy-Ko representative on December 3, 2007, via telephone.  Hillman denies the remaining allegations of paragraph 17 of the Amended Complaint.  At the time of the December 3, 2007 telephone call, almost a month had passed without any substantive response from Hy-Ko addressing Hillman's infringement allegations.

18. Hillman admits that it filed an action in the U.S. District Court for the District of Arizona and that this action was captioned *The Hillman Group, Inc. v. Hy-Ko Products Company* (2:07-cv-02446).  Hillman admits that in this action, Hillman alleged that Hy-Ko's making, using, selling, or offering to sell a certain key cutting device infringes one or more claims of the '894 patent.  Hillman admits that a copy of the Complaint in the Arizona Action was attached to the Amended Complaint as Exhibit F.  Hillman denies the remaining allegations of paragraph 18 of the Amended Complaint.  After more than a month of waiting for a substantive response from Hy-Ko, Hillman filed the action in Arizona.

19. Hillman admits that on December 5, 2007, the Court in the Arizona Action entered a Notice To Filer of Deficiencies in Electronically Filed Documents indicating that a summons was required to be filed within one business day.  Hillman denies the remaining allegations of paragraph 19 of the Amended Complaint.

20. Hillman admits that Hy-Ko filed an action for declaratory judgment in this Court on December 6, 2007, and that this action was assigned to Judge Dowd and had a case number of 5:07-cv-3729.  Hillman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of the Amended Complaint and, therefore, denies each of the remaining allegations.

21. Hillman admits to the allegations of paragraph 21 of the Amended Complaint.

22. Hillman admits that on May 6, 2008, this Court transferred the Initial Ohio Action to the U.S. District Court for the District of Arizona citing reasons including judicial economy.

23. Hillman admits that after May 6, 2008, the Court in the Arizona Action granted a motion to dismiss for lack of personal jurisdiction over Hy-Ko and dismissed the Arizona Action.

24. Hillman admits that no decision was rendered on the merits in the Arizona Action or the Initial Ohio Action. Hillman denies that Plaintiffs do not infringe, contribute to the infringement of, or induce others to infringe claims of the '894 patent. Hillman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 of the Amended Complaint and, therefore, denies each of the remaining allegations.

25. Hillman denies the allegations of paragraph 25 of the Amended Complaint.

26. Hillman admits the allegations of paragraph 26 of the Amended Complaint.

## COUNT I
### Declaratory Judgment of Patent Noninfringement

27. Hillman incorporates its answers to the allegations of Paragraphs 1-26 of the Amended Complaint as if set forth herein in full.

28. Hillman denies the allegations of paragraph 28 of the Amended Complaint.

29. Hillman denies the allegations of paragraph 29 of the Amended Complaint.

## COUNT II
### Declaratory Judgment of Patent Invalidity

30. Hillman incorporates its answers to the allegations of Paragraphs 1-29 of the Amended Complaint as if set forth herein in full.

31. Hillman denies the allegations of paragraph 31 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

Hillman reserves the right to allege affirmative defenses as they become known through the course of discovery.

## COUNTERCLAIM

The Hillman Group, Inc. ("Hillman") hereby files its counterclaim on Hy-Ko Products Company ("Hy-Ko") and Aurora Properties Holding Company, LLC. ("Aurora," or collectively, "Plaintiffs"), as follows:

## THE PARTIES

1. Hillman is a Delaware corporation having its executive offices at 10590 Hamilton Ave., Cincinnati, Ohio 45231.

2. On information and belief, Hy-Ko is a company organized and existing under the laws of Ohio and has its principal place of business at 60 Meadow Lane, Northfield, OH 44067-1415.

3. On information and belief, Aurora is a limited liability company organized and existing under the laws of Ohio and has its principal place of business at 60 Meadow Lane, Northfield, OH 44067-1415.

## NATURE OF THE ACTION

4. Pursuant to Fed. R. Civ. P. 13, Hillman's counterclaim seeks damages and injunctive relief for patent infringement and arises under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and in particular under 35 U.S.C. § 271.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Hy-Ko because Hy-Ko resides in and does business in this judicial district.

7. This Court has personal jurisdiction over Aurora because Aurora resides in and does business in this judicial district.

