**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| HY-KO PRODUCTS COMPANY, | ) | Civil Action No. 5:08cv1961(Dowd) |
| | ) | |
| and | ) | |
| | ) | JUDGE DOWD |
| AURORA PROPERTIES HOLDING | ) | |
| COMPANY, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| THE HILLMAN GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY OF HY-KO PRODUCTS COMPANY AND AURORA PROPERTIES
HOLDING COMPANY, LLC TO THE COUNTERCLAIMS
IN THE HILLMAN GROUP'S AMENDED ANSWER**

Hy-Ko Products Company ("Hy-Ko") and Aurora Properties Holding Company, LLC

("Aurora Properties"), for their Reply to the Counterclaims of The Hillman Group, Inc.

("Hillman"), state as follows:

## THE PARTIES

1.    Hy-Ko and Aurora Properties admit, upon information and belief, that Hillman is

a Delaware corporation having its principal place of business at 10590 Hamilton Avenue,

Cincinnati, OH  45231.

2.    Hy-Ko admits that it is a company organized and existing under the laws of Ohio,

and that it has its principal place of business at 60 Meadow Lane, Northfield, OH  44067.

3.      Aurora Properties admits that it is a limited liability company and it has its principal place of business at 60 Meadow Lane, Northfield, OH 44067. Aurora Properties denies the remaining allegations of paragraph 3.

## NATURE OF THE ACTION

4.      Hy-Ko and Aurora Properties deny the allegations of paragraph 4 of the Counterclaims because they constitute legal conclusions. To the extent an answer may be required, Hy-Ko and Aurora Properties deny the allegations.

## JURISDICTION AND VENUE

5.      Hy-Ko and Aurora Properties admit the allegations of paragraph 5.

6.      Hy-Ko admits the allegations of paragraph 6.

7.      Aurora Properties admits the allegations of paragraph 7.

8.      Hy-Ko and Aurora Properties admit the allegations of paragraph 8.

### Count 1

### Claim for Infringement of U.S. Patent No. 7,114,894 by Hy-Ko

9.      Hy-Ko states that paragraph 9 of the Counterclaims contains no allegations requiring an answer. To the extent an answer is required, Hy-Ko denies the allegations of paragraph 9 of the Counterclaims.

10.     Hy-Ko admits that the United States Patent and Trademark Office ("USPTO") issued U.S. patent number 7,114,894 ("the '894 patent"), entitled "Key Cutting Machine and Method," naming inventors Michael A. Mueller and Warren W. Stansberry, on October 3, 2006. Hy-Ko denies the remaining allegations of paragraph 10 of the Counterclaims.

2

11.    Hy-Ko admits that the USPTO on-line database purports to identify Hillman as the assignee of the '894 patent.  Hy-Ko denies the remaining allegations of paragraph 11 of the Counterclaims.

12.    Hy-Ko admits that it has placed at least one key cutting device in at least one Wal-Mart retail store.  Hy-Ko is without sufficient knowledge to affirm or deny that at least one key cutting device provided to at least one Wal-Mart retail store bears Model No. KZA-100 and Serial No. 00013.  Hy-Ko denies the remaining allegations of paragraph 12 of the Counterclaims.

13.    Hy-Ko admits that Hillman provided Hy-Ko with an alleged explanation of the alleged infringement of the '894 Patent.  Hy-Ko denies the remaining allegations of paragraph 13 of the Counterclaims.

14.    Hy-Ko denies the allegations of paragraph 14 of the Counterclaims.

15.    Hy-Ko denies the allegations of paragraph 15 of the Counterclaims.

16.    Hy-Ko denies all other allegations in this Counterclaim that are not otherwise expressly admitted herein to be true.

**Count 2**

**Claim for Infringement of U.S. Patent No. 7,114,894 by Aurora Properties**

17.    Aurora Properties has responded to paragraphs 1-9 of the Counterclaims as set forth above, and incorporates its response as if set forth here in their entirety.

18.    Aurora Properties admits that the USPTO issued the '894 patent, entitled "Key Cutting Machine and Method," naming inventors Michael A. Mueller and Warren W.

Stansberry, on October 3, 2006.  Aurora Properties denies the remaining allegations of paragraph 10 of the Counterclaims.

19.     Aurora Properties admits that the USPTO on-line database purports to identify Hillman as the assignee of the '894 patent.  Aurora Properties denies the remaining allegations of paragraph 11 of the Counterclaims.

20.     Aurora Properties denies the allegations of paragraph 17 of the Counterclaims.

21.     Aurora Properties denies the allegations of paragraph 18 of the Counterclaims.

22.     Aurora Properties denies the allegations of paragraph 19 of the Counterclaims.

23.     Aurora Properties denies all other allegations in this Counterclaim that are not otherwise expressly admitted herein to be true.

24.     Respecting Hillman's Prayer for Relief, Hy-Ko and Aurora Properties deny that Hillman is entitled to any form of relief in connection with its Counterclaims.

## AFFIRMATIVE DEFENSES

25.      Hy-Ko and Aurora Properties assert the affirmative defense of no direct infringement.  Neither does Hy-Ko nor Aurora Properties contribute to the infringement of, or induce others to infringe, the '894 patent.

26.     Hy-Ko and Aurora Properties assert the affirmative defense that the '894 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 102, 103, and 112.

27.     Hillman is estopped from enforcing the validity of the '894 patent.

28.     Hy-Ko and Aurora Properties reserve the right to assert any further defenses, including affirmative defenses, as they become known through the course of time, discovery, or any other events related or not to this litigation.

Dated:  March 19, 2009                    Respectfully Submitted,

                                          s/ Steven S. Kaufman
                                          STEVEN S. KAUFMAN (0016662)
                                          *Steven.Kaufman@ThompsonHine.com*
                                          O. JUDSON SCHEAF, III (0040285)
                                          *Judson.Scheaf@ThompsonHine.com*
                                          MEGAN D. DORTENZO (0079047)
                                          *Megan.Dortenzo@ThompsonHine.com*
                                          GARY L. WALTERS (0071572)
                                          *Gary.Walters@ThompsonHine.com*
                                          Thompson Hine LLP
                                          3900 Key Center
                                          127 Public Square
                                          Cleveland, Ohio  44114
                                          (216) 566-5500
                                          (216) 566-5800 (Facsimile)

                                          *Attorneys for Plaintiff Hy-Ko Products*
                                          *Company*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was electronically filed on March 19, 2009.  A copy of the same will be served on counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.


s/ Gary L. Walters
*One of the Attorneys for Hy-Ko Products Company*