IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HY-KO PRODUCTS COMPANY, *et al.* | ) | CASE NO. 5:08cv1961 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE DOWD |
| v. | ) | |
| | ) | |
| THE HILLMAN GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM IN SUPPORT OF |
| | ) | PLAINTIFFS' MOTION FOR LEAVE |
| | ) | TO AMEND FIRST AMENDED |
| | ) | COMPLAINT *INSTANTER* |
| | ) | |
| | ) | |

## I. Introduction

For the sake of clarity, Hy-Ko Products Company ("Hy-Ko") and Aurora Properties ("Aurora")[1] seek leave to amend their First Amended Complaint to ensure that this action resolves all of the parties' disputes, relating to not only Hy-Ko's first generation key-cutting machine, Model No. KZA-100 (the "KZA-100"), but also Hy-Ko's second generation key-cutting machine, Model No. KZA-200 (the "KZA-200"). In addition, Hy-Ko and Aurora seek leave to amend so that this action resolves all disputes between the parties relating to not only both of the above-mentioned KZA-100 and -200 machines, but also with respect to The Hillman Group's ("Hillman's") newly-asserted allegations under a second patent. Specifically, Hy-Ko seeks to amend its First Amended Complaint to obtain a judicial declaration that neither the KZA-100 nor the KZA-200 model key-cutting machines infringe any valid, enforceable claim of U.S. Patent

---

[1] Hereinafter wherever "Hy-Ko" is used, "Aurora" is intended as well.

No. 7,114,894 ("the '894 patent"), or U.S. Patent No. 6,064,747 ("the '747 patent") and that Hillman's '894 and '747 patents are invalid.

In its Order of April 1, 2009, the Court established the deadline for the amendment of pleadings as May 1, 2009. This motion is thus timely filed.

## II.     Law and Argument

Rule 15(a) provides that "leave shall be freely given when justice so requires." In *Perkins v. American Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001), the Sixth Circuit listed several factors to consider in order to decide whether to allow an amendment: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." None of these factors weigh against amendment in this case.

Hy-Ko should be allowed to amend its First Amended Complaint to include its second generation key-cutting machine, KZA-200, in addition to the KZA-100, and, as well, claims for non-infringement and invalidity regarding both machines in connection with Hillman's '747 patent in addition to the '894 patent. Hillman has been on notice for substantially longer than a year of the development of different generations of Hy-Ko's key-cutting machine. In November 2007, Hy-Ko received a cease and desist letter from Hillman setting forth a general description of Hy-Ko's key-cutting machines that encompassed both generations of Hy-Ko's machines, the KZA-100 and KZA-200 machines. ("Cease and Desist Letter," attached as Exh. B.) In addition to the Cease and Desist Letter, on December 4, 2007, Hillman brought an infringement action against Hy-Ko in the District of Arizona that was ultimately dismissed for lack of personal jurisdiction. (D.AZ, *Hillman v. Hy-Ko*, Case No. 2:07-cv-02446, the "Arizona action".) Desiring to end the uncertainty of threatened litigation and the controversy, Hy-Ko filed this lawsuit for

declaratory judgment on August 13, 2008. The underlying causes of action in both the Arizona action and the present action include Hillman's assertion of Hy-Ko's infringement of the '894 patent and Hy-Ko's asserted defenses of non-infringement and invalidity of the '894 patent.

In addition, Hillman has now filed new infringement claims in this action against Hy-Ko. On April 30, 2009, Hillman filed The Hillman Group's Second Amended Answer Including Additional Counterclaims of Infringement Against Plaintiffs ("Second Amended Answer"), which includes claims of infringement against Hy-Ko related to the KZA-100 and KZA-200 key-cutting machines under both the '894 and '747 patents. (*See* Second Amended Answer, pp.6-8.) A dispute has arisen between the parties respecting both Hy-Ko's KZA-100 and KZA-200 in connection with two of Hillman's patents—the '894 and '747 patents. This dispute gives rise to a justiciable controversy.[2]

Hillman will not be prejudiced by Hy-Ko's Second Amended Complaint because, as of the date of the filing of this motion,

- written discovery and inspections have taken place concurrently on both generations of Hy-Ko key-cutting machines, the KZA-100 and KZA-200;
- no depositions have been taken;
- Hillman has specifically referred to the first generation machine KZA-100 by name, in its Answer and Counterclaim (Dckt. 6 at ¶ 10), as well as in Hillman's Amended Answer and Counterclaims. (Dckt. 28 at ¶¶ 12, 17);

---

[2] While Counts 1 and 2 of Hillman's Second Amended Answer do not expressly refer to the KZA-200, it is obvious that a dispute exists between the parties in connection with the KZA-200 and the '894 patent. For example, in Hillman's Supplemental Responses To Hy-Ko's First Set of Interrogatories (Nos. 7-8), Hillman states that "Hy-Ko's KZA-200 machine literally infringes at least claims 24, 28, 29, 31 and 38 of the '894 patent."

