# EXHIBIT C



901 New York Avenue, NW • Washington, DC 20001-4413 • 202.408.4000 • Fax 202.408.4400
www.finnegan.com

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

CHRISTOPHER P. ISAAC
(571) 203-2740
chris.isaac@finnegan.com

November 9, 2007

Mr. Bert Ross
President
Hy-Ko Products Co.
60 Meadow Lane
Northfield, Ohio 44067-1415

**VIA EMAIL AND FEDERAL EXPRESS**

Dear Mr. Ross:

Our firm represents The Hillman Group, Inc. of Cincinnati, Ohio ("Hillman"). Hillman is the owner of a patent portfolio that includes U.S. Patent No. 7,114,894 ("the '894 patent"), a copy of which is enclosed as Exhibit A.

It is our understanding that Hy-Ko Products Co. ("Hy-Ko") is providing a key cutting machine to Wal-Mart for use in several Florida locations. As an example, one such Hy-Ko device bears Model No. KZA-100 and Serial No. 00013. This machine includes a tag identifying Hy-Ko Products Company as the manufacturer and further identifying the machine as being the property of Aurora Products Holding Company, LLC.

Hillman has observed the Hy-Ko device's operation, including its cutting process. In addition, we, along with Hillman, have reviewed published U.S. Patent Application Publication No. US 2007/0224008 ("the '008 publication"), which lists one of Hy-Ko's corporate officers, Michael Bass, as an inventor. We enclose a copy of the '008 publication as Exhibit B.

Based on our observation of the Hy-Ko device in operation, we have concluded that the Hy-Ko device infringes Hillman's '894 patent. For example, we have concluded that claim 24 of the '894 patent is infringed by the Hy-Ko device.[1] Simply stated, the Hy-Ko device includes a pair of cutting heads suspended from the top frame (as opposed to being supported on the base). The cutting heads move in unison in the

---

[1] We are discussing only a single claim for clarity purposes, since the law is clear that infringement of a single patent claim constitutes infringement of the patent. See, e.g., Intervet America, Inc. v. Kee-Vet Lab., Inc. 887 F.2d 1050, 1055 (Fed. Cir. 1989) ("A patent is infringed if a single claim is infringed.")

Mr. Bert Ross
November 9, 2007
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

longitudinal direction of key insertion and move independently in a lateral direction. There is a literal correspondence between the Hy-Ko device and claim 24 of Hillman's '894 patent.

With the understanding that Hy-Ko's own '008 publication accurately describes its device, this Hy-Ko publication confirms our observation of infringement. We have provided a detailed claim chart showing an exact comparison between Hillman's patent and Hy-Ko's own description of its machine.

| Claims — U.S. Patent No. 7,114,894 | Infringing Product — the Hy-Ko device as described in the '008 publication |
|---|---|
| 24. A key cutting machine for cutting a notch pattern on a key blank, comprising: | See, e.g., machine 10 and ¶¶ [0076]-[0078]. |
| a front end configured to longitudinally receive the key blank inserted therethrough; | See, e.g. ¶¶ [0046]-[0048] and FIGS. 5 and 6 illustrating a retention mechanism 19 along the "front" of the machine including a slot 20 for receiving a key blank 24 therein. |
| a housing including a top frame and a base; | See, e.g., FIGS. 20-21 including a top frame that corresponds to the "support plate module 118" and a base that corresponds to the "base module 110" as described in ¶ [0083]. |
| and a pair of cutting heads suspended below the top frame of the housing without being supported on the base of the housing | See, e.g., FIGS. 9, 11, 19, and 20 depicting cutting heads comprised of at least motor items 98 and 100 for cutting wheels 62 and 60, respectively.<br><br>See also, e.g., ¶ [0083] "For example, the support plate module 118 may support a number of motors, such as the rotational motors 98, 100, 102, and 104 for rotating the cutting wheels 60 and 62 and positioner fingers 72 and 74; slide motors for positioning the wheels and positioner fingers 94, 96, and 97; and the clamp motor 106. In addition, the support plate module 118 may support components such as the optical imaging device 50, reflector plate 54, the cutting wheels 60 and 62, positioner fingers 72 and 74, etc." |
| and movable longitudinally in unison relative to the top frame and base, in a longitudinal direction parallel to the direction of key blank insertion, | See, e.g., ¶ [0084] "A third slide motor 97 is coupled to both the left 60 and right 62 cutting wheels to move the cutting wheels 60 and 62 together along the X-axis. Such movement along the X-axis occurs as the wheels 60 and 62 move along the length of the blade 32 to cut the key pattern 36 into the blade." (emphasis added). |

Mr. Bert Ross
November 9, 2007
Page 3

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

| Claims — U.S. Patent No. 7,114,894 | Infringing Product — the Hy-Ko device as described in the '008 publication |
|---|---|
| each cutting head including a device connected thereto for actively moving each cutting head exclusively in lateral directions, perpendicular to the longitudinal direction of key blank insertion, | See, e.g., ¶ [0083] "A first slide motor 94 is coupled to both the right cutting wheel 62 and the right positioner finger 74 to move the right cutting wheel 62 and the right positioner finger 74 along the Y-axis. A second slide motor 96 is coupled to both the left cutting wheel 60 and the left positioner finger 72 to move the left cutting wheel 60 and the left positioner finger 72 along the Y-axis ... the cutting wheels 60 and 62 may be independently moved along the Y-axis to facilitate the cutting of the key pattern 36 into the blade 32." (emphasis added). |
| and a cutting wheel rotatable to cut the notch pattern on the key blank. | See, e.g., cutting wheels 62 and 60. |

    We believe that Hillman's '894 patent is infringed by the actions of Hy-Ko related to the Hy-Ko device. Hillman demands that Hy-Ko immediately refrain from further infringing acts. Given the seriousness of this matter, we must receive your written assurance by no later than ten (10) calendar days from the date of this letter that Hy-Ko will promptly comply with these demands and cease all activities pertaining to the infringing product. This includes prompt removal of all such machines from any commercial environment.

    Based on the information we have reviewed, we believe that Hy-Ko's infringement is clear beyond doubt. Nevertheless, to the extent you believe there is no infringement, we insist that you provide a comprehensive explanation within this same 10-day period. In this regard, we will require access to an operational Hy-Ko device to corroborate any arguments that you make.

    Hillman takes very seriously the infringement of its intellectual property rights. While Hillman would prefer to resolve this matter amicably, we will take appropriate legal action by November 20, 2007 if adequate remedial steps are not taken by Hy-Ko.

Sincerely,

C___ I___ /DMR

Christopher P. Isaac

CPI/DMR/els
Enclosures