# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| HY-KO PRODUCTS COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 5:08-CV-1961 (Dowd) |
| | ) | Judge Dowd |
| THE HILLMAN GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF (NOS. 1-34)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant The Hillman Group, Inc. ("Hillman") hereby serves its First Set of Requests for Production to Plaintiff Hy-Ko Products Company ("Hy-Ko") and requests that Hy-Ko responds by producing the requested documents and things within thirty (30) days of service at the offices of Hillman' counsel, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P., Two Freedom Square, 11955 Freedom Drive, Reston, Virginia 20190.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to all of Hillman' discovery requests:

1.    All responsive non-privileged documents in the possession, custody or control of Hy-Ko are to be produced. If, after exercising due diligence to secure the documents requested, you cannot produce all responsive documents, please so state, produce to the extent possible, specify

the reasons why you are unable to provide a full and complete response, and state what information and knowledge you do have concerning the unproduced documents.

2.     These requests shall be continuing in nature. You are required to serve supplemental responses and/or production promptly if you obtain or discover further, different or additional responsive information, documents or things after the date of your initial responses and/or production.

3.     If you have no documents responsive to a particular category, please so state.

4.     If a document is in a language other than English and an English translation exists, provide both documents.

5.     Any response made by reference to documents shall identify by litigation document control (e.g., Bates) number each responsive document.

6.     The terms "Hy-Ko," "plaintiff," and "you" refer to Hy-Ko Products Company, its officers, directors, employees, agents, partners, licensees, franchisees, corporate parents, subsidiaries, related companies, affiliates, and/or any predecessor or successor.

7.     The terms "Hillman," and "defendant," refer to The Hillman Group, Inc.

8.     The term "document(s)" has the meaning ascribed to it in Fed. R. Civ. P. 34(a), and includes, but is not limited to, every writing or record of every type that is or has been in the possession, control, or custody of Hy-Ko, or of which Hy-Ko has knowledge, including without limitation: originals, masters, and every copy of writings (including handwritings), and printed, typed, or other graphic or photographic matter including film or microfilm, video and/or audio tapes, video and/or audio recordings (tape, disc, or other), correspondence, communications, contracts, agreements, assignments, licenses, purchase orders, bills, invoices, receipts, statements, books, memoranda, notes (in pencil, ink, or typewritten), letters, notebooks, reports,

2

training manuals, training materials, photographs, drawings, tracings, sketches, charts, catalogs, brochures, advertisements, promotional materials, records of communications oral and otherwise, instructions, cables or telegrams, computer databases, computer printouts or other computer-generated matter, computer records of all types (including text files, graphics files, audio and multimedia files, and electronic mail messages), studies, surveys, technical reports, laboratory reports, engineering reports, test data, patents, registrations of marks, copyrights, applications for a patent, applications for a mark, applications for a copyright, patent appraisals, infringement searches or studies, patentability searches or studies, validity searches or studies, minutes, reports, calendars, inter-office communications, price lists, bulletins, circulars, statements, manuals, summaries, maps, charts, graphs, invoices, canceled or voided checks, bills or statistical material, insurance policies, pleadings, statements affidavits, depositions, and transcripts. A document bearing any notation not a part of the original text is to be considered a separate document. A draft or non-identical copy is a separate document within the meaning of this term.

9.     The term "communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), regardless of the means utilized.

10.    The term "products" refers to both services and goods.

11.    The term "date" means and refers to the exact day, month and year, if ascertainable, and if the exact day, month and year are not ascertainable, then the best approximation thereof.

12.    The terms "each" means and refers to "each and every," "all" means and includes "any and all," and "any" means and includes "any and all."

3

13.     The term "infringement" means and refers to direct, contributory and induced infringement, whether literally or under the doctrine of equivalents, under the applicable laws.

14.     The term "Hy-Ko's Patent Application" means and refers to U.S. Patent Application No. 11/656,925, any foreign or U.S. patent application from which this application claim priority, and any foreign or U.S. patent application that claims priority to this application.

