IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HY-KO PRODUCTS COMPANY, *et al.* | ) | Civil Action No. 5:08cv1961 |
| | ) | |
| Plaintiffs, | ) | JUDGE DOWD |
| | ) | |
| vs. | ) | |
| | ) | **SECOND AMENDED COMPLAINT** |
| THE HILLMAN GROUP, INC. | ) | **FOR DECLARATORY JUDGMENT** |
| | ) | **OF NONINFRINGEMENT,** |
| Defendant. | ) | **INVALIDITY, AND** |
| | ) | **UNENFORCEABILITY OF** |
| | ) | **PATENT NOS. 7,114,894 and 6,064,747** |
| | ) | |
| | ) | <u>JURY TRIAL DEMANDED</u> |

Hy-Ko Products Company ("Hy-Ko") and Aurora Properties Holding Company, LLC ("Aurora Properties"), by and through their undersigned attorneys, for their Second Amended Complaint against The Hillman Group, Inc. ("Hillman") allege based on personal belief and knowledge as to themselves and on information and belief as to the conduct of Hillman, as follows:

## THE PARTIES

1.  Hy-Ko is a corporation organized and existing under the laws of the State of Ohio and has its principal place of business at 60 Meadow Lane, Northfield, OH 44067.

2.  Aurora Properties Holding Company, LLC is a Limited Liability Company organized and existing under the laws of the State of Ohio and has its principal place of business at 60 Meadow Lane, Northfield, OH 44067.[1]

3.  On information and belief, Hillman is a Delaware corporation having its corporate offices at 10590 Hamilton Avenue, Cincinnati, OH 45231.

4.  Hillman purports to own U.S. Patent No. 7,114,894 ("the '894 patent"), an accurate copy of which is attached as Exhibit A and incorporated herein.

5.  Hillman purports to own U.S. Patent No. 6,064,747 ("the '747 patent"), an accurate copy of which is attached as Exhibit B and incorporated herein.

## NATURE OF THE ACTION

6. This is an action seeking a declaratory judgment that Hy-Ko does not infringe any valid, enforceable claim of either the '894 patent or the '747 patent, and that both the '894 patent and '747 patent are invalid.

## JURISDICTION AND VENUE

7.  This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that they are claims arising under an Act of Congress relating to patents, and pursuant to the United States Patent Act, 35 U.S.C. § 1, *et seq.*

---

[1] Hereinafter wherever "Hy-Ko" is used, "Aurora Properties" is intended as well.

8. This Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because this is a case of actual controversy within the Court's jurisdiction, seeking a declaratory judgment that the Hillman patent is invalid, not infringed and unenforceable.

9. The Court has personal jurisdiction over Hillman because it has substantial, continuous, and systematic contacts with this judicial district.

10. Venue in this Court is proper pursuant to 28 U.S.C. 1391(b) because, among other reasons, a substantial part of the events giving rise to claim occurred in this judicial district.

## ACTUAL CONTROVERSY

11. Hy-Ko Products Company was founded in 1949 and is a premier supplier of numbers, letters, signs, keys and accessories to the retail marketplace, including supplying and servicing the world's largest cooperative buying organizations, home centers, and mass merchants.

12. Aurora Properties is a Limited Liability Company that owns 116 key-cutting devices accused of infringement by Hillman. Aurora leases these machines to Hy-Ko Products Company.

13. There are two generations of the Hy-Ko key-cutting devices in the marketplace described as a first generation machine, model KZA-100, and a second generation machine, model KZA-200. As of at least December 2008, one second generation key-cutting device, model KZA-200 has been in use in the marketplace. The remaining key-cutting devices in the marketplace are all first generation, model KZA-100 machines. In addition, Hy-Ko has taken significant steps to procure subcomponents for, and manufacture, at least about 100 second

generation, model KZA-200 key-cutting devices, and in the future intends to only make, offer for sale, and sell second generation, model KZA-200 key-cutting devices in the marketplace..

