IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HY-KO PRODUCTS COMPANY, *et al.* ) | Civil Action No. 5:08cv1961 (Dowd) |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE DOWD |
| vs. ) | |
| ) | |
| THE HILLMAN GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and pursuant to the stipulation of all parties to this action, in order to preserve and maintain the confidentiality of information in documents to be produced and received between Plaintiffs HY-KO PRODUCTS COMPANY and AURORA PROPERTIES HOLDING COMPANY, LLC (collectively, "Hy-Ko") and Defendant THE HILLMAN GROUP, INC. ("Hillman") (collectively, the "Parties") in the above-captioned action:

IT IS HEREBY ORDERED THAT the following procedures shall govern the discovery conducted pursuant to the Order:

1. Documents and information to be produced by the Parties or a Third Party pursuant to the Federal Rules of Civil Procedure ("Discovery Materials") which contain confidential or proprietary information, and all information derived from such documents including but not limited to extracts, memoranda, notes and correspondence quoting from or summarizing such information, shall hereafter be referred to as "Protected Documents." The word "documents" is used in its broadest sense and means all written and computerized materials, videotapes and all other tangible items and items in magnetic or electronic form. A document shall be considered a Protected Document, and given confidential treatment as described below, if the producing party designates it as either "Confidential" or "For Attorneys' Eyes Only."

2. **"Confidential"** refers to Protected Documents that a Party in good faith regards as confidential or proprietary information that is sensitive, as well as any copies or summaries of such information or materials that otherwise reveal the contents of such information, and is not otherwise categorized as "Attorneys' Eyes Only", and includes: (1) non-specific and non-detailed technical and design details for hardware and software; (2) trade secrets; and (3) any other information the disclosure of which is likely to cause competitive harm to the Parties.

3. **"Attorneys' Eyes Only"** refers to Protected Documents that a Party in good faith regards as confidential or proprietary information that is particularly sensitive, as well as any copies or summaries of such information or materials that otherwise reveal the contents of such information, and includes: (1) manufacturing specifications, drawings, design options and studies that include "build-to" dimensions, tolerances, specifications and instructions for the manufacturing process; (2) future, in-development enhancements and improvements in hardware and software that have not been incorporated into a commercially available product; (3) confidential business or financial information, including but not limited to marketing studies and analyses, profit and margin calculations and forecasts, vendor pricing, costs; and (4) proprietary source code.

4. All or any portion of any Discovery Materials may be designated as Confidential or For Attorneys' Eyes Only provided such designation is made in good faith, and, once designated, such material shall be treated as Confidential or For Attorneys' Eyes Only, as appropriate, under the terms of this Stipulated Protective Order until such designation is withdrawn by the producing Party or by further order of this Court.

5. Documents may be designated as Confidential by placing a stamp on each page that reads "CONFIDENTIAL."  Documents may be designated as For Attorneys' Eyes Only by placing a stamp on each page that, in substance, reads "FOR ATTORNEYS' EYES ONLY." Electronically stored information may be designated as Confidential by placing a mark that reads "CONFIDENTIAL" on the information or media containing the information.

Electronically stored information may be designated as For Attorneys' Eyes Only by placing a mark that, in substance, reads "FOR ATTORNEYS' EYES ONLY" on the information or media containing the information.

6. Except upon the prior written consent of the Party producing the document or evidence (the "producing Party"), or upon further order of the Court, Discovery Materials produced to a Party (the "non-producing Party") that are marked CONFIDENTIAL may be shown, disseminated, discussed, or disclosed only to the following persons:

    a. The Parties' counsel of record in this action;

    b. Employees of the Parties' counsel of record to the extent reasonably necessary for the conduct of this litigation;

    c. Four, and only a total of four, designated business persons on behalf of each Party, identified in advance to the other Party in writing;

    d. Outside experts and consultants retained by the Parties in good faith for the preparation or hearing of this action, and their employees or support staff to the extent reasonably necessary to provide such assistance, provided that such consultant or expert, or any of their employees or support staff, is not a present employee, officer or director of a Party;

    e. Stenographic reporters and videographers engaged for depositions or proceedings necessary to this action;

    f. Employees of outside copy services used to make copies of Confidential documents; and

    g. The Court and its staff.

