**THOMPSON HINE**

ATLANTA     CINCINNATI     COLUMBUS     NEW YORK
BRUSSELS     CLEVELAND     DAYTON     WASHINGTON, D.C.

July 10, 2009

The Honorable David D. Dowd, Jr.
United States District Court
Northern District of Ohio, Eastern Division
402 United States Court House
Federal Building
Two South Main Street
Akron, OH 44308-1813

RE: *Hy-Ko Products Company vs. The Hillman Group, Inc.*
      Case No. 5:08-cv-1961 – Request for Telephonic Discovery Conference

Dear Judge Dowd:

I represent plaintiffs in this proceeding and am writing to you pursuant to Local Rule 37.1 regarding a discovery impasse that has ensued. I certify that we have made a sincere and good-faith effort to resolve these differences prior to involving the Court. Unfortunately, however, the timing of three important depositions slated for Phoenix, Arizona next week compels that I seek the Court's involvement at this time. Indeed, as the Court is aware, the discovery cut-off relating to fact issues surrounding defendant's '894 Patent is August 15, 2009 -- four weeks from now.

At the heart of this dispute is plaintiffs' desire to take the individual deposition in Arizona next week of George Heredia. Mr. Heredia is employed by Hillman and is inextricably intertwined in all aspects of this lawsuit. Among other things, Mr. Heredia has knowledge of Hillman's acquisition and use of "prior art", the oversight of the development of the Hillman '894 Patent technology, his likely involvement in the prosecution of that patent, his investigation of Hy-Ko's competing technology, and the decision that Hy-Ko's technology allegedly infringes Hillman's '894 Patent. There are literally hundreds of important documents that Hillman has produced relating to Mr. Heredia. In addition to his personal knowledge, Hillman has informed us that Mr. Heredia will be its Rule 30(b)(6) deponent on virtually every topic relating to this lawsuit. I am not certain how long Mr. Heredia's individual deposition will take next week, but I am certain that it will in good-faith take more than the seven hours permitted under the rules. We requested two days for Mr. Heredia's individual deposition, and we scheduled July 15 and 16, **but** have been unable to reach an agreement that the second day, if reasonably necessary, can be used to complete it. Instead, defendants have insisted that the second day be devoted to taking Mr. Heredia's deposition as its Rule 30(b)(6) deponent lest that opportunity be forever "forfeited," in defense counsel's words. That is neither possible nor reasonable because there are a number of depositions that must be taken and completed prior to any Hillman Rule 30(b)(6) deposition, as well as the digestion of the vast amount of material relating to Mr. Heredia. It is not my intention to needlessly depose Mr. Heredia in his individual capacity, but I am requesting leave to take his individual deposition for up to an additional seven hours if reasonably necessary. Enclosed is a copy of correspondence to Hillman's counsel, Mr. Isaac, detailing our position on these issues. Given that there are attorneys and clients traveling from Ohio and Washington, D.C. to Arizona next week, we had hoped to reach an understanding prior to commencing Mr. Heredia's deposition.

Steven.Kaufman@thompsonhine.com    Phone 216.566.5528    Fax 216.566.5800            rv 619196.1

---

THOMPSON HINE LLP     3900 Key Center     www.ThompsonHine.com
ATTORNEYS AT LAW     127 Public Square     Phone 216.566.5500
                               Cleveland, Ohio 44114-1291     Fax 216.566.5800

THOMPSON HINE

The Honorable David D. Dowd, Jr.
July 10, 2009
Page 2

I understand that you have a criminal proceeding beginning on Monday. The purpose of this letter is to request an audience with the Court to bring closure to this dispute prior to counsel leaving for Arizona, and incurring the attendant costs. I understand that Hillman's counsel, Mr. Isaac is also available today for a telephonic conference and I therefore respectfully request that one can be held on this topic at the Court's earliest convenience.

By copy to counsel of record, I am apprising them of this communication.

Very truly yours,

Steven S. Kaufman

Attachment

cc: Sandra Denman, Esq. *(via e-mail)*
    Christopher P. Isaac, Esq. *(via e-mail and regular U.S. mail)*
    Daniel Gourash, Esq. *(via e-mail and regular U.S. mail)*
    O. Judson Scheaf, Esq.

THOMPSON HINE

| ATLANTA | CINCINNATI | COLUMBUS | NEW YORK |
| BRUSSELS | CLEVELAND | DAYTON | WASHINGTON, D.C. |

July 9, 2009

*Via E-mail and Regular U.S. Mail*

Christopher P. Isaac Esq.
Finnegan Henderson LLP
901 New York Avenue NW
Washington, DC 20001-4413

RE: *Hy-Ko v. Hillman*
Unresolved Deposition Scheduling Disputes and Document Production Issues – All Related to Hy-Ko's Deposition and Document Requests

Dear Chris:

I wanted to summarize the conclusion of our discussion today, which is the third one you and I have had over the last two days and which have been the subject of discussion for the last few weeks. We discussed the outstanding depositions noticed and for which (in most cases) subpoenas have been served, and for which you have repeatedly failed to provide acceptable/workable dates for us. Every deposition you have requested of Hy-Ko has been scheduled at a time convenient for you.

This letter is lengthy but indicative of the problems created for us rather than the problem-solving effort we did expect from you. We regret to have to burden the Court with this problem but you have effectively blocked our efforts to obtain this discovery within the discovery period and in a way that was meaningful for the plaintiffs.

