AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| Hy-Ko Products, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 5:08 CV 1961 |
| The Hillman Group, Inc. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

To: Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Two Freedom Square, 11955 Freedom Drive, Reston, VA 20190 (ATTN: Christopher P. Isaac)

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Schedule A attached hereto.

| Place: Thompson Hine LLP<br>3900 Key Center, 127 Public Square<br>Cleveland, OH 44114 | Date and Time:<br>07/20/2009 12:00 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 7/2/09

CLERK OF COURT                               OR       *[signature]*

_____                              _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Plaintiff Hy-Ko Products
_____, who issues or requests this subpoena, are:
Gary L. Walters, Thompson Hine LLP, 3900 Key Center, 127 Public Square, Cleveland, OH 44114

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
## Northern District of Ohio

Case Number: 5:08 CV 1961

Plaintiff:
**Hy-Ko Products, et al.**
vs.
Defendant:
**The Hillman Group, Inc.**

Received by Rennillo Court Reporting on the 2nd day of July, 2009 at 3:38 pm to be served on **Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Attn: Christopher P. Isaac, Two Freedom Square, 11955 Freedom Drive, Reston, VA 20190.**

I, Glorismel Portillo, being duly sworn, depose and say that on the **6th day of July, 2009 at 12:11 pm, I:**

**SUBSTITUTE** served by delivering a true copy of the **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES**, to: **Christopher P. Foley as Partner**, a person employed therein and authorized to accept service for **Finnegan, Henderson, Farabow, Garrett & Dunner, LLP**, at the address of: **Two Freedom Square, 11955 Freedom Drive, Reston, VA 20190**, the within named person's usual place of **Work**, in compliance with State Statutes.

**Description of Person Served:** Age: 50s, Sex: M, Race/Skin Color: White, Height: 5'9, Weight: 170, Hair: White, Glasses: Y

I certify that I am a United States citizen, over the age of 18 and not a party to, nor otherwise interested in the above action.

FINNEGAN | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

TWO FREEDOM SQUARE
11955 FREEDOM DRIVE
RESTON, VA 20190-5675
57 203.2700 FAX: 202.408.4400

WWW.FINNEGAN.COM



Glorismel Portillo

Subscribed and Sworn to before me on the 6th day of July, 2009 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

My Commission Expires:

Notary Registration Number:

**Rennillo Court Reporting**
100 Erieview Tower
1301 East Ninth Street
Cleveland, OH 44114
(216) 523-1313
Our Job Serial Number: 2009001895

Copyright © 1992-2008 Database Services, Inc - Process Server's Toolbox V6.3k

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(I) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(II) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(I) fails to allow a reasonable time to comply;

(II) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(III) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(IV) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(I) disclosing a trade secret or other confidential research, development, or commercial information;

(II) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(III) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(I) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(II) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(I) expressly make the claim; and

(II) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

### Definitions and Instructions

1. "Document" shall mean each and every document as defined in federal rule of civil procedure 34 in your possession, custody or control, however and by whomever prepared, produced, reproduced, disseminated or made, in any form (including without limitation electronically or magnetically stored data), wherever located, whether a copy, draft or original, including, but not limited to the following: Letters, minutes, correspondence, notes or summaries of conversations, memoranda, agreements, desk calendars, appointment books, diaries, books, manuals, bulletins, circulars, catalogs, charts, electronic mail or e-mail transcripts, reports, studies, evaluations, analyses, graphs, notices, notes, notebooks, journals, statistical records, maps, laboratory results, sketches, data sheets, data compilations, computer data sheets, photographs, movie film, videotapes, sound recordings, microphone, microfiche and any other written, printed, typed, recorded or graphic matter from which information can be obtained or can be translated through detection devices in a reasonably useful form.

2. The use of the singular form of any word includes the plural and vice versa.

3. The word "communication" means each and every disclosure, transfer or exchange of information (in the form of facts, ideas, or otherwise), whether oral or in writing, and whether in person, by telephone, by mail, facsimile, electronic mail or otherwise.

4. The words "relating to" or "in connection with" mean directly or indirectly evidencing, mentioning, describing, referring to, pertaining to, or reflecting upon the stated subject matter.

5. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make a request inclusive rather than exclusive.

6. The words "any" and "all" shall be considered to include "each" and "each and every."

7.  If you object to the production of any document or any part thereof under the claim of privilege or work product, identify the document in a manner sufficient to enable the court to rule upon the claim of privilege or work product by stating, as to each such document, the date of the document, its sender(s), preparer(s), its addressee(s), the person(s), to whom the document was shown or to whom copies were furnished, the subject matter of the document and the person in whose custody the document is presently located.

8.  If you do not clearly understand, or have any questions about the definitions, instructions or any requests for documents, please contact Gary L. Walters, counsel for Hy-Ko Products Co., *Gary.Walters@ThompsonHine.com*, (216) 566-5730, Thompson Hine LLP, 3900 Key Center, 127 Public Square, OH 44114, promptly for clarification.

### Documents to be Produced

1.  All documents relating to, memorializing or constituting communications with PTO Examiner Cadugan, in connection with the telephonic interview with Examiner Cadugan regarding the prosecution of U.S. Patent Application No. 10/105,187 (filed 26 March 2002) held on December 17, 2003.

2.  All documents relating to, memorializing or constituting communications with PTO Examiner Cadugan, in connection with the telephonic interview with Examiner Cadugan regarding the prosecution of U.S. Patent Application No. 10/105,187 (filed 26 March 2002) held on February 2, 2003.

3.  To the extent not requested above, all documents relating to, memorializing, or constituting the substance of any non-privileged communications with the U.S. Patent & Trademark Office, any PTO Examiner, or any other third-party, regarding in any way U.S. Patent Application No. 10/105, 187 or Patent No. 7,114,894.