# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **HY-KO PRODUCTS COMPANY,** *et al.* | CASE NO. 5:08cv1961 |
| Plaintiffs, | |
| | **JUDGE DOWD** |
| v. | |
| **THE HILLMAN GROUP, INC.,** | |
| Defendant. | **PROPOSED AMENDED SCHEDULING ORDER** |

Previously pending before the Court was an action whereby Hy-Ko seeks a judicial declaration that its key-cutting machines do not infringe Hillman's U.S. Patent No. 7,114,894 ("the '894 patent") and whether this patent is invalid. The Court previously issued a scheduling order as to the '894 patent, and the parties are currently in the midst of discovery as to the '894 patent. The pleadings, as most recently amended on May 8, 2009 include a new claim by which Hy-Ko seeks a judicial declaration that its key-cutting machines do not infringe a different patent, Hillman's U.S. Patent No. 6,064,747 ("the '747 patent"), and whether this patent is also invalid. Because the parties are in the midst of discovery as to the '894 patent, the parties hope to proceed with discovery on the '894 patent while operating under a separate schedule for the '747 patent. The parties therefore submit the following proposed amended scheduling order going forward.

Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16(b)(3), a scheduling conference was held on May 7, 2009, attended by Christopher Isaac for The Hillman Group, Inc. and Jud Scheaf for Hy-Ko Products Company and Aurora Properties Holding Company, LLC.  There were several follow-up communications to coordinate the filing of this Proposed Scheduling Order, in advance of the July 30, 2009 status conference.

(1)     Lead Counsel for Plaintiffs is Steven S. Kaufman.

(2)     Lead Counsel for Defendant is Christopher P. Isaac.

(3)     The parties will make initial disclosures as to the '747 patent as required by Fed. R. Civ. P. 26(a)(1) on or before August 17, 2009, with documents to be produced pursuant to these disclosures no later than August 31, 2009.

(4)     The parties recommend the following track: Complex.

(5)     At this time, the parties do not believe Alternative Dispute Resolution proceedings would be effective.

(6)     The parties do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

(7)     The pleadings, as most recently amended on May 8, 2009 include a new claim involving the question of whether or not certain Hy-Ko key-cutting machines infringe the '747 patent.  As such, the issues of patent infringement of the '894 patent and the '747 patent and the validity of the '894 patent and the '747 patent will be before the Court.  Hillman has alleged that Hy-Ko willfully infringed the '894 patent and the '747 patent, so the issue of willful infringement is also before the Court.  Finally, the Court will also be presented with the issues concerning monetary damages and the entry of a permanent injunction.

(8)     Claim construction issues:

      (a)      Already scheduled date for the parties to file with the Court simultaneous briefs regarding any disputed claims construction issues as to the '894 patent: August 14, 2009.

      (b)      Already scheduled date for the Court to conduct a claims construction hearing on the '894 patent: October 1, 2009.

      (c)      Recommended date for defendant to submit to plaintiffs a claims construction chart as to the '747 patent: December 18, 2009.

      (d)      Recommended date for plaintiffs to respond in writing to defendant's claims construction chart as to the '747 patent: January 19, 2010.

      (e)      Recommended date for the parties to file with the Court a joint claims construction chart as to the '747 patent: February 18, 2010.

      (f)      Recommended date for the parties to file with the Court simultaneous briefs regarding any disputed claims construction issues as to the '747 patent: March 18, 2010.

      (g)      Recommended date for the Court to conduct a claims construction hearing on the '747 patent: April 16, 2010.

      (h)      Recommended areas of discovery to be stayed until after the completion of the '747 patent claims construction hearing: The parties recommend staying damages and willfulness discovery until after the claim construction hearing on the '747 patent.

(9)      Recommended discovery plan:

      (a)      Describe the subjects on which discovery is to be sought and the nature and extent of discovery:

          (1) Hillman: Hillman will need discovery on the design and operation of the accused Hy-Ko key-cutting machine. Hillman will also need discovery on the number of Hy-Ko's accused machines in the market and related financial information to determine the monetary

3

damages to which it is entitled. Further with respect to infringement, Hillman will need discovery on whether Hy-Ko's infringement, if any, was willful. Hillman will also need discovery relating to trade secret misappropriation and tortious interference issues.

(2) Hy-Ko: Hy-Ko anticipates needing discovery from Hillman, including but not limited to: 1) circumstances surrounding the conception, diligence, reduction to practice, filing and prosecution of the '894 patent and the '747 patent; 2) inventorship and research and development activities of the inventors related to the '894 patent and the '747 patent; 3) prior art; 4) information respecting contracts of inventors with the key-cutting machine industry; 5) circumstances surrounding any attempted or successful licensing; 6) information respecting sales and marketing efforts or and results achieved by Hillman, its parents and former parents, and other associated companies; 7) information respecting structure of the sales and marketing teams at Hillman, its parents and former parents and other associated companies; 8) matters respecting unfair competition and activities vis-à-vis competitors; 9) matters respecting inequitable conduct; and 10) matters respecting misappropriation of trade secrets.

(b)  Non-expert discovery cut-off date for liability related discovery as to the '894 patent: September 15, 2009.

