**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **HY-KO PRODUCTS COMPANY,** *et al.* | ) | **CASE NO. 5:08cv1961** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **JUDGE DOWD** |
| v. | ) | |
| | ) | |
| **THE HILLMAN GROUP, INC.,** | ) | |
| | ) | |
| Defendant. | ) | **HY-KO'S PROPOSED AMENDED** |
| | ) | **SCHEDULING ORDER** |

In its Order dated July 31, 2009, this Court granted the parties leave until August 27, 2009 "to revise their proposed schedule to create a unified case management plan as to both patents which are the subject of this lawsuit" (Order, dckt. 50.).  At the status conference on July 30, 2009, The Hillman Group, Inc. ("Hillman") had told the Court of its continuing intention to prosecute infringement claims on two of its patents, Hillman's U.S. Patent No. 7,114,894 ("the '894 patent") and Hillman's U.S. Patent No. 6,064,747 ("the '747 patent").  Pursuant to the Court's Order, Fed. R. Civ. P. 26(f), and L.R. 16(b)(3), on August 3, August 4, and August 5, 2009, the parties endeavored to coordinate the filing of such a proposed schedule.  However, on August 18, 2009, a mere nine days before the unified case management deadline, Hillman surprisingly informed Hy-Ko Products Company and Aurora Properties Holding Company, LLC (collectively, "Hy-Ko") that it intends to seek dismissal of its claims relating to the '747 patent.

After several months of costly litigation relating to the '747 patent that Hillman sought leave to put at issue in this lawsuit, and for the reasons that will be more fully explained in Hy-Ko's opposition to Hillman's anticipated motion to dismiss those claims, absent a complete release relating to the '747 patent, a live controversy still exists between the parties.

Indeed, Hy-Ko offered to join Hillman's request to dismiss the '747 patent claims on the condition that it would not be faced with the specter of those claims in the future.  That is especially important given that in a matter of days, Hy-Ko will be releasing into the market its completed KZA-200 key identification system, a system that Hillman obstinately and unreasonably refuses to exempt from future litigation.  Accordingly, Hy-Ko's non-infringement of the '747 patent and the invalidity of the '747 patent remain squarely at issue now.

Despite the fact that the parties could not come to an agreement that eliminated Hy-Ko's uncertainty as to the '747 patent, Hy-Ko, pursuant to Fed. R. Civ. P. 26(f) and L.R. 16(b)(3), provided Hillman with two proposed case management schedules, subject to the outcome of the anticipated Hillman motion to dismiss its own claims relating to the '747 patent, and Hy-Ko's claims relating to the '747 patent as well.  One for a lawsuit involving the '894 patent, and another unified schedule for both the '894 patent and the '747 patent, as ordered by this Court.  The parties thereafter conferred in several telephonic conferences, but Hillman refused to agree to either proposal.

There remains a live controversy relating to the '747 patent, as will be fully outlined in an opposition to Hillman's anticipated motion to dismiss, and this Court should therefore adopt Hy-Ko's suggested case schedule relating to both patents given that Hillman has offered no counterproposal.

2

**Even if the '894 patent was the only patent remaining**, Hy-Ko **cannot** agree, even in principle, with Hillman's proposed '894 patent schedule because it severely limits the remaining discovery needed to be completed on the '894 patent and related issues.  Hy-Ko's proposal sets forth only *slightly* longer periods.  Hillman refused to agree to them.  For example, the parties have agreed to additional subject matter as presented to the Court in the Proposed Amended Scheduling Order dated July 23, 2009, including anti-competitive issues, and a number of discovery disputes exist that still need to be resolved, including the number of depositions, the length of depositions, the scheduling of the deposition of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP Pursuant to Fed. R. Civ. P. 30(b)(6), the scheduling of the deposition of The Hillman Group, Inc. Pursuant to Fed. R. Civ. P. 30(b)(6), adjudication of a pending Motion to Quash made by Kaba Ilco in the Eastern District of North Carolina, and the scheduling of the deposition of Max ("Mick") Hillman.  All of these issues need to be resolved, some in other courts, before certain portions of discovery can even occur.

As a result, Hillman's proposed fact discovery deadline is not only impractical, but also impossible to adhere to, let alone nothing more than an attempt by Hillman to obstruct Hy-Ko's ability to take discovery on the '894 patent.  Hillman injected delay into this lawsuit by belatedly adding the '747 patent.  Now, Hillman wants to prejudice Hy-Ko by collapsing the discovery time table relating to the '894 patent, which schedule was stalled solely as a result of the parties' efforts to negotiate a case schedule accommodating the newly-added issues (the '747 patent) that Hillman sought leave to add.  Hillman created the delay and now wants to take advantage of it. For example, discovery that still needs to be conducted relating to the '894 patent alone includes: (1) the deposition of Mick Hillman, (2) the deposition of Finnegan, Henderson, Farabow, Garrett and Dunner, LLP Pursuant to Fed. R. Civ. P. 30(b)(6), (3) the deposition of The Hillman Group,

Inc. Pursuant to Fed. R. Civ. P. 30(b)(6), and (4) other depositions that may be permitted once the discovery disputes regarding the number and length of depositions are resolved.

