**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| HY-KO PRODUCTS COMPANY,<br><br>and<br><br>AURORA PROPERTIES HOLDING COMPANY, LLC<br><br>          Plaintiffs,<br><br>   v.<br><br>THE HILLMAN GROUP, INC.,<br><br>          Defendant. | CASE NO. 5:08cv1961<br>JUDGE DAVID D. DOWD, JR. |

**HILLMAN'S MOTION FOR LEAVE TO AMEND THE PLEADINGS TO DISMISS ITS CLAIMS FOR INFRINGEMENT OF THE '747 PATENT AND TO DISMISS HY-KO'S DECLARATORY JUDGMENT CLAIMS RELATING TO THE '747 PATENT**

Defendant, The Hillman Group, Inc. (Hillman) moves, pursuant to Fed. R. Civ. P. 15 (a)(2), for leave to amend its pleadings to dismiss all claims regarding Hillman's U.S. Patent No. 6.064,747 (the '747 patent) and further moves, pursuant to Fed. R. Civ. P. 12 (b)(1) to dismiss Plaintiffs' declaratory judgment claims regarding the '747 patent.  The grounds for this motion are: (a)  leave should be freely given to amend the pleadings as justice requires that Hillman be permitted to dismiss its claims, with prejudice, concerning the '747 patent at this early stage of the case having taken only limited discovery; and (b) there is no justiciable case or controversy remaining regarding the '747 patent and, thus, this Court lacks subject matter jurisdiction to hear Plaintiffs' claims for declaratory judgment relief.  The grounds for this motion are set forth more fully in the attached Memorandum in Support and exhibits, which are incorporated by reference as if fully set forth herein.

This case as initiated on August 13, 2008 involved a single patent ─ Hillman's U.S. Patent No. 7,114,894 (the '894 patent).  In May 2009, the scope of the case was enlarged to include a second Hillman patent, U.S. Patent No. 6,064,747 (the '747 patent).  Hillman has not propounded any written discovery to Hy-Ko on the '747 patent and has taken limited '747 deposition testimony of two technical witnesses that were being deposed as part of '894 patent discovery.  As a result of this deposition testimony and a desire to expeditiously and cost-effectively resolve this litigation, Hillman is filing the present motion.

Hillman's motion seeks to dismiss the '747 patent from the case.  Namely, Hillman seeks to (1) dismiss with prejudice its infringement claim on the '747 patent, and (2) have the Court dismiss Hy-Ko's declaratory judgment claims relating to the '747 patent.  Granting this relief will scale back this case to just the '894 patent and facilitate an overall resolution of this case by the summer of 2010, and perhaps sooner.  In contrast, Hy-Ko is proposing an extended case schedule for the combined '894/'747 case in which fact discovery would extend into 2010 and a trial would not occur until 2011.

As part of its offer to dismiss its '747 infringement claims, Hillman has provided Hy-Ko a covenant not to sue the accused products under the '747 patent.  This dismissal with prejudice combined with a covenant not to sue eliminates any cognizable controversy concerning the '747 patent, thus providing the Court with the basis for dismissing Hy-Ko's declaratory judgment claims as lacking subject matter jurisdiction.  Hy-Ko's only rationale for contesting the present Motion is that it wishes the covenant not to sue to extend beyond the accused products to an unidentified future product.  However, this future product has not been commercialized, has not been subject to discovery, and has never been accused of infringement by Hillman.  Indeed, Hillman has not even seen this future product such that it could make an infringement claim.

Hillman's covenant not to sue need not extend to future Hy-Ko products in order to eliminate declaratory judgment jurisdiction.  Hy-Ko is overreaching with its insistence that Hillman's covenant extend beyond the products accused of infringement in this action and extend to a future product that Hillman has never alleged to infringe the '747 patent.  In this regard, it is noteworthy that Hillman's covenant does cover any future product having the same key-identification features as the accused products.

For the reasons discussed in more detail in the accompanying memorandum, Hillman requests that the Court:

(1) grant leave to Hillman to amend its pleadings to dismiss with prejudice its '747 infringement claims against the accused KZA-100 and KZA-200 Hy-Ko products; and

(2) dismiss Plaintiffs' declaratory judgment claims relating to the '747 patent.

While not part of this Motion, Hillman also asks that this Court consider its proposed case schedule (filed separately on today's date) and enter a Scheduling Order that will allow for the most prompt resolution of this case consistent with the Court's calendar.

