# EXHIBIT C

 FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
WWW.FINNEGAN.COM

**CHRISTOPHER P. ISAAC**
571-203-2740
chris.isaac@finnegan.com

August 24, 2009

Megan D. Dortenzo, Esq.
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291

Re: *Hy-Ko Products Company et al. v. The Hillman Group, Inc.*
United States District Court, Northern District of Ohio
Case No. 5:08cv1961

Dear Megan:

Following up on our telephone call from Friday August 21, 2009 in which we discussed the terms of a covenant not to sue, I am forwarding such an agreement for Hy-Ko's review. I am also forwarding a draft joint motion to dismiss all claims and counterclaims pertaining to the '747 patent.

I look forward to receiving your comments.

With best regards,

Christopher P. Isaac

CPI/lmb

Attachments

# AGREEMENT

This Agreement, effective upon signature of all parties hereto, is between the Hillman Group, Inc. (Hillman), a Delaware corporation having its corporate offices at 10590 Hamilton Avenue, Cincinnati, Ohio 45231, on the one hand, and Hy-Ko Products Company (Hy-Ko), an Ohio corporation having its principal place of business at 60 Meadow Lane, Northfield, Ohio 44067 and Aurora Properties Holding Company, LLC (Aurora) an Ohio limited liability company having its principal place of business at 60 Meadow Lane, Northfield, Ohio 44067, on the other hand. Hillman, Hy-Ko, and Aurora are sometimes referred to herein individually as a "Party" or collectively as the "Parties."

WHEREAS, the Parties are currently in litigation regarding Hillman's U.S. Patent No. 6,064,747 (the '747 patent) in the United States District Court, Northern District of Ohio (Case No. 5:08 CV 1961);

WHEREAS, the Parties desire to dismiss all claims and counterclaims involving the '747 patent from Case No. 5:08 CV 1961 pursuant to the terms of this Agreement;

NOW, THEREFORE, in consideration of the mutual promises contained herein, the Parties agree as follows:

1. Hillman agrees to dismiss with prejudice its claim against Hy-Ko and Aurora for infringement of the '747 patent by the accused KZA-100 and KZA-200 key cutting machines.

2. Hy-Ko and Aurora agree to dismiss with prejudice their declaratory judgment claims relating to the '747 patent, with the exception that Hy-Ko may bring such claims in the future in the event Hillman alleges infringement of the '747 patent in the future by any new Hy-Ko or Aurora product.

2

3. Hillman covenants not to sue Hy-Ko, Aurora, or any of Hy-Ko's customers or distributors for infringement of the '747 patent by the accused KZA-100 and KZA-200 products. Hillman further covenants not to sue Hy-Ko, Aurora, or any of the Hy-Ko's customers or distributors for infringement of the '747 patent by any future machine only to the extent that future machine includes the same key identification features used in the accused KZA-100 and KZA-200 machines. However, to the extent any such future machine includes additional key identification features beyond those key identification features that are present in the accused KZA-100 and KZA-200, this covenant shall not bar a '747 infringement claim that is based entirely or in part on key identification features not present in the accused KZA-100 and KZA-200 devices.

4. While the Parties may publicly acknowledge that the '747 patent has been dismissed from Case No. 5:08 CV 1961, the terms of this Agreement are confidential and shall not be disclosed publicly.

5. Each Party shall bear its own fees and costs relating to claims and counterclaims involving the '747 patent.

**Hy-Ko Products Company**

By:_____

Name: _____

Title: _____

Dated: _____

**The Hillman Group, Inc.**

By:_____

Name: _____

Title: _____

Dated: _____

2

**Aurora Properties Holding Company, LLC**

By:_____

Name: _____

Title: _____

Dated: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HY-KO PRODUCTS COMPANY, | )<br>)<br>) |
| and | )<br>) |
| AURORA PROPERTIES HOLDING<br>COMPANY, LLC | )<br>)<br>) |
| Plaintiffs, | ) CASE NO. 5:08cv1961<br>) JUDGE DAVID D. DOWD, JR. |
| v. | )<br>)<br>) |
| THE HILLMAN GROUP, INC., | )<br>) |
| Defendant. | ) |

## JOINT MOTION TO DISMISS ALL CLAIMS AND COUNTERCLAIMS PERTAINING TO U.S. PATENT NO. 6,064,747

Subsequent to the July 30, 2009 Status Conference, the parties have agreed and stipulated to the dismissal of all claims and counterclaims pertaining to U.S. Patent No. 6,064,747. This case would then proceed in connection with all claims and counterclaims pertaining to U.S. Patent No. 7,114,894. The parties hereby move the Court for an Order consistent with the terms of this agreement as follows:

1. All of Hillman's claims for infringement of U.S. Patent No. 6,064,747 against the KZA-100 and KZA-200 machines by Hy-Ko and Aurora are dismissed with prejudice.

2. All of Hy-Ko's and Aurora's declaratory judgment claims against Hillman pertaining to U.S. Patent No. 6,064,747 are dismissed with prejudice, subject to Hy-Ko's limited right to reassert those claims pursuant to an agreement between the parties.

3. Hy-Ko and Aurora shall amend their Second Amended Complaint to remove all claims relating to U.S. Patent No. 6,064,747 and all associated prayers for relief.

4. Hillman shall amend its Second Amended Answer to remove all claims relating to U.S. Patent No. 6,064,747 and all associated prayers for relief.

5. All parties shall bear their own costs and fees.

2