# EXHIBIT D

**From:** Scheaf, Judson [mailto:Jud.Scheaf@thompsonhine.com]
**Sent:** Tuesday, August 25, 2009 3:23 PM
**To:** Isaac, Chris
**Cc:** Kaufman, Steven; Dortenzo, Megan; Walters, Gary; Prince, Troy
**Subject:** Proposed Revisions to Agreement Relating to dismissal of '747 Patent claims: Subject to Evid. R. 408

Chris,

Attached are our proposed revisions to the draft agreement we received from you yesterday afternoon. I am hopeful we can put the '747 Patent issues behind us and present the Court with a case schedule dealing exclusively with the '894 Patent on Thursday. Toward that end, we can discuss this during our call at 4:30 this afternoon.


Jud

**AGREEMENT**

This Agreement, effective upon signature of all parties hereto, is between the Hillman Group, Inc. (Hillman), a Delaware corporation having its corporate offices at 10590 Hamilton Avenue, Cincinnati, Ohio 45231, on the one hand, and Hy-Ko Products Company (Hy-Ko), an Ohio corporation having its principal place of business at 60 Meadow Lane, Northfield, Ohio 44067 and Aurora Properties Holding Company, LLC (Aurora) an Ohio limited liability company having its principal place of business at 60 Meadow Lane, Northfield, Ohio 44067, on the other hand. Hillman, Hy-Ko, and Aurora are sometimes referred to herein individually as a "Party" or collectively as the "Parties."

WHEREAS, the Parties are currently in litigation regarding Hillman's U.S. Patent No. 6,064,747 (the '747 patent) in the United States District Court, Northern District of Ohio (Case No. 5:08 CV 1961);

WHEREAS, Hillman desires to dismiss all claims and counterclaims involving the '747 patent from Case No. 5:08 CV 1961 pursuant to the terms of this Agreement;

WHEREAS, Hy-Ko agrees to dismiss all claims and counterclaims involving the '747 patent from Case No. 5:08 CV 1961 pursuant to the terms of this Agreement;

NOW, THEREFORE, in consideration of the mutual promises contained herein, the Parties agree as follows:

1. Hillman agrees to dismiss with prejudice its claim against Hy-Ko and Aurora for infringement of the '747 patent by the accused KZA-100 and KZA-200 key cutting machines as of the date of this Agreement, including the following aspects of the key identification systems that have been partially implemented and deployed to WalMart stores through the date of this Agreement in the KZA-200 and/or -100 machines: (a) bitting analysis where the identification of

the key is based in part on an estimation of the key's bitting pattern; and/or (b) groove scanning using at least in part the software and hardware modifications present in KZA-200 machines to capture groove characteristics of the key including, without limitation, the secondary illumination source and second non-planar camera (collectively (a) and (b) are referred to as the "Completed KZA-200 Key Identification System").

2. Hy-Ko and Aurora agree to dismiss with prejudice their declaratory judgment claims relating to infringement of the '747 patent, and without prejudice with respect to invalidity of the '747 patent, in which case Hy-Ko may bring such claims in the future in the event Hillman alleges infringement of the '747 patent in the future by any new Hy-Ko or Aurora product.

3. Hillman, on behalf of itself, its affiliates, successors, and assigns, covenants not to sue Hy-Ko, Aurora, or any of Hy-Ko's customers or distributors for infringement of the '747 patent by the accused KZA-100 and KZA-200 products, or any products containing the Completed KZA-200 Key Identification System. Hillman further covenants not to sue Hy-Ko, Aurora, or any of the Hy-Ko's customers or distributors for infringement of the '747 patent by any future machine to the extent that future machine includes the same key identification features used in the accused KZA-100 and KZA-200 machines, or any products containing the Completed KZA-200 Key Identification System. However, to the extent any such future machine includes additional key identification features beyond those key identification features that are present in the accused KZA-100 and KZA-200, or containing the Completed KZA-200 Key Identification System, this covenant shall not bar a '747 infringement claim.

4. While the Parties may publicly acknowledge that the '747 patent has been dismissed from Case No. 5:08 CV 1961, the terms of this Agreement are confidential and shall not be disclosed publicly.

5. The Parties agree and consent that jurisdiction for any future action involving a dispute by or among the Parties relating to the '747 Patent will be exclusive to the U.S. District Court for the Northern District of Ohio.

6. Each Party shall bear its own fees and costs relating to claims and counterclaims involving the '747 patent.

| **Hy-Ko Products Company** | **The Hillman Group, Inc.** |
|---|---|
| By:_____ | By:_____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _____ |
| Dated: _____ | Dated: _____ |

**Aurora Properties Holding Company, LLC**

By:_____

Name: _____

Title: _____

Dated: _____

4