**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| HY-KO PRODUCTS COMPANY, <br><br>and<br><br>AURORA PROPERTIES HOLDING COMPANY, LLC <br><br>            Plaintiffs,<br><br>v.<br><br>THE HILLMAN GROUP, INC.,<br><br>            Defendant. | CASE NO. 5:08cv1961<br>JUDGE DAVID D. DOWD, JR.<br><br>**HILLMAN'S PROPOSED AMENDED SCHEDULING ORDER** |

**I.     INTRODUCTION**

At the July 30, 2009 Status Conference, the Court rejected the parties' jointly submitted Proposed Amended Scheduling Order, which effectively proposed bifurcating the case into an '894 patent phase and a '747 patent phase with two separate Markman proceedings. The Court ordered the parties to submit a new proposed schedule by August 27, 2009. Concurrent with this filing, Hillman has moved to dismiss all '747 patent infringement claims and counterclaims from the case. Consequently, Hillman is proposing a case schedule for an '894 patent only case. Consistent with its dismissal of the '747 patent claims, Hillman seeks to resolve the remaining dispute as expeditiously and cost effectively as possible.

This case is nearly ready for a Markman hearing and trial. The parties have been engaged in discovery since Fall 2008. The original liability fact discovery cut-off was August 14, 2009, which the parties jointly proposed extending to September 15, 2009 (in their rejected Proposed Amended Scheduling Order of July 27, 2009). All claim construction charts have been

exchanged, with the joint claim construction chart filed with the Court on July 15, 2009. Indeed, as of the July 30, 2009 Status Conference, the parties were two weeks away from filing their Markman briefs in advance of the then-scheduled October 1, 2009 Markman hearing on the '894 patent.

Hillman proposes a case schedule that closely approximates the case schedule before the addition of the '747 patent. With '894 liability discovery having been ongoing for more than ten months already (since Fall 2008) and both sides having deposed multiple fact witnesses, a near-term fact discovery cut-off is appropriate. This is consistent with the parties' joint proposal at the July 30, 2009 Status Conference to provide only an additional period of six weeks (until September 15) to complete liability discovery on the '894 patent. The parties can also pick up the Markman process where it left off and submit their Markman briefs within approximately two weeks. This will allow for a November 2009 Markman hearing, assuming the Court's schedule is open.

With the goal in mind of expeditiously resolving this case, Hillman submits the following proposed schedule for the Court's consideration.[1]

## II. PROPOSED CASE SCHEDULE

1. Opening Markman Brief - September 16, 2009 (40 page limit)

2. Markman Response Brief - September 30, 2009 (30 page limit)

3. Non-Damages Fact Discovery Cut-Off - October 1, 2009

4. Markman Reply Brief - October 14, 2009 (15 page limit)

---

[1] Regrettably, the parties have been unable to agree upon a proposed case schedule. Even leaving aside the issue of whether to include the '747 patent, the parties disagree as to an '894 patent only schedule. Hillman proposed the schedule submitted herein to Hy-Ko on August 18, 2009, and it was rejected. Hy-Ko proposed (1) resubmitting '894 claim charts, (2) an additional six weeks of liability fact discovery beyond October 1, 2009 to November 13, 2009, and (3) an overall schedule that delayed trial until late in 2010. Hillman believes that there is no need to resubmit a claim chart that has already been filed with the Court or to prolong the schedule of an '894 only case as proposed by Hy-Ko.

2

      5.    Markman Hearing - November 13, 2009 (1/2 day)

      6.    Damages/Willfulness Fact Discovery Cut-Off - February 26, 2010

      7.    Expert Reports (on issues where the party bears the burden) - March 26, 2010

      8.    Responsive Expert Reports - April 16, 2010

      9.    Expert Discovery Cut-Off - May 4, 2010

      10.    Dispositive Motion Cut-Off - May 25, 2010

      11.    Final Pretrial - August 2, 2010

      12.    Trial - August 23, 2010

      This schedule incorporates an opening, response, and a reply brief for the parties' Markman filings. This was done at Hy-Ko's suggestion. Hillman attempted to accommodate Hy-Ko's briefing preferences, but does not object to a single brief as originally required if that is the Court's preference. The parties have discussed and agreed upon the proposed page limits for the Markman briefs.

**III.    SCOPE OF DISCOVERY**

      Hillman proposes that the number of depositions and interrogatories be limited to 10 and 25, respectively, consistent with the Federal Rules. Hy-Ko had never requested leave of Court to exceed these limitations when the case involved only the '894 patent. It was only when the '747 patent was added that Hy-Ko requested 24 depositions and 50 interrogatories. Hy-Ko's request was based on the alleged doubling of discovery due to two patents and the fact that the '747 patent identified six inventors. Those reasons are no longer applicable. There are only two inventors of the '894 patent, both of whom have already been deposed. This leaves Hy-Ko with a comfortable cushion of eight additional depositions. Hy-Ko may allege it needs more, but such an allegation is purely so Hy-Ko can continue its fishing expeditions into conspiracy and unfair

restraint of trade claims. Neither of these is a pled cause of action and the deadline to amend pleadings to add new claims has long since passed (May 1, 2009). Hillman respectfully submits that the Court should issue a scheduling order limited in scope and time such that the parties can expeditiously resolve the '894 patent dispute.

## IV. AREAS OF AGREEMENT BETWEEN THE PARTIES

While the parties disagree on the case schedule and scope of discovery, there are some areas of agreement between the parties. Hillman has presented below certain areas of agreement that have been essentially copied from the jointly-submitted July 27, 2009 Proposed Amended Scheduling Order.

1. Lead Counsel for Plaintiffs is Steven S. Kaufman.

2. Lead Counsel for Defendant is Christopher P. Isaac.

3. The parties recommend the following track: Complex.

4. At this time, the parties do not believe Alternative Dispute Resolution proceedings would be effective.

5. The parties do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

6. The parties recommend staying damages and willfulness discovery until after the claim construction hearing.

7. Electronic discovery – the parties have agreed to a discovery plan for electronically stored information.

| | |
|---|---|
| Dated:  August 27, 2009 | Respectfully submitted, |

*/s/ Daniel F. Gourash*
Daniel F. Gourash, Esq. (0032413)
SEELEY, SAVIDGE, EBERT & GOURASH CO., LPA
26600 Detroit Road
Cleveland, Ohio  44145-2397
Tel:  216.566.8200
Fax:  216.566.0213

and

Christopher P. Isaac, Esq. (VA Bar No. 27801)
Judy W. Chung, Esq. (VA Bar No. 74760)
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP
Two Freedom Square
11955 Freedom Drive
Reston, Virginia  20190-5675
Tel:  571.203.2700
Fax:  202.408.4400

*Attorneys for Defendant
The Hillman Group, Inc.*

**CERTIFICATE OF SERVICE**

    I certify that a copy of the foregoing was electronically filed on August 27, 2009.  A copy of the same will be served on counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.

                                                */s/ Daniel F. Gourash*