# EXHIBIT A

### Armstrong, Holly

| | |
|---|---|
| **From:** | Walters, Gary |
| **Sent:** | Friday, September 04, 2009 2:27 PM |
| **To:** | 'Isaac, Chris' |
| **Cc:** | 'DFGourash@sseg-law.com'; Kaufman, Steven; Scheaf, Judson; Dortenzo, Megan; Armstrong, Holly |
| **Subject:** | Letter Enclosed |

September 4, 2009

Christopher P. Isaac
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
11955 Freedom Drive
Reston, VA  20190

RE:  ***Hy-Ko Products Co., et al. v. The Hillman Group, Inc.,*** United States District Court, Northern District of Ohio, Case No. 5:08cv1961

Dear Chris:

Hy-Ko put into the field this week a beta version of the KZA-200 machine referred to in our proposed dismissal agreement emailed to you on August 25, 2009 ("August 25 Agreement"). Specifically, this beta version includes a key-identification system incorporating the bitting analysis and groove scanning that we defined in our August 25 Agreement as the "Completed KZA-200 Key Identification System."

In an effort to resolve our differences about the scope of the present litigation and to put to rest the prospects of future litigation related to the Completed KZA-200 Key Identification System and the '747 Patent, we invite you to inspect this beta machine immediately pursuant to Fed. R. Civ. P. 34, during which you may review the Completed KZA-200 Key Identification System first hand.  We are also prepared to respond to other reasonable discovery requests related to this technology on a highly-abbreviated schedule under the Federal Rules of Civil Procedure.

Hy-Ko wishes to dismiss the '747 Patent claims and counterclaims from the present action, but only if the dismissal puts to rest the full dispute on these issues between the parties.   Please respond as soon as possible.


Sincerely,

Gary L. Walters

# Armstrong, Holly

| | |
|---|---|
| **From:** | Isaac, Chris [chris.isaac@finnegan.com] |
| **Sent:** | Monday, September 07, 2009 4:21 PM |
| **To:** | Walters, Gary |
| **Cc:** | 'DFGourash@sseg-law.com'; Kaufman, Steven; Scheaf, Judson; Dortenzo, Megan; Armstrong, Holly |
| **Subject:** | RE: Letter Enclosed |

Gary:

This email responds to your letter on the "beta version" of Hy-Ko's machine. Your letter appears drafted to be an exhibit to Hy-Ko's opposition to Hillman's motion to dismiss the 747 patent. If that is the case, I request that you also include this response as an exhibit so that the Court has the full picture of our communications.

There has never been a dispute between Hillman and Hy-Ko on this beta machine and the 747 patent. Hillman has not seen the device, and Hy-Ko has not provided discovery of the additional features that have apparently been added beyond the features present in the accused devices. It is only after Hillman offered to dismiss the 747 patent that Hy-Ko seeks to interject this new product into the infringement dispute.
There simply is no cognizable controversy over this beta machine and the 747 patent. It has never been accused of infringing the 747 patent and, to the extent it includes the same features that are present in the machines that have been accused of infringement, those features are covered by Hillman's covenant not to sue on the 747 patent.

Hy-Ko's volunteering of discovery is nothing more than an attempt to generate a controversy and bootstrap declaratory judgment jurisdiction. This is particularly inappropriate for what you characterize as a "beta version." Put another way, this is a "test" machine that is not manufactured in a commercial capacity and is subject to change as test feedback is obtained. That is what a "beta" machine is by definition. Assuming the Court were to accept jurisdiction, the Court would be making a ruling on a non-finalized machine design that is very likely to change.

Hillman would prefer to have the Court rule on the pending motion to dismiss the 747 patent from the case. In the event the Court grants our motion, both of our clients have a streamlined path to resolve the only controversy that exists between them. Namely, we can both focus on the issues pertaining to the 894 patent.

Regards,

Chris


**Chris Isaac** | **Finnegan, Henderson, Farabow, Garrett & Dunner** | 11955 Freedom Drive, Suite 800 | Reston, VA 20190 | Phone: 571-203-2740 | Cell: 202-251-0430 | Fax: 202-408-4400 | Web: www.finnegan.com

---

> **From:** Walters, Gary [mailto:Gary.Walters@thompsonhine.com]
> **Sent:** Friday, September 04, 2009 2:27 PM
> **To:** Isaac, Chris
> **Cc:** 'DFGourash@sseg-law.com'; Kaufman, Steven; Scheaf, Judson; Dortenzo, Megan; Armstrong, Holly

**Subject:** Letter Enclosed

September 4, 2009

Christopher P. Isaac
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
11955 Freedom Drive
Reston, VA  20190

RE:   *Hy-Ko Products Co., et al. v. The Hillman Group, Inc.,* **United States District Court, Northern District of Ohio, Case No. 5:08cv1961**

Dear Chris:

Hy-Ko put into the field this week a beta version of the KZA-200 machine referred to in our proposed dismissal agreement emailed to you on August 25, 2009 ("August 25 Agreement"). Specifically, this beta version includes a key-identification system incorporating the bitting analysis and groove scanning that we defined in our August 25 Agreement as the "Completed KZA-200 Key Identification System."

In an effort to resolve our differences about the scope of the present litigation and to put to rest the prospects of future litigation related to the Completed KZA-200 Key Identification System and the '747 Patent, we invite you to inspect this beta machine immediately pursuant to Fed. R. Civ. P. 34, during which you may review the Completed KZA-200 Key Identification System first hand.  We are also prepared to respond to other reasonable discovery requests related to this technology on a highly-abbreviated schedule under the Federal Rules of Civil Procedure.

Hy-Ko wishes to dismiss the '747 Patent claims and counterclaims from the present action, but only if the dismissal puts to rest the full dispute on these issues between the parties.   Please respond as soon as possible.


Sincerely,

Gary L. Walters

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.