# EXHIBIT C

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| Hy-Ko Products Company, et al. ) | |
| _Plaintiff_ ) | |
| v. ) | Civil Action No. 5:08 cv 1961 |
| The Hillman Group, Inc. ) | |
| ) | (If the action is pending in another district, state where: |
| _Defendant_ ) | Northern District of Ohio |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To: Belcan Corporation, c/o Ralph G. Anderson 10200 Anderson Way, Cincinnati, Ohio 45242

☐ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is _not_ a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

☑ _Production_: You, or your representatives, must produce the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material at the time, date and place set forth below:

Please see Schedule A attached to this subpoena for a description of the documents, information, or objects.
Please produce the documents, information, or objects to Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Two Freedom Square, 11955 Freedom Dr. Reston, VA 20190 by July 16, 2009 at 10:00 AM.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 07/02/2009

_CLERK OF COURT_

OR _____
_Signature of Clerk or Deputy Clerk_     _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ The Hillman Group, Inc.
_____, who issues or requests this subpoena, are:
Christopher P. Isaac, Two Freedom Square, 11955 Freedom Dr., Reston, VA 20190, chris.isaac@finnegan.com, 571-203-2740

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No. 5:08 cv 1961

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                            *Server's signature*

                                            _____
                                            *Printed name and title*

                                            _____
                                            *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Defendant The Hillman Group, Inc. ("Hillman") requests that Belcan Corporation ("Belcan") produce the documents and things requested below, by 10:00 am on July 16, 2009, at the offices of Hillman's counsel, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P., Two Freedom Square, 11955 Freedom Drive, Reston, Virginia 20190. These requests and the terms used herein shall be construed to require the fullest and most complete discovery permitted by the Federal Rules of Civil Procedure. The following Definitions and Instructions are incorporated by reference as though fully set forth herein.

## DEFINITIONS AND INSTRUCTIONS

1. All responsive non-privileged documents in the possession, custody or control of Belcan are to be produced. If, after exercising due diligence to secure the documents requested, you cannot produce all responsive documents, please so state, produce to the extent possible, specify the reasons why you are unable to provide a full and complete response, and state what information and knowledge you do have concerning the unproduced documents.

2. These requests shall be continuing in nature. You are required to serve supplemental responses and/or production promptly if you obtain or discover further, different or additional responsive information, documents or things after the date of your initial responses and/or production.

3. If you have no documents responsive to a particular category, please so state.

4. If a document is in a language other than English and an English translation exists, provide both documents.

5.  The terms "Hy-Ko," and "plaintiff," refer to Hy-Ko Products Company, its officers, directors, employees, agents, partners, licensees, franchisees, corporate parents, subsidiaries, related companies, affiliates, and/or any predecessor or successor.

6.  The terms "Hillman," and "defendant," refer to The Hillman Group, Inc.

7.  The terms "you" refer to Belcan Corporation, its officers, directors, employees, agents, partners, licensees, franchisees, corporate parents, subsidiaries, related companies, affiliates, and/or any predecessor or successor.

8.  The term "document(s)" has the meaning ascribed to it in Fed. R. Civ. P. 34(a), and includes, but is not limited to, every writing or record of every type that is or has been in the possession, control, or custody of Belcan, or of which Belcan has knowledge, including without limitation: originals, masters, and every copy of writings (including handwritings), and printed, typed, or other graphic or photographic matter including film or microfilm, video and/or audio tapes, video and/or audio recordings (tape, disc, or other), correspondence, communications, contracts, agreements, assignments, licenses, purchase orders, bills, invoices, receipts, statements, books, memoranda, notes (in pencil, ink, or typewritten), letters, notebooks, reports, training manuals, training materials, photographs, drawings, tracings, sketches, charts, catalogs, brochures, advertisements, promotional materials, records of communications oral and otherwise, instructions, cables or telegrams, computer databases, computer printouts or other computer-generated matter, computer records of all types (including text files, graphics files, audio and multimedia files, and electronic mail messages), studies, surveys, technical reports, laboratory reports, engineering reports, test data, patents, registrations of marks, copyrights, applications for a patent, applications for a mark, applications for a copyright, patent appraisals, infringement searches or studies, patentability searches or studies, validity searches or studies,

minutes, reports, calendars, inter-office communications, price lists, bulletins, circulars, statements, manuals, summaries, maps, charts, graphs, invoices, canceled or voided checks, bills or statistical material, insurance policies, pleadings, statements affidavits, depositions, and transcripts. A document bearing any notation not a part of the original text is to be considered a separate document. A draft or non-identical copy is a separate document within the meaning of this term.

9. The term "communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), regardless of the means utilized.

10. The term "products" refers to both services and goods.

11. The term "date" means and refers to the exact day, month and year, if ascertainable, and if the exact day, month and year are not ascertainable, then the best approximation thereof.

12. The terms "each" means and refers to "each and every," "all" means and includes "any and all," and "any" means and includes "any and all."

13. The term "Hy-Ko's Patent Application" means and refers to U.S. Patent Application No. 11/656,925, any foreign or U.S. patent application from which this application claim priority, and any foreign or U.S. patent application that claims priority to this application.

14. The term "Hy-Ko Key-Cutting Machine(s)" means the machine(s) styled as Model No. KZA-100 and Model No. KZA-200. The term "Hy-Ko Key-Cutting Machine(s)" also includes any predecessors or modifications to such machine(s).

