**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| HY-KO PRODUCTS COMPANY, | ) |
| and | ) |
| AURORA PROPERTIES HOLDING COMPANY, LLC | ) |
| Plaintiffs, | ) CASE NO. 5:08cv1961 |
| v. | ) JUDGE DAVID D. DOWD, JR. |
| THE HILLMAN GROUP, INC., | ) |
| Defendant. | ) |

**HILLMAN'S REPLY BRIEF IN SUPPORT OF ITS MOTION
TO DISMISS HY-KO'S DECLARATORY JUDGMENT
CLAIMS RELATING TO THE '747 PATENT**

Hy-Ko characterized its prototype machine as a "beta version" in a September 4, 2009 communication with Hillman.  *See* Exhibit A to Hy-Ko Opp. ("Hy-Ko put into the field this week a beta version of the KZA-200 machine . . . ."). By definition, a "beta version" is a test product that is not made or sold in a commercial capacity. Moreover, a "beta version" is subject to change as test feedback is obtained.

Hy-Ko's Opposition carefully avoids any characterization of this prototype as a "beta version." To the contrary, Hy-Ko cryptically refers to the product as being "in commercial use" and "in the marketplace." *See* Hy-Ko Opp. at 13. The impression Hy-Ko attempts to give this Court does not square with the facts. In a moment of candor, Hy-Ko concedes that there is a single prototype in a single store "***for testing***." Hy-Ko Opp. at 4 (emphasis added). This is not a

commercial product. It is a non-commercial prototype being "tested." Assertions that this test product is commercialized are misleading.

Courts have rejected the notion that a covenant not to sue must include products being field tested. *See Amgen, Inc. v. Ariad Pharmaceuticals, Inc.*, 577 F. Supp. 2d 702, 710 (D. Del. 2008) (rejecting argument that "[c]ovenant is inadequate because it does not cover products [Amgen] is developing," including "drugs in 'ongoing clinical trials'"); *MedImmune v. Genetech, Inc.*, 535 F. Supp. 2d 1000, 1008-10 (C.D. Cal. 2008) (finding covenant to be sufficient to remove declaratory judgment jurisdiction despite the covenant not covering "the next generation" of the product at issue even when this "next generation" had completed clinical trials). Hy-Ko's own cited cases are inapplicable to this case and do not support its position that a test product confers declaratory judgment jurisdiction. Hy-Ko Opp. at 11.[1]

There is a common sense reason why test products need not be covered by a covenant and do not convey declaratory judgment jurisdiction. Namely, test products are subject to change. Indeed, this is undoubtedly why Hy-Ko's single prototype is being tested at a single location rather than being deployed on a commercial scale. It makes no sense to litigate infringement of the '747 patent by a test machine that is subject to modifications. Hy-Ko can challenge the validity of the '747 patent in the U.S. Patent Office through a reexamination proceeding, and its allegation that this procedure is inadequate is belied by the extensive use of

---

[1] The *SanDisk* case involved an oral statement (not a written covenant) that was made after a detailed infringement allegation was presented against the commercial product at issue. *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372 (Fed. Cir. 2007). The *FieldTurf* case involved a geographically limited covenant that covered only one specific location, again for a commercial product. *FieldTurf USA, Inc. v. Sports Construction Group, LLC*, 507 F. Supp. 2d 801 (N.D. Oh. 2007). The *Furminator* court found the covenant to be appropriate despite the fact that it did not cover the FurBuster product when no allegation of infringement had been made against that commercial product. *Furminator, Inc., v. Ontel Products. Corp.*, 246 F.R.D. 579 (E.D. Mo. 2007).

this procedure by others.  *See* Exhibit A (481 *ex parte* reexaminations were filed thus far in 2009, with the Patent Office historically granting reexaminations in 92% of such cases).

It also bears mentioning that Hy-Ko began field testing its single prototype machine ***after*** Hillman's covenant not to sue was proffered.  Despite Hy-Ko's claim that discovery has occurred, that discovery was limited to the fact that Hy-Ko was internally doing research on a prototype.  Hy-Ko has not disputed that (1) it redacted from its technical documents details of the new features of its prototype product (*see* Exhibit E to Hillman's motion), and (2) it did not offer this prototype for Hillman's Rule 34 machine inspection.  Indeed, it was only on September 4, 2009 in connection with the present motion that Hy-Ko offered to provide discovery on this test machine.  It is inconsistent for Hy-Ko to argue that this prototype test product has been at issue in this case when it has not provided Hillman with discovery of any technical features of that prototype.

Hillman has not seen Hy-Ko's new prototype and does not know what additional features have been added.  From Hy-Ko's description, it appears that significant features have been added to the key identification system.  Hillman has never accused this new prototype having these unseen features of infringing the '747 patent.  There is a single non-commercial prototype being field tested in a single location, and this occurred after Hillman's covenant not to sue was proffered.  Hy-Ko's opposition cannot change these facts.

Hy-Ko is asking for an advisory opinion with respect to a product it apparently is in the process of developing.  There simply is no declaratory judgment jurisdiction for the '747 patent.  Even assuming *arguendo* that there was, this is a textbook example of a situation where the Court should use its discretion to decline to hear Hy-Ko's declaratory judgment action.

3

Hillman's motion does not constitute gamesmanship designed to put Hy-Ko at risk ─ rather it is a genuine effort to expeditiously resolve existing legal disputes between the parties.

September 11, 2009

Respectfully submitted,

*/s/ Daniel F. Gourash*
DANIEL F. GOURASH
   *dfgourash@sseg-law.com*
**SEELEY, SAVIDGE, EBERT & GOURASH**
26600 Detroit Road
Westlake, OH  44145
(216) 566-8200

CHRISTOPHER P. ISAAC
   *chris.isaac@finnegan.com*
**FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP**
Two Freedom Square
11955 Freedom Drive
Reston, VA  20190
Telephone:  (571) 203-2700
Fax:  (202) 408-4400

*Attorneys for Defendant The Hillman Group, LLC*

4

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was electronically filed on September 11, 2009.  A copy of the same will be served on counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.

>*/s/ Daniel F. Gourash*
>*One of the Attorneys for Defendant The Hillman Group, LLC*