September 15, 2009
IT IS SO ORDERED.
s/David D. Dowd, Jr.
U.S. District Judge

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HY-KO PRODUCTS COMPANY, *et al.*,** | CASE NO. 5:08cv1961 |
| Plaintiffs, | |
| v. | **JUDGE DOWD** |
| **THE HILLMAN GROUP, INC.,** | |
| Defendant. | **PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY** |

In reply to Hy-Ko Products Company and Aurora Properties Holding Company, LLC's (collectively, "Hy-Ko's") opposition to The Hillman Group, Inc. ("Hillman's") Motion to Dismiss Hy-Ko's Declaratory Judgment Claims Relating to the '747 Patent, Hillman's new reliance on so-called "beta" testing in connection with pharmaceutical products is entirely misplaced.  The 1984 Hatch-Waxman Act, 35 U.S.C. § 271(e)(1), provides a particular "safe harbor" from claims of patent infringement based on activities related to the pursuit of FDA approval of drug products.

Hillman's use of pharmaceutical cases to support its assertions of patent infringement law for "beta" testing in the context of this case, one that does not involve the Hatch-Waxman Act or drug products, is thus inapplicable.  A surreply is appropriate since Hy-Ko has not had an opportunity to respond previously because Hillman only made its "beta" testing argument using pharmaceutical cases for the first time in its reply.  *See Whiteside v. Parrish*, No. 05-280, 2007 U.S. Dist. LEXIS 53373, at *1-2 (S.D. Ohio July 24, 2007) (granting leave to file surreply to address argument opponent raised for first time in reply brief) (attached as Exh. A).  Hy-Ko

therefore respectfully asks this Court for leave to file a surreply[1] so that Hy-Ko has a fair opportunity to respond to Hillman's misleading use of patent infringement law in the context of pharmaceutical products.

This Motion is submitted to allow Hy-Ko the opportunity to address new and misleading arguments presented by Hillman and is not interposed for purposes of delay.  For the reasons above, Hy-Ko respectfully requests that this Motion be granted and the attached Surreply be deemed filed.

                Respectfully Submitted,

/s/ Gary L. Walters
STEVEN S. KAUFMAN (0016662)
   *Steven.Kaufman@ThompsonHine.com*
O. JUDSON SCHEAF, III (0040285)
   *Judson.Scheaf@ThompsonHine.com*
MEGAN D. DORTENZO (0079047)
   *Megan.Dortenzo@ThompsonHine.com*
GARY L. WALTERS (0071572)
   *Gary.Walters@ThompsonHine.com*
HOLLY H. ARMSTRONG (0084054)
   *Holly.Armstrong@ThompsonHine.com*
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, OH  44114
Telephone: (216) 566-5500
Fax: (216) 566-5800

*Attorneys for Plaintiffs Hy-Ko Products Company*
*& Aurora Properties Holding Company, LLC*

---

[1] Hy-Ko's proposed surreply is attached hereto as Exhibit B.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Plaintiffs' Motion for Leave to File Surreply was electronically filed on September 14, 2009.  A copy of the same will be served on counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.

 /s/ Gary L. Walters
*One of the Attorneys for Hy-Ko Products Company and Aurora Properties Holding Company, LLC*