DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| Hy-Ko Products Company, et al., | ) | CASE NO. 5:08 CV 1961 |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) | <u>MEMORANDUM OPINION AND</u> |
| v. | ) | <u>ORDER</u> |
|  | ) |  |
| The Hillman Group, Inc., | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

## I.  INTRODUCTION

In this patent action, plaintiffs Hy-Ko Products Company (Hy-Ko) and Aurora Properties Holding Company, LLC (Aurora) seek declaratory judgment that U.S. Patent Nos. 6,064,747 (the '747 Patent)[1] and 7,114,894 (the '894 Patent),[2] both owned by defendant Hillman Group, Inc., (Hillman), are invalid and unenforceable as a matter of law, and that plaintiffs do not infringe any valid claim of either patent.  ECF 37.  Hillman's four count counterclaim asserts that both Hy-Ko and Aurora infringe the '747 and '894 Patents.  ECF 38.

According to plaintiffs' second amended complaint, plaintiff Hy-Ko supplies numbers, letters, sign, keys and accessories to the retail marketplace, including buying cooperatives, home centers, and mass merchants.  The Hy-Ko products at issue in this case are key cutting devices which duplicate keys for consumers, known as model KZA-100 and KZA-200 (collectively,

---

[1] The '747 Patent claims a method and apparatus for using light to identify a key for duplication.

[2] The '894 Patent claims a key cutting machine for key duplication.

(5:08 CV 1961)

KZA devices).  There are approximately 116 KZA devices in the marketplace.  Plaintiff Aurora is a limited liability company that owns the KZA devices, which are leased to Hy-Ko.

Defendant Hillman is also a supplier to the retail marketplace of keys and accessories, as well as hardware and other products.  Hillman claims the KZA devices infringe its '894 and '747 Patents.

The case management and procedural issues in this case have been complex and lengthy. The Court ultimately issued its Claims Construction Opinion and Order (ECF 180), and this case moved to the dispositive motion stage.  The Court previously issued its memorandum opinion denying plaintiff Aurora's motion for summary judgment that the '747 and '894 Patents are invalid as a matter of law.  ECF 267.

Now pending before the Court are plaintiff Hy-Ko's (ECF 241) and defendant Hillman's (ECF 226) cross motions for summary judgment on the question of whether plaintiffs' KZA devices infringe Hillman's '747 and '894 Patents.  The motions are fully briefed.[3]

For the reasons contained herein, Hillman's and Hy-Ko's motions for summary judgment on infringement of the '747 and '894 Patents are DENIED.

---

[3] *See* ECF 249, 252, 254 and 257.

2

(5:08 CV 1961)

## II.  LAW AND ANALYSIS

A.    <u>Rule 56 Summary Judgment Standard</u>

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a).  When considering a motion for summary judgment, "the inferences to be drawn from the underlying facts contained in [affidavits, pleadings, depositions, answers to interrogatories, and admissions] must be viewed in the light most favorable to the party opposing the motion."  *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  However, the adverse party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

The threshold inquiry for the Court is whether there is the need for a trial; that is, whether there is a genuine dispute as to any material fact that can be resolved only by a finder of fact because the dispute may reasonably be resolved in favor of either party.  *Anderson v. Liberty Lobby*, 477 U.S. at 250.  Put another way, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id*. at 251-52.  *See also Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 578 (6th Cir. 2003) ("[t]he conflicting proof and the inferences that can be drawn therefrom raise genuine issues of material fact that preclude the grant of summary judgment").

(5:08 CV 1961)

B.    Patent Infringement

Infringement analysis is a two step process.  The first step requires the Court to determine the meaning and scope of the patent claims asserted to be infringed.  Claim construction is a question of law, and the Court has issued its claims construction opinion.  *Monsanto Co. v. Syngenta Seeds, Inc.,* 503 F.3d 1352, 1356 (Fed Cir. 2007); ECF 180.

The second step requires comparing the asserted claims as construed by the Court with the devices accused of infringement.  Determining infringement of the accused devices on the construed claims, whether literal or under the doctrine of equivalents, is a question of fact.  *Id.* (citing *Optical Disc Corp. v. DelMar Avionics,* 208 F.3d 1324, 1333-34 (Fed. Cir. 2000); *Bai v. L & L Wings, Inc.*, 160 F.3d 1350, 1353 (Fed. Cir. 1998)).

C.    Analysis

Similar to the parties' respective views regarding the facts advanced on the issue of validity, the parties dispute genuine issues of material fact with respect to infringement.  These disputes include the characteristics and  operation of the KZA devices, the technology taught by the '747 and '894 Patents, and expert credibility.  Such fact disputes and credibility determinations preclude summary judgment on the question of infringement in this case.

The Court notes that the parties also disagree about the appropriate law to applicable to the infringement analysis.  This will be determined by the Court in the context of its instructions to the jury.

(5:08 CV 1961)

## III.  CONCLUSION

For the reasons contained herein, Hillman's motion for summary judgment of literal infringement (ECF 226) is DENIED.  Further for the reasons contained herein, Hy-Ko's motion for summary judgment of non-infringement (ECF 241) is DENIED.

IT IS SO ORDERED.


  September 25, 2012                          s/ David D. Dowd, Jr.
Date                                     David D. Dowd, Jr.
                                         U.S. District Judge

5