8. Venue in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because Plaintiffs reside in this judicial district.

## COUNT 1

### Claim for Infringement of U.S. Patent No. 7,114,894 by Hy-Ko

9. The allegations in Paragraphs 1-8 of this Counterclaim are incorporated by reference, as if set forth in their entirety.

10. United States Patent No. 7,114,894 ("the '894 patent"), entitled "Key Cutting Machine and Method," was duly and legally issued on October 3, 2006, to inventors Michael A. Mueller and Warren W. Stansberry.

11. Hillman holds legal title to the '894 patent and, therefore, has the right to sue for infringement of the '894 patent.

12. On information and belief, without authorization, consent, or permission, Hy-Ko is making, using, selling, or offering to sell a key cutting device that infringes one or more claims of the '894 patent. One such key cutting device has been provided to at least one Wal-Mart retail store for use therein. An exemplary infringing device bears Model No. KZA-100 and Serial No. 00013.

13. Despite the passage of ten months since Hillman provided to Hy-Ko a detailed explanation of Hy-Ko's infringement of the '894 patent, Hillman still has yet to receive from Hy-Ko a substantive response or even a single reason why Hy-Ko does not infringe the '894 patent.

14. On information and belief, Hy-Ko's infringement of the '894 patent has been and continues to be intentional, willful, and deliberate.

15. As a proximate result of Hy-Ko's infringement of the '894 patent, Hillman has been damaged.

## COUNT 2

### Claim for Infringement of U.S. Patent No. 7,114,894 by Aurora

16. The allegations in Paragraphs 1-11 of this Counterclaim are incorporated by reference, as if set forth in their entirety.

17. On information and belief, without authorization, consent, or permission, Aurora is making, using, selling, or offering to sell a key cutting device that infringes one or more claims of the '894 patent. One such key cutting device has been provided to at least one Wal-Mart retail store for use therein. An exemplary infringing device bears Model No. KZA-100 and Serial No. 00013.

18. On information and belief, Aurora's infringement of the '894 patent has been and continues to be intentional, willful, and deliberate. Aurora's infringement has been willful for the same reasons that Hy-Ko's infringement has been willful. On information and belief, both companies are owned and controlled by the same two individuals, Michael Bass and David Kaufman.

19. As a proximate result of Aurora's infringement of the '894 patent, Hillman has been damaged.

## PRAYER FOR RELIEF

WHEREFORE, Hillman respectfully requests that this Court enter judgment in Hillman's favor as follows:

A. that the '894 patent is infringed by Plaintiffs;

B. that the '894 patent is not invalid;

C. denying Plaintiffs' requests for declaratory relief;

8

    D.    permanently enjoining Plaintiffs, their officers, agents, servants, employees, attorneys, licensees and assignees, and all of those persons in active concert or participation with them, from infringing the '894 patent, and from continuing to import, make, use, sell or offer to sell any products that infringe the '894 patent pursuant to 35 U.S.C. § 283;

    E.    awarding to Hillman compensatory damages, enhanced damages, interest, and costs pursuant to 25 U.S.C. § 284;

    F.    awarding to Hillman its attorneys' fees pursuant to 35 U.S.C. § 285; and

    G.    granting to Hillman such other and further relief as this Court deems just and proper.

## JURY DEMAND

A trial by jury is hereby demanded on all issues so triable.

Date: February 26, 2009

Respectfully submitted,

By: */s/ Daniel F. Gourash*
Daniel F. Gourash (0032413)
Seeley, Savidge, Ebert & Gourash Co., LPA
26600 Detroit Road
Cleveland, Ohio 44145-2397
tel: 216-566-8200
fax: 216-566-0213
dfgourash@sseg-law.com

*Attorneys for Defendant*
   *The Hillman Group, Inc.*

OF COUNSEL:

Christopher P. Isaac
Judy W. Chung
Finnegan Henderson Farabow
Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Dr.
Reston, VA 20190

*Attorneys for Defendant*
   *The Hillman Group, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 26, 2009, a true and correct copy of the foregoing document captioned THE HILLMAN GROUP'S AMENDED ANSWER TO HY-KO PRODUCTS COMPANY AND AURORA PROPERTIES HOLDING COMPANY, LLC'S AMENDED COMPLAINT AND COUNTERCLAIMS was electronically filed.  Notice of this filing will be sent by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                              */s/ Daniel F. Gourash*
                                            *One of the Attorneys for Defendant*
                                                    *The Hillman Group, Inc*