- Hillman has sought discovery concerning the KZA-200 generally by description in its Document Requests all of which include Hy-Ko's second generation KZA-200 key-cutting machine:
    - defining the term, "Hy-Ko Key-Cutting Machines" to include not only the machine bearing model no. KZA-100, but also "<u>any modifications to such machine(s)</u>," (Def.'s First Set of Req. for Prod. to Pl. at 4, ¶ 15.) (attached as Exh. C) (emphasis added);
    - requesting documents related to the KZA-100 key-cutting machine <u>and any revisions or upgrades thereto</u> (*Id.*; at 8, Request No. 7); and
    - requesting documents related to components or parts of any Hy-Ko key cutting machine that is partially or fully covered under the Hy-Ko patent application (*Id.*; at 10, Request No.16);
- significantly, Hillman has sought discovery expressly referring to the second generation machine KZA-200 in Defendant's First Set of Requests for Inspection to Plaintiff (Def.'s First Set of Req. for Insp. to Pl. at 2) (attached as Exh. D);
- on April 9, 2009 Hillman completed its Fed. R. Civ. P. 34 inspection of both generations of machines, the KZA-100 and KZA-200, underscoring the need for the KZA-200 to be expressly included in this lawsuit; and
- Hillman has requested leave of the Court to file its Second Amended Answer to include additional counterclaims of infringement by Hy-Ko's KZA-200 machine and counterclaims of infringement under its '747 patent. (Dckt. 32.)

Indeed, unless this action includes the KZA-200 under the '894 patent, as well as the '747 patent, Hy-Ko will not be able to fully resolve the controversy between it and Hillman.

4

In order to establish that a declaratory judgment action presents a justiciable controversy, the question is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). There is indisputably a substantial controversy between the parties. Hillman has sued Hy-Ko previously under the '894 Patent and asserted infringement claims under the '894 Patent in the present action. Now, Hillman seeks leave to amend its answer to include new claims against the KZA-200, as well as new claims under Hillman's '747 patent. Hillman's claims demonstrate that a controversy exists between the parties as to all generations of Hy-Ko's key-cutting machines—the KZA-100 and the KZA-200, and to both Hillman's '894 and '747 patents.

Finally, both generations of the Hy-Ko key-cutting machine are in the marketplace. As of at least December 2008, one second generation key-cutting machine, model KZA-200 has been put in use in the marketplace, while all of the remaining key-cutting machines in the marketplace are first generation, model KZA-100 machines. Hy-Ko has taken, and is continuing to take, significant steps to procure subcomponents for, and manufacture, more than 100 second generation, model KZA-200 key-cutting machines, and in the future intends to only make, offer for sale, and sell second generation, model KZA-200 key-cutting machines in the marketplace. The controversy between the parties is thus real and immediate.

### III.     Conclusion

For the above reasons, Hy-Ko respectfully requests that the Court grant it leave to amend its First Amended Complaint *instanter*.

                Respectfully submitted,

/s/ Gary L. Walters
STEVEN S. KAUFMAN (0016662)
*Steven.Kaufman@ThompsonHine.com*
O. JUDSON SCHEAF, III (0040285)
*Judson.Scheaf@ThompsonHine.com*
MEGAN D. DORTENZO (0079047)
*Megan.Dortenzo@ThompsonHine.com*
GARY L. WALTERS (0071572)
*Gary.Walters@ThompsonHine.com*
HOLLY H. ARMSTRONG (0084054)
*Holly.Armstrong@ThompsonHine.com*
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
(216) 566-5500
(216) 566-5800 (Facsimile)

*Attorneys for Plaintiffs Hy-Ko Products Company & Aurora Properties Holding Company, LLC*

## CERTIFICATE OF SERVICE

A copy of the foregoing *Memorandum in Support of Plaintiffs' Motion for Leave to Amend First Amended Complaint Instanter* was filed electronically this 1st day of May, 2009. Parties will receive notice through the Court's electronic filing system.

/s/ Gary L. Walters
One of the Attorneys for Plaintiffs