15.     The term "Hy-Ko Key-Cutting Machine(s)" means the machine(s) currently being used in Wal-Mart retail stores, such as the machine(s) bearing Model No. KZA-100 and Serial No. 00013. The term "Hy-Ko Key-Cutting Machine(s)" also includes any modifications to such machine(s).

16.     The term "Complaint" means and refers to the Complaint for Declaratory Judgment of Noninfringement, Invalidity, and Unenforceability of Patent No. 7,114,894, filed by Hy-Ko in the instant action on December 6, 2007.

17.     The phrase "Hillman's Patent" means and refers to United State Patent No. 7,114,894 ("the '894 patent") together with any divisionals, counterparts and reexaminations thereof.

18.     To "identify" a person means to state the person's name and business address and, in the case of a natural person, his home address, employer or business affiliation, and occupation or job title.

19.     To "identify" a document means to provide, a brief description of the document sufficient to support a request for production, including the type of document, the general subject matter, the date of the document, identification of the author(s) and recipient(s), if any, and if the document embodies an agreement, the parties to such agreement. In answer to those

4

interrogatories requiring the identification of any document or documents, such document or documents may be produced for inspection and copying by Hy-Ko in lieu of identification.

20.     To "identify" a thing means to provide a brief description of the thing sufficient to support a request for production, including any numbers, markings, or other identifying characteristics.

21.     To "describe in detail" means to state and describe, with specificity, each and every fact, ultimate fact, circumstance, incident, act, omission, event, date and/or legal contention pertaining to the matter(s) inquired of in said request for production.

22.     The phrase "relating or referring to " means constituting, comprising, concerning, regarding, containing, setting forth, showing, disclosing, describing, explaining, summarizing, evidencing, discussing, either directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the Federal Rules of Civil Procedure.

23     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside its scope.

## CLAIMS OF PRIVILEGE

If Hy-Ko contends that it is entitled on the basis of any claim of privilege to withhold any information in any of its responses , provide the following with respect to such claim of privilege:

(a)     the type of document (i.e., whether a letter, memorandum, report, etc.) and the nature of the withheld information;

5

(b)     the title or other identifying designation, if any, of the document;

(c)     the date of the document;

(d)     the subject matter of the document or information;

(e)     the identities of all persons who created, sent, received, or have ever had possession of the information or of either of the original or any copy of the document;

(f)     the basis of or grounds for the claim of privilege;

(g)     the person on whose behalf the claim of privilege is being asserted; and

(h)     the interrogatories to which the document or information is responsive.

**REQUEST FOR PRODUCTION NO. 1**

     All documents and things that Hy-Ko intends to introduce at trial or any hearing in this action.

**REQUEST FOR PRODUCTION NO. 2**

     All documents and things passing between Hy-Ko and any person that Hy-Ko intends to call as a witness (including without limitation any expert witness) at trial or any hearing in this action.

**REQUEST FOR PRODUCTION NO. 3**

     All documents and things that are identified in, support, concern, or were reviewed to prepare Hy-Ko's responses to any interrogatory.

**REQUEST FOR PRODUCTION NO. 4**

     All documents and things relating to and/or describing the conception, research, design, development, manufacturing, testing, revising, and upgrading of the Hy-Ko Key-Cutting Machines, including technical reports and papers, operators manuals, user manuals, software flow diagrams, block diagrams, schematics, software code, engineering reports, project reports and descriptions, on-line information, presentations, and the like.

**REQUEST FOR PRODUCTION NO. 5**

     All documents and things sufficient to show and describe the structure, hardware, software, function, operation, and use of the Hy-Ko Key-Cutting Machines, including technical

7

reports and papers, operators manuals, user manuals, software flow diagrams, block diagrams, schematics, software code, engineering reports, project reports and descriptions, on-line information, presentations, and the like, including those required to demonstrate any alleged defense of non-infringement.

## REQUEST FOR PRODUCTION NO. 6

All documents and things relating to the advertising, marketing, placement, and selling of the Hy-Ko Key-Cutting Machines, including all advertising materials, marketing materials, sales information, and on-line information, and the like.