14. Hillman purports to have been founded in 1964 and to be a market leader in distributing hardware, letters, numbers, signs, keys and accessories, and engraving services in over fifty-eight (58) countries.

15. This controversy was precipitated by a letter from Hillman to Hy-Ko dated November 9, 2007, in which Hillman alleged that Hy-Ko infringed the '894 patent by certain of its activities related to the making, using, selling, or offering for sale a key cutting device. A true and accurate copy of the November 9, 2007 letter is attached as Exhibit C, and is incorporated herein. The letter sets forth a general description of Hy-Ko's key-cutting machines which describes both generations.

16. Hy-Ko responded by letter dated November 16, 2007, advising Hillman that it had ordered the file history for the '894 patent and had begun its investigation of Hillman's allegations. Hy-Ko therefore requested an extension from the arbitrary ten (10) day deadline prescribed in Hillman's November 9, 2007 letter. A true and accurate copy of the November 16, 2007 letter is attached as Exhibit D, and is incorporated herein.

17. Hillman replied by letter on November 20, 2007, in which it expressed disbelief as to why Hy-Ko was not responsive in its November 16, 2007 letter. Hillman granted an additional eight (8) day extension, thereby requiring Hy-Ko until November 28, 2007 to provide a substantive response to its allegations. A true and accurate copy of the November 20, 2007 letter is attached as Exhibit E, and is incorporated herein.

18. By letter dated November 27, 2007, Hy-Ko further explained that it did not receive Hillman's letter of November 20, 2007 due to prior travel obligations for the Thanksgiving holiday. Hy-Ko's attorney informed Hillman that they would provide a substantive and formal response as soon as possible. A true and accurate copy of the November 27, 2007 letter is attached as Exhibit F, and is incorporated herein.

19. On December 3, 2007, Hillman's attorney called Hy-Ko's patent attorney requesting an estimate as to the completion of Hy-Ko's response to Hillman's allegations and further explaining Hillman's strong position on its allegations. Hy-Ko explained that its response was near completion and would be sent to Hillman immediately upon completion.

20. Nevertheless, on December 4, 2007, Hillman filed Civil Action 2:07-cv-02446-ECV, in the U.S. District Court for the District of Arizona, having the caption *The Hillman Group, Inc. v. Hy-Ko Products Company*, in which Hillman alleges that Hy-Ko's making, using, selling, or offering for sale a certain key cutting device infringes the '894 patent (the "Arizona Action"). An accurate copy of the complaint in the Arizona Action is attached as Exhibit G.

21. Hillman did not immediately serve the complaint and summons of the Arizona Action on Hy-Ko. On December 5, 2007, the Court in the Arizona Action entered a Notice To Filer of Deficiencies in Electronically Filed Documents demanding Hillman to correct such deficiency and file a proper summons with the Court within one (1) business day.

22. Desiring to end the uncertainty of threatened litigation and the controversy, Hy-Ko filed an action for declaratory judgment in this Court on December 6, 2007. The Case was assigned to Judge Dowd, Case Number 5: 07: CV 3729 (the "Initial Ohio Action").

23. Hillman subsequently moved this Court to stay proceedings in the Northern District of Ohio, which this Court granted pending a ruling by the District Court in Arizona.

24. On May 6, 2008, for reasons of judicial economy, the Court *sua sponte* transferred the Initial Ohio Action to the District Court in Arizona pursuant to 28 U.S.C. § 1404(a).

25. Since the time of the transfer of the Initial Ohio Action, it has been determined that the U.S. District Court for Arizona does not have personal jurisdiction over Hy-Ko, and the Arizona action was accordingly dismissed.

26. As no decision has been rendered upon the merits of the controversy existing between Hy-Ko and Hillman, Hy-Ko seeks to end by this action the uncertainty of the present controversy with respect to both generations of its key-cutting devices and Hillman's continuing threat of litigation.