7. Except upon the prior written consent of the Party producing the documents or evidence, or upon further order of the Court, Discovery Materials produced that are marked FOR ATTORNEYS' EYES ONLY may be shown, disseminated, discussed, or disclosed only to the following persons:

    a.    The Parties' counsel of record in this action;

    b.    Employees of the Parties' counsel of record to the extent reasonably necessary for the conduct of this litigation;

    c.    Outside experts and consultants retained by the Parties in good faith for the preparation or hearing of this action, and their employees or support staff to the extent reasonably necessary to provide such assistance, provided that such consultant or expert, or any of their employees or support staff, is not a present employee, officer, director or consultant of a Party, and any such outside expert or consultant so retained by the Parties is precluded from employment or a further consulting engagement by the Parties for a period of one year from the end of the retention;

    d.    Stenographic reporters and videographers engaged for depositions or proceedings necessary to this action;

    e.    Employees of outside copy services used to make copies of For Attorneys' Eyes Only documents; and

    f.    The Court and its staff.

8.    Before receiving access to any of the Protected Documents or the information contained therein, each person described in subparagraphs 6(c), 6(d), and 7(c) above shall be advised of the terms of this Stipulated Protective Order, shall be given a copy of this Stipulated Protective Order, and shall agree in writing to be bound by its terms and to be subject to the jurisdiction of the Court, by signing a declaration in the form attached as Exhibit A, or, if during a deposition, then by oral declaration on the record in substantially the same language as Exhibit A.

9.    Prior to designating any material as "Confidential" or "For Attorneys' Eyes Only," the producing Party will make a bona fide determination that the material is, in fact, subject to the Protective Order. If the non-producing Party disagrees with the designation of

any document, it will so notify the producing Party in writing and, if the Parties cannot resolve the issue, the non-producing Party will have the option to apply to the Court to set a hearing for the purpose of establishing that the document is not so protected.  The producing Party has the burden of proving that a Protected Document contains such designated protected information.  The non-producing Party will treat any document so-marked as "Confidential" or "For Attorneys' Eyes Only" until the Court enters a contrary ruling on the matter.

     10.    Within sixty (60) days after final termination of this action, including any appeals, the non-producing Party shall, through their counsel, provide written confirmation to the producing Party's counsel that all Protected Documents have been destroyed or returned, provided that counsel of record for the Parties may keep a copy of all pleadings and correspondence in this litigation and any attorney work-product, and further provided that all retained Protected Documents shall be treated in accordance with the terms of this Stipulated Protective Order.  Each expert and consultant who received copies of such documents shall certify that he or she has returned to counsel for the Parties, or has destroyed, all notes, memoranda, or other documents created by that expert or consultant from or containing information contained in the Protected Documents.

     11.    To the extent that Protected Documents or information contained therein are used in the taking of depositions, at any hearing or in any filing with the Court, such documents or information shall remain subject to the provisions of this Stipulated Protective Order and shall be submitted to the Court in a sealed envelope or container clearly marked "CONFIDENTIAL" and with a statement substantially in the following form:

> This envelope contains documents which are filed in this case by [name of party] and which are confidential pursuant to the Protective Order entered in this case.  This envelope is to remain sealed and its contents disclosed only to the Court and those persons authorized to view its contents under the terms of the Protective Order.

Such documents are to be maintained under seal by the clerk or court reporter.

12. With respect to any deposition or hearing transcript, a Party, on the record or within thirty (30) days after receipt of the transcript, may designate deposition exhibits, transcripts or portions of the transcript and/or exhibits as "Confidential" and/or "For Attorneys' Eyes Only" under this Stipulated Protective Order. During the first thirty (30) days following receipt of a transcript, the entire transcript shall be treated as "Attorneys' Eyes Only."

13. Responses to interrogatories and responses to requests for production of documents, information or things, may be designated as Confidential or For Attorneys' Eyes Only by placing, in substance, the mark "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" as appropriate, on the first page of such document and on any pages that contain Confidential or For Attorneys' Eyes Only information.

14. In the event that any Party inadvertently fails to designate any Discovery Material as Confidential or For Attorneys' Eyes Only, that material shall still be treated as such provided the producing Party provides written notice to the non-producing Party, as soon as practicable, designating the material as Confidential or For Attorneys' Eyes Only. Upon receipt of such written notice, the non-producing Party shall treat the designated material as Confidential or For Attorneys' Eyes Only and shall stamp or mark it accordingly, or if the producing Party provides correctly designated copies of the material, destroy the mis-designated material or return it to the producing Party.