## George Heredia Individual Deposition

Mr. Heredia has been subpoenaed and noticed for deposition for Wednesday, July 15, in Phoenix. You agreed to that date. However, on June 23, we requested that you reserve a second date for the completion of the Heredia deposition in the event that it ran in excess of 7 hours. We told you he is knowledgeable on a huge expanse of relevant discovery. It is clear that there will be significant **individual knowledge testimony** to be obtained from Mr. Heredia as:

(a) he is the Hillman senior management employee who has run the Hillman key-cutting program from its inception to date;

(b) he is the individual who acquired or was involved in the acquisition of various technologies at issue;

(c) he is the person who runs and has run Hillman's key-cutting business;

Steve.Kaufman@ThompsonHine.com  Phone 216.566.5528  Fax 216.566.5800          mcc 11468416.1

THOMPSON HINE LLP      3900 Key Center            www.ThompsonHine.com
ATTORNEYS AT LAW       127 Public Square          Phone 216.566.5500
                       Cleveland, Ohio 44114-1291 Fax 216.566.5800

**THOMPSON HINE**

Mr. Christopher Isaac
July 9, 2009
Page 2

> (d) he was personally involved for Hillman in the patent development communications with the inventors and prosecution; and
>
> (e) he was involved in most of the events regarding claims of alleged infringement.

At the end of all of our discussions which have taken place on this subject over the course of the last three weeks, your final position is that you might go an extra hour or two the evening of July 17, but under no circumstances would you agree to allow me to approach the court at that point in the deposition for permission for additional time if it is needed. You also refuse to have Mr. Heredia available the next day, if the Court that morning did agree to allow additional times. We could have proceeded to finish the deposition while we were in Arizona (even though you had told us July 15 and 16 were both open days for Heredia's deposition) if you had been so cooperative.

### Hillman 30(b)(6) Deposition

We issued a 30(b)(6) deposition for Hillman Group for noticed topics, and your response to the 30(b)(6) notice indicated to me that for all topics for which Hillman agreed to produce a witness, that **George Heredia will be the designated Hillman representative**. As to the date for this 30(b)(6) deposition, the final position you took with me today, after the three discussions, was that:

- you would only produce Heredia for this 30(b)(6) deposition on July 16 in Arizona; and

- that if we did not agree to take the 30(b)(6) deposition on that date, you would consider that we had "forfeited" the right to take the 30(b)(6) deposition of Hillman.

Rather, we indicated that it was our discovery plan to take that deposition subsequent to the completion of other depositions, permitting further preparation by us for the deposition following the **four other depositions in Phoenix on July 14, 15 and 17** and the resolution of disputes raised in your responses to the notice. Accordingly, we noticed the 30(b)(6) deposition for Hillman to appear in Ohio (where Hillman filed its counterclaims):

- We provided you the dates of July 28 or 29, when Mr. Heredia will be travelling to Ohio to appear for the status conference before Judge Dowd on July 30. You told us Mr. Heredia was busy with business on those dates. (You will recall that the original case management order set a status conference with Judge Dowd for the week of July 20 and

**THOMPSON HINE**

Mr. Christopher Isaac
July 9, 2009
Page 3

> that you asked to change the date due to a subsequently scheduled personal vacation of Mr. Heredia that week.)
>
> - We alternatively gave you times during the week of August 5 or August 12 to work with.
>
> - You indicated that your vacation would take place during the week of August 12 and that no depositions could take place that week, notwithstanding the fact that the discovery is set to close on August 15 by Court order.
>
> - **You have indicated that you will not provide any other dates for the 30(b)(6) deposition other than the July 16 date in Phoenix, Arizona,** and that if we don't use it, it is your position my client has "forfeited" its right.
>
> - We then said another lawyer would take the deposition during the week of August 5, and you said your position remains that he will not be made available to us that week either.

### Mick Hillman Deposition

You are trying to force me to take this deposition after the close of discovery on August 15. You originally committed to make Mr. Hillman available for deposition pursuant to his subpoena on Monday, July 20. I agreed not only to the date but also to my anticipated limit of it to approximately six hours due to your statement that he was only available to start a noon (because you needed the morning to prepare him and because you then had to make an 8:30 pm flight to Cleveland to take a Hy-Ko deposition the next day). After we reached agreement on the date and time, you then contacted me the same day and told me that you had to cancel it because Mr. Hillman's business schedule necessitated a change, and he was no longer available.

I then gave you the dates of July 21, 23 and 24. In response to your offer of July 22 in Cincinnati, I told you I could not appear on July 22 in Cincinnati but could take it in Cleveland, due to a personal medical appointment I have in Cleveland that day. You told me he is **now unavailable anywhere on the 22nd**. You then made Mr. Hillman available to us on August 3 and 5 (when I am taking my first family vacation in two years). You suggested we schedule this deposition after the close of discovery, but I am unwilling to do so at this time because I could not agree to such a change in the Court ordered schedule.

# THOMPSON HINE

Mr. Christopher Isaac
July 9, 2009
Page 4

Finally, we had asked in our initial discovery for documents that would include Axxess' acquisition of the Cole assets, as well as Hillman's acquisition of Cole. Despite several follow up requests, we still have not received that information. We reserve the right to re-open any deposition where follow up is required by the tardy production of that information.

We have exhausted our efforts to reach an acceptable date for each of these depositions that we want to take. You have received deposition dates for every witness you want to depose. We will proceed to ask for the Court's help here.

Very truly yours,

*[signature: Steve Kaufman]*

Steven S. Kaufman

cc: O. Judson Scheaf, Esq.
     Gary L. Walters, Esq.
     Daniel Gourash, Esq.