(c)  Non-expert discovery cut-off date for liability related discovery limited to issues relating to the '747 patent: March 1, 2010.

(d)  Electronic discovery – the parties have agreed to a discovery plan for electronically stored information.

(e)  Plaintiffs' deadline for disclosing in writing to defendant all prior art that plaintiffs claim invalidates the '747 patent: October 7, 2009.

4

  (f) Proposed deadline for parties bearing the burden on liability of the '894 patent to identify expert(s) and provide expert reports to opposing counsel: February 15, 2010.

  (g) Proposed deadline for parties bearing the burden on liability of the '747 patent and damages/willfulness to identify expert(s) and provide expert reports to opposing counsel: August 26, 2010.

  (h) Proposed deadline for parties to identify responsive experts and provide responsive expert reports as to the '894 patent: March 15, 2010.

  (i) Proposed deadline for parties to identify responsive experts and provide responsive expert reports as to liability of the '747 patent and damages: September 27, 2010.

  (j) Proposed expert discovery cut-off date as to liability of the '894 patent: April 15, 2010.

  (k) Proposed expert discovery cut-off date as to liability of the '747 patent and damages: November 25, 2010.

(10) Recommended dispositive motion plan:

  (a) Dispositive motion deadline as to the '894 patent: May 3, 2010.

  (b) Dispositive motion deadline as to the '747 patent: November 17, 2010.

  (c) Opposition to dispositive motions deadline as to the '894 patent: May 24, 2010.

  (d) Opposition to dispositive motions deadline as to the '747 patent: December 15, 2010.

  (e) Replies in support of dispositive motions deadline as to the '894 patent: June 8, 2010.

  (f) Replies in support of dispositive motions deadline as to the '747 patent: December 30, 2010.

 (11) Recommended deadlines for plaintiffs to notify defendant whether it will assert an advice-of-counsel defense to allegations of willful infringement as to the '747 patent: January 18, 2010.

 (12) Recommended dates for status conferences: July 30, 2009 (as already scheduled) and February 16, 2010.

 (13) Recommended final pre-trial conference on the issues of liability and damages surrounding both the '894 patent and the '747 patent: January 31, 2011.

 (14) Recommended trial date for the issues of liability and damages surrounding both the '894 patent and the '747 patent: February 21, 2011.

 The parties are in disagreement as to the number of interrogatories and depositions to be permitted in this action.  The respective positions of the parties are set forth below:

 Hy-Ko Proposal:

 Hy-Ko proposes to allot to each party the number of interrogatories for each patent afforded by the Federal Rules of Civil Procedure: 25 interrogatories as to the '894 patent and a total of 25 interrogatories as to the '747 patent.  Hy-Ko also proposes to allow each side to depose, in this complex case, any witness who has information regarding both the '894 patent and the '747 patent a total of two times—once in regard to the '894 patent and once in regard to the '747 patent.  Hy-Ko further proposes that each side be allowed a total of 24 fact depositions, with no deposition to exceed seven hours, or, if a witness is deposed twice, a cumulative total of ten hours.

6

Hillman Proposal:

Hillman proposes a total of 35 interrogatories.  Hillman further proposes a total of 12 fact depositions per side, with no individual deposition to exceed seven hours.  Individuals may be deposed at separate times, but the cumulative total of such multiple depositions of an individual shall not exceed seven hours.

July 27, 2009                                                                 Respectfully submitted,

 /s/ Christopher P. Isaac                                   /s/ Gary L. Walters
CHRISTOPHER P. ISAAC                             STEVEN S. KAUFMAN (0016662)
   *chris.isaac@finnegan.com*                             *Steven.Kaufman@ThompsonHine.com*
**FINNEGAN HENDERSON FARABOW**          O. JUDSON SCHEAF, III (0040285)
**GARRETT & DUNNER, LLP**                          *Judson.Scheaf@ThompsonHine.com*
Two Freedom Square                                         MEGAN D. DORTENZO (0079047)
11955 Freedom Drive                                           *Megan.Dortenzo@ThompsonHine.com*
Reston, VA  20190                                               GARY L. WALTERS (0071572)
Telephone:  (571) 203-2700                                *Gary.Walters@ThompsonHine.com*
Fax:  (202) 408-4400                                            HOLLY H. ARMSTRONG (0084054)
                                                                              *Holly.Armstrong@ThompsonHine.com*
DANIEL F. GOURASH                                      **THOMPSON HINE LLP**
   *dfgourash@sseg-law.com*                              3900 Key Center
**SEELEY, SAVIDGE, EBERT & GOURASH**   127 Public Square
26600 Detroit Road                                             Cleveland, OH  44114
Westlake, OH  44145                                          Telephone: (216) 566-5500
(216) 566-8200                                                     Fax: (216) 566-5800

*Attorneys for Defendant The Hillman Group, LLC*

*Attorneys for Plaintiffs Hy-Ko Products Company & Aurora Properties Holding Company, LLC*

**CERTIFICATE OF SERVICE**

  I certify that a copy of the foregoing was electronically filed on July 27, 2009.  A copy of the same will be served on counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.

            /s Gary L. Walters
            *One of the Attorneys for Hy-Ko Products*
            *Company and Aurora Properties Holding*
            *Company, LLC*