Accordingly, because the parties could not agree, Hy-Ko respectfully submits the following proposed case management plans: a unified '747 patent and '894 patent schedule pursuant to the Court's Order dated July 31, 2009; and, alternatively, an '894 patent schedule.

### I. Proposed Plan for Unified '747 Patent and '894 Patent Schedule

(1) Lead Counsel for Plaintiffs is Steven S. Kaufman.

(2) Hy-Ko proposes that the parties will make initial disclosures as to the '747 patent as required by Fed. R. Civ. P. 26(a)(1) on or before September 3, 2009, with documents to be produced pursuant to these disclosures no later than September 17, 2009. The parties have already made initial disclosures as to the '894 patent as required by Fed. R. Civ. P. 26(a)(1).

(3) Hy-Ko recommends the following track: Complex.

(4) At this time, Hy-Ko does not believe Alternative Dispute Resolution proceedings would be effective.

(5) Hy-Ko does not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

(6) The issues of patent infringement of the '894 patent and the '747 patent and the validity of the '894 patent and the '747 patent will be before the Court. Hillman has alleged that Hy-Ko willfully infringed the '894 patent, so the issue of willful infringement is also before the Court. Finally, the Court will also be presented with the issues concerning monetary damages and the entry of a permanent injunction.

4

(7) Claim construction issues:

(a) Recommended date for defendant to submit to plaintiffs a claims construction chart as to the '894 patent and '747 patent: December 18, 2009.

(b) Recommended date for plaintiffs to respond in writing to defendant's claims construction chart as to the '894 patent and the '747 patent: January 18, 2010.

(c) Recommended date for the parties to file with the Court a joint claims construction chart as to the '894 patent and the '747 patent: February 1, 2010.

(d) Recommended date for the parties to file with the Court simultaneous briefs regarding any disputed claims construction issues as to the '894 patent and the '747 patent: February 15, 2010.

(e) Recommended date for the parties to file with the Court briefs in response to the other party's claim construction brief regarding any disputed claims construction issues as to the '894 patent and the '747 patent: March 4, 2010.

(f) Recommended date for the parties to file with the Court reply briefs in support of claim construction brief regarding any disputed claims construction issues as to the '894 patent and the '747 patent: March 15, 2010.

(g) Recommended date for the Court to conduct a claims construction hearing on the '894 patent and the '747 patent: April 8, 2010.

(h) Recommended areas of discovery to be stayed until after the completion of the claims construction hearing: The parties recommend staying damages and willfulness discovery until after the claim construction hearing on the '894 patent and the '747 patent.

(8) Recommended discovery plan:

5

(a) Describe the subjects on which discovery is to be sought and the nature and extent of discovery:

(1) Hy-Ko anticipates needing discovery from Hillman, including but not limited to: 1) circumstances surrounding the conception, diligence, reduction to practice, filing and prosecution of the '894 patent and the '747 patent; 2) inventorship and research and development activities of the inventors related to the '894 patent and the '747 patent; 3) prior art; 4) information respecting contracts of inventors with the key-cutting machine industry; 5) circumstances surrounding any attempted or successful licensing; 6) information respecting sales and marketing efforts or and results achieved by Hillman, its parents and former parents, and other associated companies; 7) information respecting structure of the sales and marketing teams at Hillman, its parents and former parents and other associated companies; 8) matters respecting unfair competition and activities vis-à-vis competitors; 9) matters respecting inequitable conduct; and 10) matters respecting misappropriation of trade secrets.

(b) Non-expert discovery cut-off date for liability related discovery as to the '894 patent and the '747 patent: February 2, 2010.

(c) Electronic discovery – the parties have agreed to a discovery plan for electronically stored information.

(d) Plaintiffs' deadline for disclosing in writing to defendant all prior art that plaintiffs claim invalidates the '747 patent: October 28, 2009.  In accordance with the Court's prior Scheduling Order, plaintiffs have already disclosed in writing to defendant all prior art that plaintiffs claim invalidates the '894 patent.

(e) Proposed deadline for damages/willfulness discovery as to the '894 patent and the '747 patent: July 8, 2010.

6

  (f) Proposed deadline for party bearing the burden on liability of the '894 patent and the '747 patent and damages/willfulness to identify expert(s) and provide expert reports to opposing counsel: July 15, 2010.

  (g) Proposed deadline for parties to identify responsive experts and provide responsive expert reports as to liability of the '894 patent and the '747 patent and damages/willfulness: August 11, 2010.

  (h) Proposed expert discovery cut-off date as to liability of the '894 patent and the '747 patent and damages/willfulness: September 17, 2010.

 (9) Recommended dispositive motion plan:

  (a) Dispositive motion cutoff as to the '894 patent and the '747 patent: October 8, 2010.

 (10) Recommended deadline for plaintiffs to notify defendant whether it will assert an advice-of-counsel defense to allegations of willful infringement as to the '747 patent: January 18, 2010.  In accordance with the Court's prior Scheduling Order, plaintiffs have already notified defendants whether it will assert an advice-of-counsel defense to allegations of willful infringement as to the '894 patent.