Dated:  August 27, 2009                    Respectfully submitted,

*/s/ Daniel F. Gourash*
Daniel F. Gourash, Esq. (0032413)
SEELEY, SAVIDGE, EBERT & GOURASH CO., LPA
26600 Detroit Road
Cleveland, Ohio  44145-2397
Tel:  216.566.8200
Fax:  216.566.0213

and

Christopher P. Isaac, Esq. (VA Bar No. 27801)
Judy W. Chung, Esq. (VA Bar No. 74760)

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP
Two Freedom Square
11955 Freedom Drive
Reston, Virginia  20190-5675
Tel:  571.203.2700
Fax:  202.408.4400

*Attorneys for Defendant*
*The Hillman Group, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of April, 2009, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system as well as regular U.S. Mail to the following:

>STEVEN S. KAUFMAN, Esq.
>MEGAN D. DORTENZO, Esq.
>GARY L. WALTERS, Esq.
>HOLLY H. ARMSTRONG, Esq.
>Thompson Hine LLP
>3900 Key Center
>127 Public Square
>Cleveland, Ohio  44114
>
>O. JUDSON SCHEAF, III, Esq.
>Thompson Hine LLP
>41 South High Street
>Suite 1700
>Columbus, Ohio  43215
>
>*Attorneys for Hy-Ko Products Company and Aurora Properties Holding Company, LLC*

By:   */s/ Daniel F. Gourash*

**HILLMAN'S MEMORANDUM IN SUPPORT OF ITS MOTION
FOR LEAVE TO AMEND THE PLEADINGS TO DISMISS ITS CLAIMS
FOR INFRINGEMENT OF THE '747 PATENT AND TO DISMISS HY-KO'S
DECLARATORY JUDGMENT CLAIMS RELATING TO THE '747 PATENT**

**I.     INTRODUCTION**

Defendant, The Hillman Group, Inc. ("Hillman") moves for leave under Fed. R. Civ. P. 15(a)(2) to amend its Second Amended Answer to voluntarily dismiss with prejudice its infringement counterclaims involving U.S. Patent No. 6,064,747 (the '747 patent).  In place of Hillman's previous claims of infringement of the '747 patent, Hillman will unconditionally covenant not to sue Plaintiffs for infringement of the '747 patent based on the accused KZA-100 and KZA-200 Hy-Ko products.

Hillman also moves for dismissal of Plaintiffs Hy-Ko Products Company's and Aurora Properties Holding Company, LLC's (collectively, "Hy-Ko") declaratory judgment claims relating to the '747 patent under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  Hillman's voluntary dismissal and covenant not to sue Hy-Ko eliminate any case or controversy with respect to the '747 patent, thus divesting the Court of subject matter jurisdiction over Hy-Ko's declaratory judgment claims relating to the '747 patent.

**II.    RELEVANT FACTS**

This case was initiated on August 13, 2008 by Hy-Ko filing a declaratory judgment action against Hillman's U.S. Patent No. 7,114,894 (the '894 patent).  Hillman counterclaimed for infringement of the '894 patent on September 9, 2008.  There was subsequently an amended set of pleadings involving the '894 patent where both parties added Aurora into the case.

On May 8, 2009, Plaintiffs filed a Second Amended Complaint adding declaratory judgment claims against Hillman relating to Hillman's U.S. Patent No. 6,064,747.  Hillman

counterclaimed for infringement of the '747 patent by Hy-Ko's KZA-100 and KZA-200 products on May 20, 2009.

The parties filed a Proposed Amended Scheduling Order on July 27, 2009, which effectively proposed bifurcating this case into distinct phases for the '894 and '747 patent.  At the July 30, 2009 Status Conference, the Court rejected the parties' proposed schedule and ordered the parties to resubmit a proposed schedule by August 27, 2009.  The Court also discussed with the parties the issue of settlement and the overall expense and complexity of this case.

There has been limited discovery in this case relating to the '747 patent.  Hillman has served no Rule 34 document requests and no Rule 33 interrogatories.  Hillman took limited deposition testimony of two technical witnesses in depositions that had been scheduled in connection with the '894 patent.  However, Hy-Ko informed Hillman during the second deposition that it would instruct its witnesses not to answer further questions concerning the '747 patent.  (Exhibit A).

Hillman informed Hy-Ko of its desire to dismiss the '747 patent on August 18, 2009.  As part of that discussion, Hillman proposed a case schedule that provided for an overall expeditious resolution of the remaining dispute between the parties.  (Exhibit B).