15. The phrase "Hillman's Patent(s)" means and refers to United State Patent Nos. 7,114,894 and 6,064,747 together with any divisionals, counterparts and reexaminations thereof.

3

16. To "identify" a document means to provide, a brief description of the document sufficient to support a request for production, including the type of document, the general subject matter, the date of the document, identification of the author(s) and recipient(s), if any, and if the document embodies an agreement, the parties to such agreement.

17. To "identify" a thing means to provide a brief description of the thing sufficient to support a request for production, including any numbers, markings, or other identifying characteristics.

18. To "describe in detail" means to state and describe, with specificity, each and every fact, ultimate fact, circumstance, incident, act, omission, event, date and/or legal contention pertaining to the matter(s) inquired of in said request for production.

19. The phrase "relating or referring to " means constituting, comprising, concerning, regarding, containing, setting forth, showing, disclosing, describing, explaining, summarizing, evidencing, discussing, either directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the Federal Rules of Civil Procedure.

20. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside its scope.

## CLAIMS OF PRIVILEGE

If Belcan contends that it is entitled on the basis of any claim of privilege to withhold any information in any of its responses , provide the following with respect to such claim of privilege:

    (a) the type of document (i.e., whether a letter, memorandum, report, etc.) and the

4

nature of the withheld information;

(b) the title or other identifying designation, if any, of the document;

(c) the date of the document;

(d) the subject matter of the document or information;

(e) the identities of all persons who created, sent, received, or have ever had possession of the information or of either of the original or any copy of the document;

(f) the basis of or grounds for the claim of privilege;

(g) the person on whose behalf the claim of privilege is being asserted; and

(h) the interrogatories to which the document or information is responsive.

## **DOCUMENTS AND THINGS TO BE PRODUCED**

1. All documents and things relating to and/or describing the conception, research, design, development, manufacturing, testing, revising, and upgrading of the Hy-Ko Key-Cutting Machines, including technical reports and papers, operators manuals, user manuals, software flow diagrams, block diagrams, schematics, software code, engineering reports, project reports and descriptions, on-line information, presentations, and the like.

2. All documents and things sufficient to show and describe the structure, hardware, software, function, operation, and use of the Hy-Ko Key-Cutting Machines, including technical reports and papers, operators manuals, user manuals, software flow diagrams, block diagrams, schematics, drawings, software code, engineering reports, project reports and descriptions, on-line information, presentations, and the like, including those required to demonstrate any alleged defense of non-infringement.

3. All documents and things relating to the advertising, marketing, placement, and selling of the Hy-Ko Key-Cutting Machines, including all advertising materials, marketing materials, sales information, and on-line information, and the like.

4. All documents and things sufficient to identify any person who contributed to the conception, research, design, development, testing, revising, upgrading, structure, hardware, software, function, operation, procuring of components, advertising, marketing, and selling of the Hy-Ko Key-Cutting Machines, including all documents and things relating or referring to such person's contribution.

5. All document and things relating to trade shows, professional meetings, presentations, conferences, and other meetings where the Hy-Ko Key-Cutting Machines were demonstrated, distributed, marketed, or sold.

6. All documents and things sufficient to show and describe the number of units manufactured, sold, imported, or offered for sale, in the U.S., for the Hy-Ko Key-Cutting Machines.

7. All documents and things relating or referring to each system or components thereof manufactured, sold, imported, or offered for sale in the U.S., by Belcan and/or Hy-Ko that are, partially or fully, covered under Hy-Ko's patent application.

8. All documents and things relating or referring to all persons who supply or have supplied components and/or parts of any of the Hy-Ko Key-Cutting Machines, and all documents and things relating or referring to the manufacturer of the Hy-Ko's Key-Cutting Machines.

9. All documents and things relating or referring to any efforts to modify the design of the Hy-Ko Key-Cutting Machines subsequent to Hy-Ko receiving Hillman's notice of infringement on or about November 9, 2007.

10. All documents and things referring to a market demand, need, or desire for the Hy-Ko Key-Cutting Machines.

11. All documents and things referring to feedback or comments of any type from any customer of the Hy-Ko Key-Cutting Machines.

12. All documents and things referring to any evaluation of the Hy-Ko Key-Cutting Machine or that Machine's performance.

13. All documents and things referring or relating to the Hillman's Patent(s) and efforts to design around the Hillman's Patent(s).

14. All documents relating to the preparation, filing, and/or prosecution of Hy-Ko's Patent Application, including any U.S. or foreign patent application related to Hy-Ko's Patent Application.

15. All documents and things concerning the conception, reduction to practice, development, testing (including studies, investigations, or analyses that were conducted), and first use (whether experimental, commercial, or otherwise) of the subject matter described or claimed in Hy-Ko's Patent Application.

16. All documents and things concerning the decision to file, the preparation of, and the prosecution of, the application that led to the Hy-Ko's Patent Application or any other application related to the subject matter of the Hy-Ko's Patent Application.

17. All documents and things concerning contributions you or any other person made to the subject matter described or claimed in the Hy-Ko's Patent Application.

18. All documents and things concerning any prior art considered, and prior art searches performed, in the application that led to the Hy-Ko's Patent Application.

19. All documents and things concerning any communication between you and any person regarding the Hy-Ko's Patent Application or any other related patents or published patent application.

20. All documents and things concerning any actual or potential infringement of the Hillman's Patent(s) by the Hy-Ko Key-Cutting Machine.

21. All documents and things relating to Hillman's key-cutting machines, including but not limited to Hillman's cassette-based machine and the P4 machine.