## REQUEST FOR PRODUCTION NO. 7

All documents and things sufficient to identify any person who contributed to the conception, research, design, development, testing, revising, upgrading, structure, hardware, software, function, operation, procuring of components, advertising, marketing, and selling of the Hy-Ko Key-Cutting Machines, including all documents and things relating or referring to such person's contribution.

## REQUEST FOR PRODUCTION NO. 8

All document and things relating to trade shows, professional meetings, presentations, conferences, and other meetings where the Hy-Ko Key-Cutting Machines were demonstrated, distributed, marketed, or sold.

8

**REQUEST FOR PRODUCTION NO. 9**

All documents and things relating or referring to communications, oral, written or otherwise, that Hy-Ko has had with any person(s) or entity regarding Hillman's Patent or this lawsuit.

**REQUEST FOR PRODUCTION NO. 10**

All documents and things sufficient to show and describe the revenues Hy-Ko has derived from each of the Hy-Ko Key-Cutting Machines.

**REQUEST FOR PRODUCTION NO. 11**

All documents and things sufficient to show and describe the number of units manufactured, sold, imported, or offered for sale, in the U.S., by or on behalf of Hy-Ko for the Hy-Ko Key-Cutting Machines.

**REQUEST FOR PRODUCTION NO. 12**

All documents and things upon which Hy-Ko relied in making its decision to file its Complaint, and any subsequent pleadings.

**REQUEST FOR PRODUCTION NO. 13**

All documents and things relating or referring to any patentability, validity, enforceability, or infringement study, research, evaluation, or opinion, oral or written, of Hillman's Patent that has been conducted or made, by or on behalf of, or otherwise known to Hy-Ko.

9

**REQUEST FOR PRODUCTION NO. 14**

All documents and things relating or referring to any assessment, study, research, evaluation, and opinion of Hillman's P4 product (sometimes known as "Precision 4").

**REQUEST FOR PRODUCTION NO. 15**

All documents and things relating or referring to any study, research, evaluation, or opinion of each of the Hillman's products that are partially or fully covered under any claim(s) of the Hillman's Patent, that has been conducted or made, by or on behalf of, or otherwise known to Hy-Ko.

**REQUEST FOR PRODUCTION NO. 16**

All documents and things relating or referring to each system or components thereof manufactured, sold, imported, or offered for sale in the U.S. by Hy-Ko that are, partially or fully, covered under Hy-Ko's patent application.

**REQUEST FOR PRODUCTION NO. 17**

All documents and things relating or referring to all persons who supply or have supplied components and/or parts of any of the Hy-Ko Key-Cutting Machines, and all documents and things relating or referring to the manufacturer of the Hy-Ko's Key-Cutting Machines.

**REQUEST FOR PRODUCTION NO. 18**

All documents and things relating or referring to the factual basis for each allegation at Paragraphs 22 and 25-27 of the Complaint relating to Hy-Ko's assertion of noninfringement, and

10

all documents and things relating or referring to each claim element of the claims of the Hillman's Patent that Hy-Ko asserts is not present in Hy-Ko's products, literally or by equivalents.

**REQUEST FOR PRODUCTION NO. 19**

All documents and things relating or referring to the factual basis for each allegation at Paragraphs 23 and 28-29 of the Complaint relating to Hy-Ko's assertion of invalidity, and all documents and things relating or referring to the specific legal and factual basis for each such allegation of invalidity for failure to comply with the requirements of 35 U.S.C., including but not limited to §§ 101, 102, 103, and 112, any prior art document(s) (on a claim-element-by-claim-element basis) that forms the basis for each such allegation.

**REQUEST FOR PRODUCTION NO. 20**

All documents and things relating or referring to the specific legal and factual basis for each allegation set forth in the Complaint, excluding the allegations referred to in Request for Production Nos. 18-19.

**REQUEST FOR PRODUCTION NO. 21**

All documents and things relating or referring to any efforts to modify the design of the Hy-Ko Key-Cutting Machines subsequent to receiving Hillman's notice of infringement on or about November 9, 2007.

**REQUEST FOR PRODUCTION NO. 22**

All documents and things relating or referring to all persons and/or parties that Hy-Ko has authorized to use Hy-Ko's product in connection with the manufacture, distribution, sale, provision, offering, advertisement, marketing or promotion of any products, and all documents and things relating or referring to any and all agreements, including without limitation any licenses, assignments, permissions, or consents, relating thereto.