27. Hillman has knowledge of both Hy-Ko key-cutting generation models, KZA-100 and KZA-200, and has specifically requested and performed discovery on the KZA-200 device. Hy-Ko identified both the KZA-100 and KZA-200 models in its responses to interrogatories dated January 26, 2009, as well as, produced documents directed to the KZA-200 model as early as January 2009. Subsequently, Hillman named the second generation, KZA-200 machine in its request for physical production dated February 13, 2009. Further, on April 9, 2009, Hillman physically inspected both the KZA-100 and KZA-200 generation models, at which time both still photography pictures and video was taken of the two machines in both operating and non-operating conditions. Finally, on April 30, 2009, Hillman requested leave of the Court to file a

Second Amended Answer that specifically named the second generation KZA-200 key-cutting machine. *See* Hillman's Second Amended Answer ¶23.

28. Hillman's Counterclaim expressly asserts a claim for patent infringement against <u>any</u> Hy-Ko key-cutting device that infringes the '894 Patent. *See* Hillman's Answer and Counterclaim, ¶10. Hillman also references a specific Hy-Ko key-cutting machine, model KZA-100, serial no. 00013, as an "exemplary" infringing device. *Id.*

29. In light of the facts that Hillman (i) did not limit its cease and desist letter, nor its Counterclaim in the instant action, to only Hy-Ko's key-cutting device, model KZA-100, (ii) has explicitly requested and performed detailed discovery on both the KZA-100 and KZA-200 generation models, (iii) has requested leave of the Court to file a Second Amended Complaint naming both the KZA-100 and the KZA-200, and (iii) has clearly established its propensity to sue Hy-Ko for infringement of the '894 Patent based on Hy-Ko's key-cutting machines, Hy-Ko has a continued threat of litigation by Hillman directed to both generations of Hy-Ko's key-cutting machines.

30. As Hy-Ko does not infringe, nor does it contribute to the infringement of, or induce others to infringe upon, the '894 patent, Hy-Ko seeks to end by this action the uncertainty of the present controversy with respect to all generations of its key-cutting devices arising from Hillman's continuing threat of litigation as shown by its litigious nature and actions to-date.

31. The '894 patent is invalid.

32. An actual and justiciable controversy exists between Hy-Ko and Hillman as to whether Hy-Ko infringes any valid and enforceable claim of the '894 patent by making, using, selling, and offering for sale certain key cutting devices.

33. In a Motion for Leave to File Second Amended Answer filed by Hillman on April 30, 2009, Hillman requested leave of the Court to assert infringement of the '747 patent against both generations of Hy-Ko's key-cutting machines. At no point prior to April 30, 2009 did Hillman assert or raise any issue with respect to any alleged infringement of the '747 patent by any Hy-Ko product.

34. In light of Hillman's request for leave of the court to file its Second Amended Answer, it is clear that Hy-Ko faces a substantial and unambiguous threat of litigation directed against both generations of Hy-Ko's key-cutting machines, model KZA-100 and KZA-200, based on Hillman asserting the '747 patent.

35. As Hy-Ko does not infringe, nor does it contribute to the infringement of, or induce others to infringe upon, the '747 patent, Hy-Ko seeks to end by this action the uncertainty of the present controversy with respect to all generations of its key-cutting devices arising from Hillman's continuing threat of litigation as shown by its litigious nature and actions to-date.

36. The '747 patent is invalid.

37. An actual and justiciable controversy exists between Hy-Ko and Hillman as to whether Hy-Ko infringes any valid and enforceable claim of the '747 patent by making, using, selling, and offering for sale certain key cutting devices.

## COUNT I
### Declaratory Judgment of Patent Noninfringement

38. Hy-Ko adopts and incorporate by reference, as if fully written herein, the allegations set forth in Paragraphs 1-37 of this Second Amended Complaint.

39. Hy-Ko's making, using, selling, and/or offering for sale of any of its key cutting devices, including key-cutting models KZA-100 and KZA-200, does not directly infringe, or infringe under the doctrine of equivalents, any valid claim of the '894 patent.

40. Hy-Ko's key-cutting models KZA-100 and KZA-200 do not fall within the scope of any valid, enforceable claim of the '894 Patent.