15. If any Confidential or For Attorneys' Eyes Only document is disclosed to any person other than as permitted by Paragraphs 6, 7, and 8 of this Stipulated Protective Order, the disclosing Party shall, upon discovery of the disclosure, immediately inform the producing Party of all facts pertinent to the disclosure, including the name, address, and employer of the person to whom the disclosure was made. The disclosing Party shall take all reasonable steps to prevent any further disclosure of the Confidential or For Attorneys' Eyes Only information.

16. If Discovery Material is inadvertently produced that is subject to a claim of privilege or of protection as attorney work-product and the producing Party notifies the non-

producing Party of the claim and the basis for it, then: (a) such disclosure shall be without prejudice to any claim of privilege or protection; (b) the non-producing Party shall not argue that such production constitutes waiver of any claim of privilege or protection; (c) the non-producing Party shall promptly return or destroy the material in question and any copies. If the non-producing Party in good faith disputes the claim of privilege or protection, the non-producing Party may maintain one copy of the disputed material, provided it promptly presents the information to the Court under seal for a determination of the claim. If the non-producing Party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing Party must preserve the information until the claim is resolved.

17. Counsel for the Parties will maintain a list of all persons to whom any Protected Document is provided. The list shall be available for inspection by the Court and, upon request, by the producing Party.

18. All parties reserve the right to apply to the Court for an order modifying or amending the terms of this Protective Order, either upon consent of the other Party or upon a showing of good cause and other appropriate showing under the particular circumstances.

19. This Stipulated Protective Order shall be binding upon the Parties, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

20. Nothing in this Stipulated Protective Order shall be construed to limit the Parties use or disclosure of their own materials.

STIPULATED HERETO BY:


/s/ Christopher P. Isaac                    /s/ Gary L. Walters
Christopher P. Isaac                        Stephen S. Kaufman (0016662)
Judy W. Chung                               Megan D. Dortenzo (0079047)

| | |
|---|---|
| **FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.**<br>Two Freedom Square<br>11955 Freedom Drive<br>Reston, VA  20190-5675<br>chris.isaac@finnegan.com<br>Tel.    571.203.2700<br>Fax.   202.408.4400<br><br>Daniel F. Gourash, Esq. (0032413)<br>**SEELEY, SAVIDGE, EBERT & GOURASH CO., LPA**<br>26600 Detroit Rd<br>Cleveland, Ohio  44145-2397<br>Tel.    216.566.8200<br>Fax.   216.566.0213<br><br>*Attorneys for Defendant*<br>*The Hillman Group, Inc.* | Gary L. Walters (0071572)<br>Holly H. Armstrong (0084054)<br>**THOMPSON HINE LLP**<br>3900 Key Center<br>127 Public Square<br>Cleveland, OH  44114-1291<br>Steve.Kaufman@ThompsonHine.com<br>Megan.Dortenzo@ThompsonHine.com<br>Gary.Walters@ThompsonHine.com<br>Tel.    216.566.5500<br>Fax.   216.566.5800<br><br>O. Judson Scheaf, III<br>**THOMPSON HINE LLP**<br>10 West Broad Street Suite 700<br>Columbus, Ohio 43215-3435<br>Jud.Scheaf@ThompsonHine.com<br>Tel:    614.469.3200<br>Fax:   614.469.3361<br><br>*Attorneys for Plaintiffs*<br>*Hy-Ko Products Company and Aurora Properties Holding Company, LLC* |

IT IS SO ORDERED, this _____ day of June, 2009.

                                                                     Hon. David D. Dowd<br>                                                                     U.S. District Court Judge

## **EXHIBIT A**

I have reviewed the Stipulated Protective Order, dated June____, 2009 (the "Stipulated Protective Order") in the matter of *Hy-Ko Products Company v. The Hillman Group, Inc.* Case No. 5:08cv1961.  I understand that pursuant to the Stipulated Protective Order, information disclosed in this matter through discovery  shall be held confidential pursuant to the terms of the Stipulated Protective Order.  I hereby agree to be bound by the terms of the Stipulated Protective Order, including all provisions relating to the treatment of confidential information.

Dated at _____, this _____ day of _____, 2009.

Signature: _____

Printed Name:  _____

Address:  _____

_____