 (11) Recommended date for status conference: February 16, 2010.

 (12) Recommended final pre-trial conference on the issues of liability and damages surrounding both the '894 patent and the '747 patent: January 5, 2011.

 (13) Recommended trial date for the issues of liability and damages surrounding both the '894 patent and the '747 patent: February 1, 2011.

7

## II. Proposed Plan for the '894 Patent Only

(1) Lead Counsel for Plaintiffs is Steven S. Kaufman.

(2) Hy-Ko recommends the following track: Complex.

(3) At this time, Hy-Ko does not believe Alternative Dispute Resolution proceedings would be effective.

(4) Hy-Ko does not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

(5) The issues of patent infringement of the '894 patent and the validity of the '894 patent will be before the Court. Hillman has alleged that Hy-Ko willfully infringed the '894 patent, so the issue of willful infringement is also before the Court. Finally, the Court will also be presented with the issues concerning monetary damages and the entry of a permanent injunction.

(6) Claim construction issues:

(a) Recommended date for the parties to file with the Court an amended joint claims construction chart as to the '894 patent: September 22, 2009.

(b) Recommended date for the parties to file with the Court simultaneous briefs regarding any disputed claims construction issues as to the '894 patent: November 23, 2009.

(c) Recommended date for the parties to file with the Court briefs in response to the other party's claim construction brief regarding any disputed claims construction issues as to the '894 patent: December 7, 2009.

(d) Recommended date for the parties to file with the Court reply briefs in support of claim construction briefs regarding any disputed claims construction issues as to the '894 patent: December 21, 2009.

(e) Recommended date for the Court to conduct a claims construction hearing on the '894 patent: January 18, 2010.

(f) Recommended areas of discovery to be stayed until after the completion of the claims construction hearing: The parties recommend staying damages and willfulness discovery until after the claim construction hearing on the '894 patent.

(7) Recommended discovery plan:

(a) Describe the subjects on which discovery is to be sought and the nature and extent of discovery:

(1) Hy-Ko anticipates needing discovery from Hillman, including but not limited to: 1) circumstances surrounding the conception, diligence, reduction to practice, filing and prosecution of the '894 patent; 2) inventorship and research and development activities of the inventors related to the '894 patent; 3) prior art; 4) information respecting contracts of inventors with the key-cutting machine industry; 5) circumstances surrounding any attempted or successful licensing; 6) information respecting sales and marketing efforts or and results achieved by Hillman, its parents and former parents, and other associated companies; 7) information respecting structure of the sales and marketing teams at Hillman, its parents and former parents and other associated companies; 8) matters respecting unfair competition and activities vis-à-vis competitors; 9) matters respecting inequitable conduct; and 10) matters respecting misappropriation of trade secrets.

  (b) Non-expert discovery cut-off date for liability related discovery as to the '894 patent: November 13, 2009.

  (c) Electronic discovery – the parties have agreed to a discovery plan for electronically stored information.

  (d) Proposed deadline for damages/willfulness discovery as to the '894 patent: April 8, 2010.

  (e) Proposed deadline for party bearing the burden on liability of the '894 patent and damages/willfulness to identify expert(s) and provide expert reports to opposing counsel: April 15, 2010.

  (f) Proposed deadline for parties to identify responsive experts and provide responsive expert reports as to liability of the '894 patent and damages/willfulness: May 14, 2010.

  (g) Proposed expert discovery cut-off date as to liability of the '894 patent and damages/willfulness: June 29, 2010.

(8) Recommended dispositive motion plan:

  (a) Deadline for dispositive motions as to the '894 patent: July 26, 2010.

  (b) Deadline for responses to dispositive motions as to the '894 patent: August 25, 2010.

  (c) Deadlines for replies in support of dispositive motions as to the '894 patent: September 8, 2010.

(9) Recommended date for status conference: February 16, 2010.

(10) Recommended final pre-trial conference on the issues of liability and damages surrounding the '894 patent: October 22, 2010.

(11) Recommended trial date for the issues of liability and damages surrounding the '894 patent: November 15, 2010.

August 27, 2009                                         Respectfully submitted,

 /s/  Steven S. Kaufman
STEVEN S. KAUFMAN (0016662)
   *Steven.Kaufman@ThompsonHine.com*
O. JUDSON SCHEAF, III (0040285)
   *Judson.Scheaf@ThompsonHine.com*
MEGAN D. DORTENZO (0079047)
   *Megan.Dortenzo@ThompsonHine.com*
GARY L. WALTERS (0071572)
   *Gary.Walters@ThompsonHine.com*
HOLLY H. ARMSTRONG (0084054)
   *Holly.Armstrong@ThompsonHine.com*
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, OH  44114
Telephone: (216) 566-5500
Fax: (216) 566-5800

*Attorneys for Plaintiffs Hy-Ko Products Company & Aurora Properties Holding Company, LLC*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing **Hy-Ko's Proposed Amended Scheduling Order** was electronically filed on August 27, 2009.  A copy of the same will be served on counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.

    /s Steven S. Kaufman
*One of the Attorneys for Hy-Ko Products Company and Aurora Properties Holding Company, LLC*