Following an August 21, 2009 telephone call to discuss the terms of dismissal, Hillman provided Hy-Ko on August 24, 2009, with a covenant not to sue and a proposed joint motion to dismiss all claims involving the '747 patent.  This covenant not to sue included the products accused of infringement (the KZA-100 and KZA-200) and extended to any future product that involved the same key identification features present in the accused products.  (Exhibit C).

On August 25, 2009, Hy-Ko rejected this covenant and instead proposed that the covenant extend to a future product that was being internally developed.  (Exhibit D).  While Hy-Ko's proposed covenant calls this prototype product "the Completed KZA-200 Key Identification System," Hy-Ko has not provided discovery on this product.  Specifically, Hillman conducted a Rule 34 inspection of Hy-Ko's accused machines on April 9, 2009, and this new prototype was not provided for inspection.  Moreover, Hy-Ko redacted from its document production descriptions of its "groove scanning" feature, which allegedly is incorporated in this prototype product.  (See, e.g., Exhibit E being filed under seal).  In discussions between counsel, Hy-Ko has confirmed that this prototype has not been placed in the field.[1]  Hillman has never accused this prototype product of infringement and, indeed, has not even seen the product such that it could make such an infringement allegation.

As can be seen from the exchange of covenants not to sue (Exhibits C and D), the parties are in agreement generally to dismiss the '747 patent claims and counterclaims and to the proffer of a covenant not to sue on the products accused of infringement.  The parties disagree on whether such a covenant must extend to a prototype product that has never been accused of infringement.  It is worth noting that Hillman's covenant extends to this new product to the extent that new product includes the same key identification features accused of infringement in the KZA-100 and KZA-200 products.  (See Covenant, ¶ 3 of Exhibit C)  It is only the new (and unknown) features on this prototype that fall outside Hillman's covenant.

---

[1] Hy-Ko did not mention a prototype in the August 21, 2009 conversation that led to Hillman's August 24, 2009 covenant.  This prototype was discussed in the August 25, 2009 conversation regarding Hy-Ko's proposed covenant.  Yet, it was only on August 26, 2009 that Hy-Ko indicated it may be placing a prototype in the field in about a week.  This alleged rushed attempt to place a machine in the field does not change the fact that no such machine has been sold or placed in the field before Hillman offered its covenant.

For the reasons set forth below, Hillman submits that its covenant is appropriate and removes any underlying case or controversy supporting declaratory judgment jurisdiction. Before addressing that issue, Hillman will briefly address the appropriateness of dismissal of its infringement claims relating to the '747 patent.

### III. THIS COURT SHOULD GRANT HILLMAN LEAVE TO AMEND THE PLEADINGS TO DISMISS WITH PREJUDICE ITS '747 PATENT INFRINGEMENT CLAIMS

After taking limited discovery of two deposition witnesses, Hillman is moving to dismiss its '747 patent infringement claims. This will allow the case to proceed expeditiously on the '894 patent alone. Indeed, before the July 30, 2009 Status Conference, the parties were within weeks of discovery cut-off for the '894 patent and had submitted a joint '894 claim construction chart to the Court on July 15, 2009. Dismissing the '747 patent from the case will allow the parties to revert to a case schedule that approximates the original case schedule. Concurrent with this Motion, Hillman is submitting a proposed case schedule for the Court's consideration that provides for a liability discovery cut-off of October 1, 2009, a Markman hearing on November 13, 2009, and a trial in August 2010. This schedule is consistent with Hillman's desire to resolve this case as cost-effectively and expeditiously as possible.

Under Fed. R. Civ. P. 15(a), whether to allow leave to amend lies in the discretion of the Court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *see also Estes v. Kentucky Utilities Co.*, 636 F. 2d. 1131, 1133 (6th Cir. 1980). In deciding whether to grant leave, the Supreme Court has instructed that, "[i]n the absence of any apparent bad faith . . . undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.," the leave sought shall be freely given. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

9

Hillman's actions to promptly dismiss its '747 patent infringement claims after limited discovery and to seek an overall expeditious resolution of this case demonstrates good faith and does not prejudice Plaintiffs.[2] Indeed, courts have recognized and approved of such an action. *See Lely v. Maschio et al.*, 561 F. Supp. 16 (S.D. Oh. 1982) (granting patent holder's motion to amend its complaint to dismiss infringement claims under Rule 15(a) and finding the dismissal did not prejudice the accused infringer).