**REQUEST FOR PRODUCTION NO. 23**

All documents and things supporting, relating or referring to Hy-Ko's interpretation of the claims of the Hillman's Patent, including documents which contradict, refute, or are inconsistent with Hy-Ko's positions in this lawsuit.

**REQUEST FOR PRODUCTION NO. 24**

All documents and things relating or referring to any alleged secondary indicia of obviousness or nonobviousness of any of the claims of the Hillman's Patent.

**REQUEST FOR PRODUCTION NO. 25**

All documents and things relating or referring to Hy-Ko's document retention policies adopted or in place between 1990 and the present.

**<u>REQUEST FOR PRODUCTION NO. 26</u>**

All documents and things describing the corporate structure of Aurora Products Holding Company, LLC.


**<u>REQUEST FOR PRODUCTION NO. 27</u>**

All documents and things describing any relationship between Aurora Products Holding Company, LLC and Hy-Ko.


**<u>REQUEST FOR PRODUCTION NO. 28</u>**

All documents and things describing any financing for the design, engineering, or manufacture of the Hy-Ko Key-Cutting Machines in the past, at present, and in the future.


**<u>REQUEST FOR PRODUCTION NO. 29</u>**

All documents and things communicated to or from a potential or actual customer for the Hy-Ko Key-Cutting Machines that relate to marketing efforts, displacement of a Hillman machine, performance of either a Hillman machine or a Hy-Ko Key-Cutting Machine, the subject matter of this lawsuit, or Hillman's Patent.


**<u>REQUEST FOR PRODUCTION NO. 30</u>**

All documents and things referring to or constituting a business plan for the Hy-Ko Key-Cutting Machines.

**REQUEST FOR PRODUCTION NO. 31**

All documents and things referring to a market demand, need, or desire for the Hy-Ko Key-Cutting Machines.


**REQUEST FOR PRODUCTION NO. 32**

All documents and things referring to feedback or comments of any type from any customer of the Hy-Ko Key-Cutting Machines.


**REQUEST FOR PRODUCTION NO. 33**

All documents and things referring to any evaluation of the Hy-Ko Key-Cutting Machine or that Machine's performance.


**REQUEST FOR PRODUCTION NO. 34**

All documents referring to or constituting any communication with Wal-Mart or Orchard Supply relating to either Hillman's P4 machine, Hillman's cassette-based machine, or the Hy-Ko Key-Cutting Machines.

14

Dated:  December 22, 2008

Respectfully submitted,

_____/s/ Judy W Chung_____
Daniel F. Gourash, Esq. (0032413)
SEELEY, SAVIDGE, EBERT & GOURASH CO.,
LPA
26600 Detroit Road
Cleveland, Ohio  44145-2397
Tel:  216.566.8200
Fax:  216.566.0213

and

Christopher P. Isaac, Esq. (VA Bar No. 27801)
Judy W. Chung, Esq. (VA Bar No. 74760)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP
Two Freedom Square
11955 Freedom Drive
Reston, Virginia  20190-5675
Tel:  571.203.2700
Fax:  202.408.4400

*Attorneys for Defendant*
*The Hillman Group, Inc.*

15

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing DEFENDANT'S FIRST SET OF REQUESTS

FOR PRODUCTION TO PLAINTIFF was served on Hy-Ko this 22nd day of October, 2008, by

emailing and by mailing a true copy thereof via First Class U.S. Mail, postage prepaid, addressed

to the following:

> STEVEN S. KAUFMAN, Esq.
> MEGAN D. DORTENZO, Esq.
> GARY L. WALTERS, Esq.
> Thompson Hine LLP
> 3900 Key Center
> 127 Public Square
> Cleveland, Ohio 44114
>
> O. JUDSON SCHEAF, III, Esq.
> Thompson Hine LLP
> 41 South High Street
> Suite 1700
> Columbus, Ohio 43215

*Attorneys for Plaintiff Hy-Ko Products Company*

By: _____

Sean Williams

16