41. Hy-Ko does not contribute to the infringement of, or induce others to infringe, the '894 patent.

## COUNT II
### Declaratory Judgment of Patent Noninfringement

42. Hy-Ko adopts and incorporate by reference, as if fully written herein, the allegations set forth in Paragraphs 1-41 of this Second Amended Complaint.

43. Hy-Ko's making, using, selling, and/or offering for sale of any of its key cutting devices, including key-cutting models KZA-100 and KZA-200, does not directly infringe, or infringe under the doctrine of equivalents, any valid claim of the '747 patent.

44. Hy-Ko's key-cutting models KZA-100 and KZA-200 do not fall within the scope of any valid, enforceable claim of the '747 Patent.

45. Hy-Ko does not contribute to the infringement of, or induce others to infringe, the '747 patent.

## COUNT III
### Declaratory Judgment of Patent Invalidity

46. Hy-Ko adopts and incorporates by reference, as if fully written herein, the allegations set forth in Paragraphs 1-45 of this Second Amended Complaint.

47. Each claim of Hillman's '894 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 102, 103, and 112.

## COUNT IV
### Declaratory Judgment of Patent Invalidity

48. Hy-Ko adopts and incorporates by reference, as if fully written herein, the allegations set forth in Paragraphs 1-47 of this Second Amended Complaint.

49. Each claim of Hillman's '747 patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 102, 103, and 112.

## PRAYER FOR RELIEF

WHEREFORE, Hy-Ko Products Company and Aurora Properties demand the following relief:

1) A Declaratory Judgment that Hy-Ko Products Company and Aurora Properties are not liable for directly infringing, or contributing to, or inducing the infringement of, any claim of the '894 patent;

2) A Declaratory Judgment that Hy-Ko Products Company and Aurora Properties are not liable for directly infringing, or contributing to, or inducing the infringement of, any claim of the '747 patent;

3) A Declaratory Judgment that Hy-Ko's key-cutting models KZA-100 and KZA-200 do not fall within the scope of any valid, enforceable claim of the '894 Patent.

4) A Declaratory Judgment that Hy-Ko's key-cutting models KZA-100 and KZA-200 do not fall within the scope of any valid, enforceable claim of the '747 Patent.

5) A Declaratory Judgment that each claim of the '894 patent is invalid;

6) A Declaratory Judgment that each claim of the '747 patent is invalid;

7) A Declaratory Judgment that each claim of the '894 patent is unenforceable with respect to Hy-Ko Products Company and Aurora Properties;

8) A Declaratory Judgment that each claim of the '747 patent is unenforceable with respect to Hy-Ko Products Company and Aurora Properties; and

9) Such further relief as the Court may deem just and proper, including the costs of this action, and reasonable attorney fees.

## JURY DEMAND

Hy-Ko respectfully demands a trial by jury of all issues so triable at law.

Respectfully Submitted,


/s/ Gary L. Walters
STEVEN S. KAUFMAN (0016662)
    *Steven.Kaufman@ThompsonHine.com*
O. JUDSON SCHEAF, III (0040285)
    *Judson.Scheaf@ThompsonHine.com*
MEGAN D. DORTENZO 0079047
    *Megan.Dortenzo@ThompsonHine.com*
GARY L. WALTERS (0071572)
    *Gary.Walters@ThompsonHine.com*
HOLLY H. ARMSTRONG
    *Holly.Armstrong@ThompsonHine.com*
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
(216) 566-5500
(216) 566-5800 (Facsimile)


*Attorneys for Plaintiff Hy-Ko Products Company
and Aurora Properties Holding Company, LLC*

## CERTIFICATE OF SERVICE

A copy of the foregoing *Second Amended Complaint for Declaratory Judgment of Noninfringement, Invalidity, and Unenforceability of Patent Nos. 7,114,894 and 6,064,747* was filed electronically this 8th day of May, 2009. Parties will receive notice through the Court's electronic filing system.

/s/ Gary L. Walters
One of the Attorneys for Plaintiffs