## IV. THIS COURT SHOULD DISMISS PLAINTIFFS' DECLARATORY JUDGMENT CLAIMS RELATING TO THE '747 PATENT FOR LACK OF SUBJECT MATTER JURISDICTION

For the Court to hear Plaintiffs' declaratory judgment claims, there must exist "a case of actual controversy." 28 U.S. C. § 2201. The party seeking a declaratory judgment has the burden of proving existence of an actual case or controversy. *International Med. Prosthetics Research Assocs. v. Gore Enter. Holdings, Inc.*, 787 F.2d 572, 575 (Fed Cir. 1986). Specifically, the declaratory judgment plaintiff must show that "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

Given this standard, the Federal Circuit has held that a covenant not to sue for the accused products eliminates any case or controversy, thereby eliminating subject matter jurisdiction for related declaratory judgment claims. Moreover, the Federal Circuit has held that covenants not to sue need <u>not</u> include future products in the pipeline to deprive the Court of declaratory judgment jurisdiction. Specifically, in *Amana Refrigeration, Inc. v. Quadlux, Inc.*

---

[2] Ironically, in discussions involving the present motion, Hy-Ko has accused Hillman of bad faith in connection with its efforts to dismiss the '747 patent and streamline this case. Hillman will not address such spurious accusations in its opening brief, but will respond as necessary to Hy-Ko's expected misleading vitriol in its reply brief.

172 F.3d 852 (Fed. Cir. 1999), the Court held that "an actual controversy cannot be based on a fear of litigation over future products." *Id.* at 855 (citing *Super Sack Mfg. Corp. v. Chase Packaging Corp.* 57 F.3d 1054, 1060 (Fed. Cir. 1995). The *Amana* court found the covenant need not include products "in the pipeline" as of the date of the covenant. *Amana*, 172 F.3d at 855-56.

District courts have dismissed declaratory judgment actions under similar facts. For example, in *Transwitch Corp. v. Galazar Networks, Inc.*, 377 F. Supp. 2d 284 (D. Mass. 2005), the court dismissed the declaratory judgment action after finding that "the covenant not to sue 'encompasses *all* of the *accused* products in this lawsuit.'" *Id.* at 293 (emphasis partially added).

The facts of this case establish that there is no actual case or controversy involving Hy-Ko's pipeline products, which are not at issue in this lawsuit. Namely, Hillman has never seen nor hinted that such a product infringes the '747 patent (or any other Hillman patent). Nor could it as this alleged new product was not made available for Hillman's inspection during its Rule 34 inspection, and Hy-Ko redacted substantive information regarding future product development from its production documents.[3] Moreover, no such machine has been commercialized and put into the field as of the date of Hillman's covenant not to sue. Under these circumstances, Hy-Ko is not entitled to burden the Court and Hillman with its attempt to obtain what amounts to nothing more than an advisory opinion. It is axiomatic that courts should not issue advisory opinions. *International Med. Prosthetics*, 787 F.2d at 576.

---

[3] While Hy-Ko disclosed that groove scanning research was underway generally, no specifics of such a feature were disclosed by Hy-Ko or known by Hillman.

11

V. **EVEN ASSUMING *ARGUENDO* THAT DECLARATORY JUDGMENT JURISDICTION EXISTS, THIS COURT SHOULD EXERCISE ITS DISCRETION TO DECLINE TO HEAR SUCH CLAIMS**

Declaratory judgment jurisdiction is discretionary even when a justiciable controversy has been shown to exist. *A L. Mechling Barge Lines, Inc. v. United States*, 368 U.S. 324, 331 (1961); *Western Supplies Co. v. Freeman*, 109 F. 2d 693, 696 (6th Cir. 1940).

> [T]he mere fact that justiciability is present does not mean that the court must proceed with the declaratory action, for it is well settled that the exercise of declaratory jurisdiction is discretionary. If the court be of the opinion that the action will not serve a useful purpose, or that it is otherwise undesirable, then it should refuse to proceed.

6A Moore's Federal Practice 5720 at 57-215-16 (2d ed. 1979). Thus, even assuming *arguendo* that some arguable controversy exists concerning Hy-Ko's pipeline product, this Court should exercise its discretion to nonetheless dismiss Hy-Ko's declaratory judgment claims in their entirety. At least four distinct reasons support this conclusion.

First, Hillman has made no infringement allegation against this future product and Hy-Ko has not provided discovery as to the specific features of the product. It is only in connection with its overreaching attempt to broaden Hillman's covenant that Hy-Ko has now for the first time claimed that a single prototype is being rushed to market.

Second, Hy-Ko has means other than the Federal Courts to challenge Hillman's patent. Namely, Hy-Ko has multiple options for filing a reexamination request with the U.S. Patent and Trademark Office challenging the validity of Hillman's patent. 35 U.S.C. §§ 302, 311. Thus, dismissing Hy-Ko's counterclaims does not deprive it of an opportunity to challenge the '747 patent. Hy-Ko can present its invalidity challenge to the very institution that granted the '747 patent in the first place ─ The U.S. Patent and Trademark Office.

Third, declining to hear Hy-Ko's declaratory judgment claims on the '747 patent will allow the parties and this Court to resolve the present case in short order. The parties are poised

(according to Hillman's proposed schedule) to complete fact discovery by October 1 and to have a Markman hearing in November.  If the case is not resolved by the Markman ruling, a trial can be conducted by mid-2010.  While the parties were not able to settle the case following the July 30, 2009 Status Conference, Hillman submits that its proposal to streamline the case reflects Hillman's acceptance of the Court's admonition to the corporate representatives of the parties to take steps to resolve the patent disputes as expeditiously and cost effectively as possible.

Fourth, to the extent this pipeline product includes the same key-identification features present in the accused KZA-100 and KZA-200 products, Hillman's covenant covers these features and precludes any future infringement claim directed at these features.  Hillman does not know the specifics of whatever new features are present in Hy-Ko's pipeline product, has never accused such features of infringement, and would be prejudiced by Hy-Ko's attempt to obtain an advisory opinion in a costly litigation that will also delay resolution of Hillman's '894 patent claims.  This Court will also bear a burden of rendering a more comprehensive Markman ruling covering a second patent and then evaluating infringement and validity issues relating to this second patent.

In an analogous situation, after concluding that it did not have subject matter jurisdiction to resolve the declaratory judgment action, the Court nonetheless addressed the discretion issue assuming *arguendo* that it did have subject matter jurisdiction.  *Lely v. Maschio et al.*, 561 F. Supp  16 (S.D. Ohio 1982).  In *Lely*, the court found that in light of the patentee dismissing its patent infringement claims against the accused infringer, there was no case or controversy to support jurisdiction over the declaratory judgment seeking to invalidate the patents originally asserted by the patentee.  *Id.* at 23.  The court also found that there was no declaratory judgment based on the accused infringer's future products that may possibly infringe the originally

13

asserted patents. *Id.* at 23-24.  The court further found that "even if it has jurisdiction to render a declaratory judgment . . . it should properly decline to do so." *Id.* at 25.  Hillman submits the same result is appropriate in this case.  Namely, even assuming *arguendo* there is subject matter jurisdiction, this Court should exercise its discretion to decline to resolve Hy-Ko's declaratory judgment claims.

## VI.   CONCLUSION

For the foregoing reasons, Hillman requests (1) leave to amend its pleadings to include a dismissal with prejudice and a covenant not to sue with respect to the '747 patent and the accused KZA-100 and KZA-200 products and (2) dismissal of all of Hy-Ko's declaratory judgment counterclaims involving the '747 patent.

Dated:  August 27, 2009                          Respectfully submitted,

*/s/ Daniel F. Gourash*
Daniel F. Gourash, Esq. (0032413)
SEELEY, SAVIDGE, EBERT & GOURASH CO., LPA
26600 Detroit Road
Cleveland, Ohio  44145-2397
Tel:  216.566.8200
Fax:  216.566.0213

and

Christopher P. Isaac, Esq. (VA Bar No. 27801)
Judy W. Chung, Esq. (VA Bar No. 74760)
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP
Two Freedom Square
11955 Freedom Drive
Reston, Virginia  20190-5675
Tel:  571.203.2700
Fax:  202.408.4400

*Attorneys for Defendant*
*The Hillman Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system as well as regular U.S. Mail to the following:

> STEVEN S. KAUFMAN, Esq.
> MEGAN D. DORTENZO, Esq.
> GARY L. WALTERS, Esq.
> HOLLY H. ARMSTRONG, Esq.
> Thompson Hine LLP
> 3900 Key Center
> 127 Public Square
> Cleveland, Ohio  44114
>
> O. JUDSON SCHEAF, III, Esq.
> Thompson Hine LLP
> 41 South High Street
> Suite 1700
> Columbus, Ohio  43215
>
> *Attorneys for Hy-Ko Products Company and Aurora Properties Holding Company, LLC*

By:     */s/ Daniel F. Gourash*